**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| IN RE MYLAN N.V. SECURITIES LITIGATION | Master File No. 2:20-cv-00955-NR <br><br> <u>CLASS ACTION</u> <br><br> **Electronically Filed** |

<u>**LEAD PLAINTIFF'S RESPONSE TO DEFENDANTS' NOTICE**</u>
<u>**OF SUPPLEMENTAL AUTHORITY**</u>

Lead Plaintiff respectfully submits this response to Defendants' Notice of Supplemental

Authority (ECF No. 60) regarding the decision in *Industriens Pensionsforsikring A/S v. Becton,*

*Dickinson & Co.*, No. 2:20-cv-02155-SRC-CLW, 2021 WL 4191467 (D.N.J. Sept. 15, 2021).

Defendants' reliance on *Becton* is misplaced.  *First*, Defendants, yet again, misstate and

inappropriately attempt to reframe Plaintiff's case. Plaintiff's case is ***not*** about a standalone duty

to disclose a single Form 483.  Rather, Plaintiff alleges that Defendants concealed serious,

pervasive, and well-documented CGMP violations, including data fraud, while affirmatively

representing that Mylan maintained "stringent" CGMP and quality control compliance that met or

"exceed[ed]" regulatory standards around the world and "ensure[d] quality and integrity of

products, start to finish." *See* ECF No. 48 at 13-38; *see also, e.g.*, ECF No. 39 at ¶¶ 255, 257, 259,

261, 263, 265, 268, 272, 274, 282, 285, 288, 294, 300 (alleging Defendants concealed that

"Mylan's facilities, including its flagship Morgantown facility, were rife with serious, repeat

CGMP and data integrity violations, including widespread 'testing into compliance.'").

*Second*, Defendants' assertion that *Becton* held that defendants are categorically "not

required to disclose Form 483s as a matter of law" is also incorrect.  ECF No. 60 at 1.  While the

*Becton* court held that there was no "standalone obligation" to disclose the Form 483 that the

corporate defendant received in that case, the court nevertheless explained that a "failure to disclose" a Form 483 is actionable where, as here, "its disclosure is necessary to remediate otherwise misleading statements." *Becton*, 2021 WL 4191467, at \*12 n.18. Indeed, as Defendants recognize, the *Becton* court relied on *Schaeffer v. Nabriva Therapeutics plc*, 2020 WL 7701463 (S.D.N.Y. Apr. 28, 2020), which held that "[t]he *large number of decisions denying motions to dismiss Section 10(b) claims involving Forms 483* bolsters the conclusion that Forms 483 may be material depending on the circumstances alleged." *Id*. at \*8.[1] Indeed, *Schaeffer* noted that the only Court of Appeals to address the issue held, based on an extensive survey of the case law, that "the issuance of Form 483s may render a defendant's statement about its compliance with FDA regulations or cGMP false, or at least misleading . . . depending on a number of factors, including the number, severity, and pervasiveness of objectionable conditions noted, as well as whether a company has failed to address or correct the deficiencies noted by the FDA." *Id.* (quoting *Pub. Pension Fund Grp. v. KV Pharm. Co.*, 679 F.3d 972, 982-84 (8th Cir. 2012)) (holding that because "the investors' complaint pleads numerous, severe, and pervasive objectionable conditions which were outlined in the Form 483s. . . . the investors' complaint adequately sets forth the reasons why KV's statements about its compliance with FDA regulations and cGMP were false, or at least misleading").[2]

Here, Plaintiff alleges severe, pervasive and "egregious" CGMP and data integrity violations confirmed by numerous corroborating sources, including formal FDA findings in

---

[1] Unless otherwise noted: (i) all emphasis is added; and (ii) all internal citations are omitted.

[2] *KV Pharm* "reject[ed]" the same "per se rule, holding a company's receipt of Form 483s never renders statements about material compliance with FDA regulations or cGMP false or misleading" that Defendants press here. *KV Pharm.*, 679 F.3d at 981. The court recognized the "issuance of a Form 483 represents a risk that the FDA may take corrective action against a company, and thus a company is obligated to assess the seriousness of the risk and disclose such information to potential investors if it also represents it is in compliance with FDA regulations and cGMP." *Id.* at 982.

warnings letters and Form 483s, documented meetings and communications with Mylan executives, first-hand accounts of former Mylan employees, and facts from an independent investigation by an award-winning journalist.  *See* ECF No. 39 at ¶¶ 85-177.

*Third*, the alleged facts and theories of liability in *Becton* are fundamentally different from those at issue here.  The plaintiff in *Becton* alleged that the defendant medical device company's statements concerning product software updates, earnings guidance, and risk disclosures were misleading because it failed to "*predict*—and disclose that *prediction*" that the FDA "would require" it to submit a new medical device application to address defects to one of its products. *Becton*, 2021 WL 4191467, at \*11.  The court held that the alleged statements were not actionable because the FDA was well-aware of the alleged defects, yet there were no allegations that the FDA actually directed the defendant to file a new application during the class period. *Id.* at \*12. Here, Plaintiff alleges that Defendants' statements touting Mylan's quality control processes were misleading because they failed to disclose *presently existing* "egregious" and "repeated" CGMP and data integrity violations that the FDA ordered Mylan to remediate, and that Defendants continued to commit in an effort to deceive the FDA so as to maximize profits.  *See* ECF No. 48 at 14-18; *see also, e.g.*, ECF No. 39 at ¶¶ 106-07, 145, 153-62, 164, 257, 268, 274, 300.

*Fourth*, Defendants incorrectly argue that the *Becton* court rejected the doctrine of corporate scienter (which concerns the imputation of an agent's mental state to a corporate defendant) —the court did no such thing.  Rather, the *Becton* court simply recited the unremarkable proposition that in evaluating a corporate defendant's scienter, the court may "look to the state of mind of the individual corporate official or officials who make or issue the statement." *Becton*, 2021 WL 4191467, at \*17 (quoting *City of Roseville Emps.' Ret. Sys. v. Horizon Lines, Inc.*, 713 F. Supp. 2d 378, 402 (D. Del. 2010)).  But, that is not contrary to—and has been supplemented

3

by—more recent authority in this Circuit adopting an expansive approach to corporate scienter. *See In re Cognizant Tech. Sols. Corp. Sec. Litig.*, 2018 WL 3772675, at *33-34 (D.N.J. Aug. 8, 2018); *see also* ECF Nos. 53, 58. As to scienter more generally, the *Becton* court simply held that the plaintiff did not plead sufficient facts to support a strong inference of scienter. For the reasons stated in its opposition, ECF No. 48 at 43-59, Plaintiff here pleads ample support for a finding of scienter, including Defendants' direct knowledge of widespread CGMP violations; documented FDA warning letters, meetings with executives and repeated Form 483s; facts reported by former Mylan employees; and repeated illegal misconduct spanning years at Mylan's core operation facility.

Dated: October 4, 2021                              Respectfully submitted,

                                                    */s/ Andrew L. Zivitz*
                                                    Andrew L. Zivitz (PA I.D. # 76554) (admitted *Pro Hac Vice*)
                                                    David A. Bocian (PA I.D. # 315542) (admitted *Pro Hac Vice*)
                                                    Nathaniel C. Simon (PA I.D. # 326467)
                                                    **KESSLER TOPAZ MELTZER & CHECK, LLP**
                                                    280 King of Prussia Road
                                                    Radnor, PA 19087
                                                    Tel.: (610) 667-7706
                                                    Fax: (610) 667-7056
                                                    azivitz@ktmc.com
                                                    dbocian@ktmc.com
                                                    nsimon@ktmc.com

                                                    -and-

                                                    Eli R. Greenstein (admitted *Pro Hac Vice*)
                                                    **KESSLER TOPAZ MELTZER & CHECK, LLP**
                                                    One Sansome Street, Suite 1850
                                                    San Francisco, CA 94104
                                                    Tel: (415) 400-3000
                                                    Fax: (415) 400-3001

egreenstein@ktmc.com

**BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP**
Katherine M. Sinderson (admitted *Pro Hac Vice*)
Abraham Alexander (admitted *Pro Hac Vice*)
Kate W. Aufses (admitted *Pro Hac Vice*)
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1448
KatieM@blbglaw.com
Abe.alexander@blbglaw.com
Kate.aufses@blbglaw.com

*Counsel for Lead Plaintiff and
Lead Counsel for the Class*

**WEISS BURKARDT KRAMER LLC**
M. Janet Burkhardt (PA I.D. #85582)
445 Fort Pitt Boulevard, Suite 503
Pittsburgh, PA 15219
Tel.: (412) 391-9890
Fax: (412) 391-9685
jburkardt@wbklegal.com

*Liaison Counsel for Lead Plaintiff*

5

## <u>CERTIFICATE OF SERVICE</u>

I, Andrew L. Zivitz, herby certify that on October 4, 2021, I caused a true and correct copy of the foregoing to be filed electronically with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to counsel of record by operation of the Court's CM/ECF automated filing system.

*/s/ Andrew L. Zivitz*
Andrew L. Zivitz