**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| IN RE MYLAN N.V.<br>SECURITIES LITIGATION | Master File No. 2:20-cv-00955-NR |

**DEFENDANTS' REPLY TO LEAD PLAINTIFF'S RESPONSE
TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

*In re Peabody Energy Corporation Securities Litigation*, 2022 WL 671222 (S.D.N.Y. Mar. 7, 2022), like many decisions, dismissed aspirational statements concerning safety and compliance as non-actionable puffery.  ECF No. 62; *see* ECF No. 46 ("MTD") at 35-38; ECF No. 54 ("Reply") at 9-12.  Plaintiff claims *Peabody* is distinguishable because it only dismissed aspirational statements about what "Peabody ***hoped*** to do" with respect to safety, whereas Mylan made more "concrete, detailed, and specific statements about what Mylan ***was*** purportedly doing to ensure its drugs were safe[.]"  ECF No. 63 at 1.  Not so.

*First*, many of the statements Plaintiff challenges here are virtually identical to the statements dismissed as "non-actionable puffery" in *Peabody*.  For example, Mylan's statements that it "is committed to maintaining the highest quality manufacturing standards" (¶ 297)[1] and that it is "dedicated to continually enhancing our systems . . . to ensure sustainable quality" (¶ 279) are indistinguishable from Peabody's statements regarding its "commitment to ensuring safe and productive environments" and "constant vigilance toward safety."  2022 WL 671222, at *13; *see also* MTD at 35-38; Reply at 9-12 (discussing similar challenged statements).

*Second*, although Plaintiff claims that Mylan's aspirational statements were more

---

[1] "¶ _" refers to a paragraph in the Consolidated Class Action Complaint, ECF No. 39.

"concrete, detailed, and specific" than those in *Peabody*, the examples it cites—"advanced" compliance mechanisms, "start to finish" product reviews, "state-of-the-art" monitoring systems, and "stringent" standards (ECF No. 63 at 1-2)—provide *no* concrete, detailed, or specific facts. Vague superlatives describing compliance efforts are immaterial as a matter of law. *In re Aetna, Inc. Sec. Litig.*, 617 F.3d 272, 283-84 (3d Cir. 2010); *see also* MTD at 33-35; Reply at 9-11.

*Third*, *Peabody* held that even aspirational statements that "reference specific facts" are not actionable where the facts themselves are not alleged to be false. 2022 WL 671222, at *14 (referencing "specific safety record"). As in *Peabody*, Plaintiff does not allege that the facts Mylan referenced to illustrate its commitment to compliance were false,[2] *e.g.*, that the referenced mechanisms or monitoring systems did not exist. Instead, it asserts Mylan "**systematically bypassed** those testing and monitoring systems[.]" ECF No. 63 at 2. But as Mylan demonstrated, this assertion is based on allegations that do not come close to satisfying the PSLRA's heightened pleading standards. MTD at 12-23.[3] Plaintiff's unsupported claim of systematic circumvention of compliance measures is intended to bring this case within the rubric of *Howard v. Arconic Inc.*, 2021 WL 2561895 (W.D. Pa. June 23, 2021) ("*Arconic II*"). In that case, the court held that

---

[2] Plaintiff cites dicta in *Peabody* that cites to dicta in *Abramson* for the proposition that "puffery may be actionable if the declarant knew the contrary to be true[.]" ECF No. 63 at 3 n.2; *Peabody*, 2022 WL 671222, at *12 (citing *Abramson v. Newlink Genetics Corp.*, 965 F.3d 165, 173 n.25 (2d Cir. 2020)). *Abramson* relies on *Novak v. Kasaks*, 216 F.3d 300 (2d Cir. 2000). But *Novak* instead confirmed that "expressions of optimism[] and other puffery are insufficient" to state a claim and merely acknowledged that "defendants may be liable for misrepresentations *of existing facts* . . . [if] they allegedly knew that the contrary was true." *Novak*, 216 F.3d at 315 (emphasis added). In this Circuit, vague aspirational statements or superlatives regarding compliance efforts are immaterial as a matter of law, without regard to scienter. *Aetna*, 617 F.3d at 283-84. In any event, Plaintiff fails to show scienter. MTD at 47-60; Reply at 22-30.

[3] Notably, the compliance-related statements in *Peabody* were not actionable despite generalized allegations that "safety issues" at a mine that "was of critical importance," were "well-known" or raised during internal "audits"—allegations similar to the insufficient CW allegations here. *Peabody*, 2022 WL 671222, at *14; MTD at 17. Imperfect compliance does not render aspirational statements false or misleading. MTD at 38-39; Reply at 11-12.

certain statements concerning safety and compliance were actionable because they were part and parcel of a deliberate, decade-long effort to conceal regulators' determination that products were not flame-resistant—an intentional scheme which led to the construction of hundreds of unsafe buildings and, ultimately, a tragic fire. *Arconic II*, 2021 WL 2561895, at *11-12; *see also* ECF No. 59.[4]  No such facts are alleged here.  MTD at 35-38; Reply at 10-13.  Instead, Mylan warned investors of compliance-related risks and timely disclosed all official FDA notices of non-compliance.  MTD at 6-10, 24-25, 29; Reply at 7.  Challenges to aspirational compliance statements accompanied by such candid warnings and disclosures "do not plausibly state a claim of securities fraud." *Peabody*, 2022 WL 671222, at *14; MTD at 31-33, 38 n.20, Reply at 11-12.

Finally, Plaintiff points out that *Peabody* sustained non-compliance related statements: the company reported "elevated gas levels" at its mine but failed to disclose that there was billowing smoke defendants knew likely signified a fire (which ultimately put the mine out of operation).  ECF No. 63 at 3.  Plaintiff attempts to analogize this deliberate concealment of the existence of a catastrophic fire to Mylan's disclosures regarding compliance challenges at its Morgantown plant. *Id.*  The more apt comparison is to the *Peabody* defendants' statements *after* the fire was disclosed which, as with Mylan's statements about its Morgantown plant, reflected evolving forward-looking assessments about the nature, extent, timing, and cost of remediation. *Peabody*, 2022 WL 671222, at *15-20.  As here, with respect to Morgantown, such evolving assessments, accompanied by meaningful cautionary disclosures, "are non-actionable forward-looking statements and opinions." *Id.* at *17; *see also id.* at *15-20; MTD at 44 n.24.

---

[4] *See also* Reply at 9-10 (citing *Hall v. Johnson & Johnson*, 2019 WL 7207491, at *3 (D.N.J. Dec. 27, 2019) (compliance statements part of a decades-long, intentional coverup of  asbestos in baby powder) and *Allegheny County Employees' Retirement System v. Energy Transfer LP*, 2021 WL 1264027, at *14-16 (E.D. Pa. Apr. 6, 2021) (deliberate efforts to conceal numerous citations and criminal charges for unsafe practices that led to gas line explosion)).

Dated: April 25, 2022

Respectfully submitted,

By: /s/ *Nina F. Locker*
Nina F. Locker (*pro hac vice*)
Laurie B. Smilan (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI, P.C.
650 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 493-9300
Facsimile: (650) 493-6811
nlocker@wsgr.com
lsmilan@wsgr.com

Michael S. Sommer (*pro hac vice*)
Jessica L. Margolis (*pro hac vice*)
Sheryl Shapiro Bassin (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI, P.C.
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899
msommer@wsgr.com
jmargolis@wsgr.com
sbassin@wsgr.com

William Pietragallo, II (PA I.D. # 16413)
PIETRAGALLO GORDON ALFANO
BOSICK & RASPANTI, LLP
One Oxford Centre, 38th Floor
Pittsburgh, Pennsylvania 15219
Telephone: (412) 263-1818
Facsimile: (412) 263-4200
wp@pietragallo.com

*Counsel for Defendants Mylan N.V., Heather Bresch, Rajiv Malik, and Kenneth Parks*

4

## CERTIFICATE OF SERVICE

I, Nina F. Locker, attorney for Defendants, hereby certify that on this 25th day of April, 2022, I served a true and correct copy of Defendants' Reply to Lead Plaintiff's Response to Defendants' Notice of Supplemental Authority on all parties and/or their counsel via the Court's ECF electronic filing system.

Dated: April 25, 2022

Respectfully submitted,

By: /s/ *Nina F. Locker*
Nina F. Locker (*pro hac vice*)
Laurie B. Smilan (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI, P.C.
650 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 493-9300
Facsimile: (650) 493-6811
nlocker@wsgr.com
lsmilan@wsgr.com

Michael S. Sommer (*pro hac vice*)
Jessica L. Margolis (*pro hac vice*)
Sheryl Shapiro Bassin (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI, P.C.
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899
msommer@wsgr.com
jmargolis@wsgr.com
sbassin@wsgr.com

William Pietragallo, II (PA I.D. # 16413)
PIETRAGALLO GORDON ALFANO
BOSICK & RASPANTI, LLP
One Oxford Centre, 38th Floor
Pittsburgh, Pennsylvania 15219
Telephone: (412) 263-1818
Facsimile: (412) 263-4200
wp@pietragallo.com

*Counsel for Defendants Mylan N.V., Heather Bresch, Rajiv Malik, and Kenneth Parks*