**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE MYLAN N.V. SECURITIES LITIGATION | Master File No. 2:20-cv-00955-NR <br><br> CLASS ACTION <br><br> **Electronically Filed** |

**LEAD PLAINTIFF'S RESPONSE TO DEFENDANTS'**
**NOTICE OF SUPPLEMENTAL AUTHORITY**

Lead Plaintiff respectfully submits this response to Defendants' Notice of Supplemental Authority (ECF No. 81) regarding the recent decision in *Wu v. GSX Techedu Inc.*, No. 20-4457 (ES) (JRA), 2023 WL 2207422 (D.N.J. Feb. 24, 2023). Defendants' reliance on *GSX* is misplaced.

First, the district court's *GSX* opinion does not alter the landscape of scienter jurisprudence. The district court applied the same standard from *Tellabs* and *Avaya* cited in Plaintiff's brief, which requires that "scienter [be] assessed holistically" based "on the entirety of the complaint." *Id.* at \*12 n.11 (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 325 (2007) and noting that "*Tellabs* and *Avaya* [] changed the legal landscape for alleging scienter"); *see also* ECF No. 48 at 44 (the scienter analysis "ultimately rest[s] not on the presence or absence of certain types of allegations but on a practical judgment about whether, accepting the whole factual picture painted by the [c]omplaint, it is at least as likely as not that defendants acted with scienter.") (quoting *Institutional Invs. Grp. v. Avaya, Inc.*, 564 F.3d 242, 269 (3d Cir. 2009)) (emphasis added).

Second, although the district court held that the scienter allegations in *GSX*, i.e., the defendants' positions within the company, the magnitude of the fraud, and that the fraud impacted GSX's core business, did not support a strong inference of scienter "without more", the district

court acknowledged that such allegations are properly credited when combined with other allegations of scienter. *GSX*, 2023 WL 2207422, at *14 ("a person's status as a corporate officer, <u>when considered alongside other allegations</u>, can support an inference that this person is familiar with the company's most important operations …") (citation omitted and emphasis added). Unlike the plaintiffs in *GSX*, Plaintiff pleads those other allegations here. *Compare e.g.* ECF No. 48 at 44-49 (scienter allegations based on Defendants' knowledge of facts and access to information concerning the fraud), 51-52 (scienter allegations based on the duration of the violations at-issue), 52-54 (scienter allegations based on widespread knowledge of the fraud within Mylan) *with GSX*, 2023 WL 2207422, at *14 ("Unlike in *Avaya* and *Hall*, [the] [p]laintiffs here do not allege particularized facts to show how the Individual Defendants <u>would have been made aware</u> of the alleged fraudulent scheme.") (emphasis added). As such, *GSX* supports finding that Plaintiff alleges a strong inference of scienter in this matter.

For the reasons stated above, and in Lead Plaintiff's previous submissions in opposition to Defendants' motion to dismiss, Defendants' motion should be denied.

Dated: March 8, 2023                    Respectfully submitted,

<div style="margin-left: 40%">

<u>/s/ Colin J. Callahan</u>
Colin J. Callahan (P.A. ID# 328033)
**FLANNERY GEORGALIS, LLC**
707 Grant Street, Ste. 2750
Pittsburgh, PA 15219
(412) 339-1336
ccallahan@flannerygeorgalis.com

*Liaison Counsel for Lead Plaintiff*

</div>

2

Andrew L. Zivitz (PA I.D. # 76554)
David A. Bocian (PA I.D. # 315542)
Alex B. Heller (PA I.D. # 321134)
(*Pro Hac Vice* forthcoming)
Nathaniel C. Simon (PA I.D. # 326467)
**KESSLER TOPAZ**
**MELTZER & CHECK, LLP**
280 King of Prussia Road
Radnor, PA 19087
Tel.: (610) 667-7706
Fax: (610) 667-7056
azivitz@ktmc.com
dbocian@ktmc.com
aheller@ktmc.com
nsimon@ktmc.com

Salvatore J. Graziano (admitted *Pro Hac Vice*)
Katherine M. Sinderson (admitted *Pro Hac Vice*)
Abraham Alexander (admitted *Pro Hac Vice*)
Kate W. Aufses (admitted *Pro Hac Vice*)
**BERNSTEIN LITOWITZ BERGER**
**& GROSSMANN LLP**
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1448
salvatore@blbglaw.com
katiem@blbglaw.com
abe.alexander@blbglaw.com
kate.aufses@blbglaw.com

Caitlin Bozman (admitted *Pro Hac Vice*)
**BERNSTEIN LITOWITZ BERGER**
**& GROSSMANN LLP**
2121 Avenue of The Stars, Ste 2575
Los Angeles, CA 90067
Telephone: (310) 819-3470
caitlin.bozman@blbglaw.com

*Counsel for Lead Plaintiff and*
*Lead Counsel for the Class*

**<u>CERTIFICATE OF SERVICE</u>**

I, Colin J. Callahan, herby certify that on March 8, 2023, I caused a true and correct copy of the foregoing to be filed electronically with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to counsel of record by operation of the Court's CM/ECF automated filing system.

/s/ Colin J. Callahan
Colin J. Callahan