**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE MYLAN N.V.<br>SECURITIES LITIGATION | Master File No. 2:20-cv-00955-NR |

**DEFENDANTS' ANSWER TO CONSOLIDATED CLASS ACTION COMPLAINT**

Defendants Mylan N.V. ("Mylan"),[1] Heather Bresch, Rajiv Malik, and Kenneth Parks (collectively, "Individual Defendants" and together with Mylan, "Defendants"), by and through their undersigned counsel, hereby answer Plaintiff's Consolidated Class Action Complaint, filed November 13, 2020, Dkt. No. 39 (the "Complaint").[2]

## GENERAL DENIAL

To the extent that the paragraphs in the Complaint are grouped under headings and subheadings, Defendants respond generally that the headings and subheadings do not constitute factual averments, and thus the headings and subheadings are not included herein. To the extent that a response is deemed necessary, Defendants deny each and every heading and subheading in the Complaint.

Except as expressly admitted herein, Defendants deny each and every allegation of the Complaint, including, without limitation, all allegations and/or statements in the "glossary of key terms," "appendix," numbered paragraphs, footnotes, and the prayer for relief. Defendants also deny any liability to Plaintiff and further deny that Plaintiff has suffered any legally cognizable damages for which any Defendant is responsible. Further, the Court's Opinion and Order, dated May 18, 2023 (Dkt. Nos. 88 and 89, collectively, the "Opinion and Order") granted in part and denied in part Defendants' motion to dismiss the Complaint. In doing so, the Court found all but one allegedly false or misleading statement, in a portion of paragraph 299 of the Complaint, to be insufficiently pled. Thus no response is required with respect to the allegations of paragraphs of

---

[1] In November 2020, Mylan merged with Pfizer Inc.'s Upjohn Business, resulting in the new entity Viatris Inc. This Answer refers to the Mylan business—as it existed during the alleged Class Period—as Mylan.

[2] Unless otherwise indicated, all capitalized terms used, but not defined herein, shall have the meanings ascribed to them in the Complaint. References to Defendants' answer to Plaintiff's Consolidated Class Action Complaint will be referred to as the "Answer."

the Complaint that are not related to the one remaining challenged statement.  Further, Defendants state that the Court's May 18, 2023 Opinion and Order dismissed all claims and allegations regarding all challenged statements other than a portion of the statement referenced in paragraph 299 of the Complaint, and thus no response is required with respect to the allegations of paragraphs of the Complaint that are not related to the one remaining challenged statement.

In addition, the Opinion and Order found all claims under Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and SEC Rule 10b-5 thereunder, against the Individual Defendants, to be insufficiently pled.  To the extent that a response is deemed necessary, the Individual Defendants respond only with respect to allegations against them pertaining to Section 20(a) of the Exchange Act.

While Defendants' responses point to various potential sources of statements to the extent that the allegations purport to quote and/or characterize information or statements contained in them, Defendants do not concede the accuracy of those statements.

Defendants hereby incorporate their General Denial into each and every answer to the allegations in the numbered paragraphs of the Complaint.  To the extent that Defendants reiterate certain of these general objections in response to particular numbered paragraphs, they do so only for emphasis.

### ANSWERS TO COMPLAINT PARAGRAPHS

Defendants further answer the numbered paragraphs in the Complaint as follows:

1. Defendants state that the Court's May 18, 2023 Opinion and Order dismissed all claims and allegations regarding all challenged statements other than a portion of the statement referenced in paragraph 299 of the Complaint, and thus no response is required with respect to the allegations of paragraph 1 of the Complaint that are not related to the one remaining

2

challenged statement.  To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 1 purport to quote and/or characterize information or statements contained in or made during (i) Mylan's "Quality" and "Generic Products" website pages, (ii) Mylan's May 23, 2017 Proxy Statement on Schedule 14A, (iii) a session of the 36th Annual J.P. Morgan Healthcare Conference on January 9, 2018, and/or (iv) the Form 483 issued by the FDA, on November 18, 2016, concerning the Mylan Pharmaceuticals Inc. manufacturing facility in Morgantown, West Virginia ("2016 Form 483"), the website pages, proxy statement, conference transcript, and 2016 Form 483 speak for themselves, and Defendants respectfully refer to those documents for their true and correct contents.  Defendants deny that Plaintiff's selective description of information or statements contained in or made during (i) Mylan's "Quality" and "Generic Products" website pages, (ii) Mylan's May 23, 2017 Proxy Statement on Schedule 14A, (iii) a session of the 36th Annual J.P. Morgan Healthcare Conference on January 9, 2018, and/or (iv) the 2016 Form 483 is complete or presented with full context, and deny Plaintiff's characterization of the information.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the contents of unidentified "whistleblowers['], Company employees['], and [] FDA" employees' statements and, on that basis, deny the allegations. Defendants are without knowledge or information sufficient to form a belief as to whether investors were "assured" and, on that basis, deny the allegations.

Defendants admit that Plaintiff has filed this action against Defendants.  Defendants also admit that Heather Bresch was CEO of Mylan Inc. (and after February 26, 2015, Mylan N.V.) beginning January 1, 2012, and that Rajiv Malik was President of Mylan Inc. (and after February

3

26, 2015, Mylan N.V.) beginning January 1, 2012 and President of Viatris Inc. beginning November 2020.  Defendants otherwise deny each and every allegation in paragraph 1.

2.    Defendants state that the Court's May 18, 2023 Opinion and Order dismissed all claims and allegations regarding all challenged statements other than a portion of the statement referenced in paragraph 299 of the Complaint, and thus no response is required with respect to the allegations of paragraph 2 of the Complaint that are not related to the one remaining challenged statement.  To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 2 purport to quote and/or characterize information or statements contained in FDA guidance and/or FDA regulations, the FDA guidance and regulations speak for themselves, and Defendants respectfully refer to those documents for their true and correct contents.  Defendants deny that Plaintiff's selective description of information or statements contained in FDA guidance and/or FDA regulations is complete or presented with full context, and deny Plaintiff's characterization of the information.

Defendants admit that, during the alleged Class Period, Mylan manufactured generic pharmaceutical products and that Mylan is subject to FDA regulations.  Defendants admit that compliance with applicable regulations is important to Mylan.  Defendants otherwise deny each and every allegation in paragraph 2.

3.    Defendants state that the Court's May 18, 2023 Opinion and Order dismissed all claims and allegations regarding all challenged statements other than a portion of the statement referenced in paragraph 299 of the Complaint, and thus no response is required with respect to the allegations of paragraph 3 of the Complaint that are not related to the one remaining challenged statement.  To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 3 purport to quote and/or characterize information or

4

statements contained in or made during (i) Mylan's "Quality" and "Generic Products" website pages, (ii) Mylan's May 23, 2017 Proxy Statement on Schedule 14A, (iii) Mylan's "Global Social Responsibility at Mylan 2016 Overview" publication, dated May 22, 2017, (iv) Mylan's "2017 Progress Report on Global Social Responsibility" publication, dated May 5, 2018, and/or (v) Mylan's Q1 2017 earnings call on May 10, 2017, the website pages, proxy statement, publications, and earnings call transcript speak for themselves, and Defendants respectfully refer to those documents for their true and correct contents. Defendants deny that Plaintiff's selective description of information or statements contained in or made during (i) Mylan's "Quality" and "Generic Products" website pages, (ii) Mylan's May 23, 2017 Proxy Statement on Schedule 14A, (iii) Mylan's "Global Social Responsibility at Mylan 2016 Overview" publication, dated May 22, 2017, (iv) Mylan's "2017 Progress Report on Global Social Responsibility" publication, dated May 5, 2018, and/or (v) Mylan's Q1 2017 earnings call on May 10, 2017 is complete or presented with full context, and deny Plaintiff's characterization of the information. Defendants are without knowledge or information sufficient to form a belief as to whether investors were "assured" and, on that basis, deny the allegations. Defendants admit that product quality and compliance with applicable regulations are important to Mylan. Defendants otherwise deny each and every allegation in paragraph 3.

4.      Defendants state that the Court's May 18, 2023 Opinion and Order dismissed all claims and allegations regarding all challenged statements other than a portion of the statement referenced in paragraph 299 of the Complaint, and thus no response is required with respect to the allegations of paragraph 4 of the Complaint that are not related to the one remaining challenged statement. To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 4 purport to quote and/or characterize information or

5

statements contained in or made during a session of the Goldman Sachs 37th Annual Global Healthcare Conference on June 7, 2016, the conference transcript speaks for itself, and Defendants respectfully refer to the conference transcript for its true and correct contents. Defendants deny that Plaintiff's selective description of information or statements contained in or made during a session of the Goldman Sachs 37th Annual Global Healthcare Conference on June 7, 2016 is complete or presented with full context, and deny Plaintiff's characterization of the information. Defendants otherwise deny each and every allegation in paragraph 4.

5. Defendants admit that Mylan has manufacturing facilities, including, during the alleged Class Period, a facility in Morgantown, West Virginia. Defendants otherwise deny each and every allegation in paragraph 5.

6. To the extent that the allegations contained in paragraph 6 purport to quote and/or characterize information or statements contained in the book titled *Bottle of Lies: The Inside Story of the Generic Drug Boom*, authored by Katherine Eban, the book speaks for itself, and Defendants respectfully refer to the book for its contents. Defendants deny that Plaintiff's selective description of information or statements contained in the book titled *Bottle of Lies* is complete or presented with full context, and deny Plaintiff's characterization of the information. Moreover, to the extent that Plaintiff relies on passages in *Bottle of Lies* that are based on accounts of unnamed sources, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations based on the unnamed sources on whom Ms. Eban purported to rely and, on that basis, deny the allegations. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the contents of unidentified "whistleblower" statements and, on that basis, deny the allegations. Defendants otherwise deny each and every allegation in paragraph 6.

7.      To the extent that the allegations contained in paragraph 7 purport to quote and/or characterize information or statements contained in a January 29, 2019 *Bloomberg Law* article titled "America's Love Affair With Cheap Drugs Has a Hidden Cost," authored by Anna Edney, the article speaks for itself, and Defendants respectfully refer to the article for its contents. Defendants deny that Plaintiff's selective description of information or statements contained in the January 29, 2019 *Bloomberg Law* article is complete or presented with full context, and deny Plaintiff's characterization of the information.  Moreover, to the extent that Plaintiff relies on passages in the January 29, 2019 *Bloomberg Law* article authored by Anna Edney that are based on accounts of unnamed sources, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations based on the unnamed sources on whom Ms. Edney purported to rely and, on that basis, deny the allegations.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning "the whistleblower complaint" and, on that basis, deny the allegations.  Defendants admit that during the alleged Class Period, Mylan had a manufacturing facility in Morgantown, West Virginia, and that on certain days in November 2016, FDA representatives inspected Mylan's Morgantown manufacturing facility.  Defendants otherwise deny each and every allegation in paragraph 7.

8.      To the extent that the allegations contained in paragraph 8 purport to quote and/or characterize information or statements contained in a January 29, 2019 *Bloomberg Law* article titled "America's Love Affair With Cheap Drugs Has a Hidden Cost," authored by Anna Edney, the article speaks for itself, and Defendants respectfully refer to the article for its contents. Defendants deny that Plaintiff's selective description of information or statements contained in the January 29, 2019 *Bloomberg Law* article is complete or presented with full context, and deny

Plaintiff's characterization of the information.  Moreover, to the extent that Plaintiff relies on passages in the January 29, 2019 *Bloomberg Law* article authored by Anna Edney that are based on accounts of unnamed sources, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations based on the unnamed sources on whom Ms. Edney purported to rely and, on that basis, deny the allegations.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the contents of unidentified "Former Employees[']" statements and, on that basis, deny the allegations.  Defendants admit that the FDA issued the 2016 Form 483 on November 18, 2016, and Defendants respectfully refer to the 2016 Form 483 for its true and correct contents. Defendants otherwise deny each and every allegation in paragraph 8.

9.      Defendants state that the Court's May 18, 2023 Opinion and Order dismissed all claims and allegations regarding all challenged statements other than a portion of the statement referenced in paragraph 299 of the Complaint, and thus no response is required with respect to the allegations of paragraph 9 of the Complaint that are not related to the one remaining challenged statement.  To the extent that a response is deemed necessary and to the extent that the allegations in paragraph 9 purport to quote and/or characterize information or statements contained on Mylan's "Generic Products" website page, the website page speaks for itself, and Defendants respectfully refer to the website page for its true and correct contents.  Defendants deny that Plaintiff's selective description of information or statements contained on Mylan's "Generic Products" website page is complete or presented with full context, and deny Plaintiff's characterization of the information.

To the extent that the allegations contained in paragraph 9 purport to quote and/or characterize information or statements contained in the book titled *Bottle of Lies: The Inside Story*

*of the Generic Drug Boom*, authored by Katherine Eban, the book speaks for itself, and

Defendants respectfully refer to the book for its contents.  Defendants deny that Plaintiff's

selective description of information or statements contained in the book titled *Bottle of Lies* is

complete or presented with full context, and deny Plaintiff's characterization of the information.

Moreover, to the extent that Plaintiff relies on passages in *Bottle of Lies* that are based on accounts

of unnamed sources, Defendants are without knowledge or information sufficient to form a belief

as to the truth of the allegations based on the unnamed sources on whom Ms. Eban purported to

rely and, on that basis, deny the allegations.  Defendants admit that the FDA issued the 2016 Form

483 on November 18, 2016, that representatives of Mylan met with representatives of the FDA in

or around April 2017, and that Mylan voluntarily recalled certain drugs during the alleged Class

Period.  Defendants otherwise deny each and every allegation in paragraph 9.

10.    Defendants state that the Court's May 18, 2023 Opinion and Order dismissed all

claims and allegations regarding all challenged statements other than a portion of the statement

referenced in paragraph 299 of the Complaint, and thus no response is required with respect to

the allegations of paragraph 10 of the Complaint that are not related to the one remaining

challenged statement.  To the extent that a response is deemed necessary and to the extent that

the allegations contained in paragraph 10 purport to quote and/or characterize information or

statements contained in or made during (i) Mylan's Q1 2017 earnings call on May 10, 2017, (ii)

the Warning Letter issued by the FDA, dated April 3, 2017, concerning the Mylan Laboratories

Limited manufacturing facility in Nashik, India ("Nashik Warning Letter"), and/or (iii) the 2016

Form 483, the earnings call transcript, Nashik Warning Letter, and 2016 Form 483 speak for

themselves, and Defendants respectfully refer to those documents for their true and correct

contents.  Defendants deny that Plaintiff's selective description of information or statements

9

contained in or made during (i) Mylan's Q1 2017 earnings call on May 10, 2017, (ii) the Nashik Warning Letter, and/or (iii) the 2016 Form 483 is complete or presented with full context, and deny Plaintiff's characterization of the information.  To the extent that the allegations contained in paragraph 10 purport to quote and/or characterize information or statements contained in the book titled *Bottle of Lies: The Inside Story of the Generic Drug Boom*, authored by Katherine Eban, the book speaks for itself, and Defendants respectfully refer to the book for its contents. Defendants deny that Plaintiff's selective description of information or statements contained in the book titled *Bottle of Lies* is complete or presented with full context, and deny Plaintiff's characterization of the information.  Moreover, to the extent that Plaintiff relies on passages in *Bottle of Lies* that are based on accounts of unnamed sources, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations based on the unnamed sources on whom Ms. Eban purported to rely and, on that basis, deny the allegations. Defendants admit that the FDA issued the Nashik Warning Letter, dated April 3, 2017, and the 2016 Form 483 on November 18, 2016.  Defendants otherwise deny each and every allegation in paragraph 10.

11.    Defendants state that the Court's May 18, 2023 Opinion and Order dismissed all claims and allegations regarding all challenged statements other than a portion of the statement referenced in paragraph 299 of the Complaint, and thus no response is required with respect to the allegations of paragraph 11 of the Complaint that are not related to the one remaining challenged statement.  To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 11 purport to quote and/or characterize information or statements contained in an April 20, 2018 *MetroNews* article titled "15 percent of Mylan workforce laid off at Morgantown plant," authored by MetroNews Staff, the article speaks for

itself, and Defendants respectfully refer to the article for its true and correct contents. Defendants deny that Plaintiff's selective description of information or statements contained in the April 20, 2018 *MetroNews* article is complete or presented with full context, and deny Plaintiff's characterization of the information.  Defendants admit that on April 20, 2018, Mylan announced the right-sizing of its Morgantown manufacturing facility.  Defendants otherwise deny each and every allegation in paragraph 11.

12.     To the extent that the allegations contained in paragraph 12 purport to quote and/or characterize information or statements contained in the book titled *Bottle of Lies: The Inside Story of the Generic Drug Boom*, authored by Katherine Eban, the book speaks for itself, and Defendants respectfully refer to the book for its contents.  Defendants deny that Plaintiff's selective description of information or statements contained in the book titled *Bottle of Lies* is complete or presented with full context, and deny Plaintiff's characterization of the information. Moreover, to the extent that Plaintiff relies on passages in *Bottle of Lies* that are based on accounts of unnamed sources, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations based on the unnamed sources on whom Ms. Eban purported to rely and, on that basis, deny the allegations.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the contents of unidentified "whistleblower" statements and, on that basis, deny the allegations.  To the extent that the allegations contained in paragraph 12 purport to characterize investors' state of mind, Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations and, on that basis, deny the allegations.  Defendants admit that during the alleged Class Period, Mylan had a manufacturing facility in Morgantown, West Virginia, and that on certain days in March and April 2018, FDA representatives inspected Mylan's

Morgantown manufacturing facility.  Defendants otherwise deny each and every allegation in paragraph 12.

13.     To the extent that the allegations contained in paragraph 13 purport to quote and/or characterize information or statements contained in (i) the 2016 Form 483, (ii) the Form 483 issued by the FDA, on April 12, 2018, concerning the Mylan Pharmaceuticals Inc. manufacturing facility in Morgantown, West Virginia ("2018 Form 483"), and/or (iii) the Warning Letter issued by the FDA, dated November 9, 2018, concerning the Mylan Pharmaceuticals Inc. manufacturing facility in Morgantown, West Virginia ("Morgantown Warning Letter"), the 2016 and 2018 Form 483s and the Morgantown Warning Letter speak for themselves, and Defendants respectfully refer to those documents for their true and correct contents.  Defendants deny that Plaintiff's selective description of information or statements contained in the 2016 and 2018 Form 483s and/or Morgantown Warning Letter is complete or presented with full context, and deny Plaintiff's characterization of the information.  Defendants admit that Plaintiff purports to add emphasis to certain text, as stated in footnote one of the Complaint.  Defendants admit that the FDA issued the 2016 Form 483 on November 18, 2016 and 2018 Form 483 on April 12, 2018 as well as the Morgantown Warning Letter, dated November 9, 2018.  Defendants otherwise deny each and every allegation in paragraph 13.

14.     To the extent that the allegations contained in paragraph 14 purport to quote and/or characterize information or statements contained in Mylan's letter to the FDA, dated May 3, 2018, "Re: Response to FDA Inspection 483 Morgantown, WV," the letter speaks for itself, and Defendants respectfully refer to the letter for its true and correct contents.  Defendants deny that Plaintiff's selective description of information or statements contained in Mylan's May 3, 2018 letter to the FDA is complete or presented with full context, and deny Plaintiff's

characterization of the information.  Defendants otherwise deny each and every allegation in paragraph 14.

15.    Defendants admit that, during the alleged Class Period, Mylan had a manufacturing facility in Morgantown, West Virginia, and that on certain days in March and April 2018, FDA representatives inspected Mylan's Morgantown manufacturing facility. Defendants otherwise deny each and every allegation in paragraph 15.

16.    Defendants state that the Court's May 18, 2023 Opinion and Order dismissed all claims and allegations regarding all challenged statements other than a portion of the statement referenced in paragraph 299 of the Complaint, and thus no response is required with respect to the allegations of paragraph 16 of the Complaint that are not related to the one remaining challenged statement.  To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 16 purport to quote and/or characterize information or statements contained in a June 27, 2018 *Bloomberg* article titled "FDA Made 13 Observations After Inspecting Mylan Plant in W.Va.," authored by Katherine Tam, and/or a June 28, 2018 statement issued by Mylan regarding "Morgantown Operations," the *Bloomberg* article and Mylan's statement speak for themselves, and Defendants respectfully refer to those documents for their true and correct contents.  Defendants deny that Plaintiff's selective description of information or statements contained in the June 27, 2018 *Bloomberg* article and/or Mylan's June 28, 2018 statement is complete or presented with full context, and deny Plaintiff's characterization of the information.  Defendants admit that Mylan's stock price was $37.45 per share at the close of June 27, 2018 and was $36.33 per share at the close of June 28, 2018. Defendants otherwise deny each and every allegation in paragraph 16.

13

17.     Defendants state that the Court's May 18, 2023 Opinion and Order dismissed all claims and allegations regarding all challenged statements other than a portion of the statement referenced in paragraph 299 of the Complaint, and thus no response is required with respect to the allegations of paragraph 17 of the Complaint that are not related to the one remaining challenged statement.  To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 17 purport to quote and/or characterize information or statements contained in or made during Mylan's Q2 2018 earnings call on August 8, 2018 and/or Mylan's Form 8-K attaching its press release announcing Mylan's financial results for Q2 2018, filed with the SEC on August 8, 2018, the earnings call transcript and Form 8-K speak for themselves, and Defendants respectfully refer to those documents for their true and correct contents.  Defendants deny that Plaintiff's selective description of information or statements contained in or made during Mylan's Q2 2018 earnings call on August 8, 2018 and/or Mylan's Form 8-K attaching its press release announcing Mylan's financial results for Q2 2018, filed with the SEC on August 8, 2018 is complete or presented with full context, and deny Plaintiff's characterization of the information.  Defendants admit that Mylan's stock price was $39.23 per share at the close of August 8, 2018 and was $36.61 per share at the close of August 9, 2018. Defendants are without knowledge or information sufficient to form a belief as to whether investors were "assured" and, on that basis, deny the allegations.  Defendants otherwise deny each and every allegation in paragraph 17.

18.     To the extent that the allegations contained in paragraph 18 purport to quote and/or characterize information or statements contained in or made during Mylan's Q4 2018 and FY 2018 earnings call on February 26, 2019 and/or Mylan's Form 8-K attaching its press release announcing Mylan's financial results for Q4 2018 and FY 2018, filed with the SEC on February

14

26, 2019, the earnings call transcript and Form 8-K speak for themselves, and Defendants respectfully refer to those documents for their true and correct contents. Defendants deny that Plaintiff's selective description of information or statements contained in or made during Mylan's Q4 2018 and FY 2018 earnings call on February 26, 2019 and/or Mylan's Form 8-K attaching its press release announcing Mylan's financial results for Q4 2018 and FY 2018, filed with the SEC on February 26, 2019, is complete or presented with full context, and deny Plaintiff's characterization of the information. To the extent that the allegations contained in paragraph 18 purport to characterize investors' state of mind, Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations and, on that basis, deny the allegations. Defendants admit that Mylan's stock price was $30.62 per share at the close of February 26, 2019 and was $26.01 per share at the close of February 27, 2019. Defendants otherwise deny each and every allegation in paragraph 18.

19.     To the extent that the allegations contained in paragraph 19 purport to quote and/or characterize information or statements contained in or made during Mylan's Q1 2019 earnings call on May 7, 2019 and/or Mylan's Form 8-K attaching its press release announcing Mylan's financial results for Q1 2019, filed with the SEC on May 7, 2019, the earnings call transcript and Form 8-K speak for themselves, and Defendants respectfully refer to those documents for their true and correct contents. Defendants deny that Plaintiff's selective description of information or statements contained in or made during Mylan's Q1 2019 earnings call on May 7, 2019 and/or Mylan's Form 8-K attaching its press release announcing Mylan's financial results for Q1 2019, filed with the SEC on May 7, 2019, is complete or presented with full context, and deny Plaintiff's characterization of the information. Defendants admit that Mylan's stock price was $28.26 per share at the close of May 6, 2019 and was $21.53 per share

15

at the close of May 7, 2019.  Defendants otherwise deny each and every allegation in paragraph 19.

20.    To the extent that the allegations contained in paragraph 20 purport to characterize investors' state of mind, Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations and, on that basis, deny the allegations.  Defendants otherwise deny each and every allegation in paragraph 20.

21.    The allegations in paragraph 21 contain legal conclusions as to which no response is required.  To the extent that a response is deemed necessary, Defendants admit that Plaintiff purports to bring this action pursuant to the statutes, regulation, and rule cited therein.  Defendants otherwise deny each and every allegation in paragraph 21.

22.    The allegations in paragraph 22 contain legal conclusions as to which no response is required.  To the extent that a response is deemed necessary, Defendants admit that Plaintiff purports to base jurisdiction over this action on the statutes cited therein.  Defendants otherwise deny each and every allegation in paragraph 22.

23.    The allegations in paragraph 23 contain legal conclusions as to which no response is required.  To the extent that a response is deemed necessary, Defendants admit that Plaintiff purports to base venue on the statutes cited therein.  Defendants further admit that, during the alleged Class Period, Mylan's principal executive offices were located in England and Mylan N.V. group's global headquarters were located in Canonsburg, Pennsylvania.  Defendants otherwise deny each and every allegation in paragraph 23.

24.    Defendants deny the allegations in paragraph 24.

25.    The allegations in paragraph 25 contain legal conclusions as to which no response is required.  To the extent that a response is deemed necessary, Defendants are without

knowledge or information sufficient to form a belief as to the truth of the allegations concerning MissPERS and, on that basis, deny the allegations. Defendants otherwise deny each and every allegation in paragraph 25.

26. To the extent that paragraph 26 contains allegations concerning Mylan's outstanding shares of stock, Defendants refer to public records of such shares outstanding. Defendants admit that, during the alleged Class Period, Mylan manufactured generic pharmaceutical products and was registered on the NASDAQ under the ticker symbol "MYL." Defendants further admit that, during the alleged Class Period, Mylan's principal executive offices were located in England and Mylan N.V. group's global headquarters were located in Canonsburg, Pennsylvania. Defendants admit that Plaintiff purports to describe a legal and/or economic theory which, if relevant to the claims in this case, may be the subject of future expert analysis and testimony. Defendants otherwise deny each and every allegation in paragraph 26.

27. Defendants admit that Heather Bresch was CEO of Mylan Inc. (and after February 26, 2015, Mylan N.V.) beginning January 1, 2012. Defendants admit that Heather Bresch served as Mylan's President, Chief Operating Officer, and Chief Integration Officer, and was a member of Mylan's Board of Directors from 2011 to 2020. Defendants admit that, during the alleged Class Period, Heather Bresch signed Mylan's Form 10-Ks filed with the SEC on February 16, 2016, March 1, 2017, and March 1, 2018, and letters appended to Mylan's proxy statement filed on May 23, 2017. Defendants otherwise deny each and every allegation in paragraph 27.

28. Defendants admit that Rajiv Malik joined Mylan Laboratories Limited in January 2007. Defendants admit that Mr. Malik became President of Mylan Inc. (and after February 26, 2015, Mylan N.V.) on January 1, 2012, and he joined the Board of Directors of Mylan in 2013.

Defendants admit that Mr. Malik became President of Viatris Inc. in November 2020, and that Mr. Malik was previously employed with Sandoz GmbH as head of Global Development and Registrations and with Ranbaxy Laboratories, Ltd. in a research and development role and, subsequently, as Head of Global Regulatory Affairs and Head of Pharmaceutical Research. Defendants admit that Mr. Malik was previously employed with Matrix Laboratories from 2005 to 2008 and that Mylan Laboratories Limited acquired a controlling interest in Matrix Laboratories in 2007. Defendants admit that, during the alleged Class Period, Mr. Malik signed Mylan's Form 10-Ks filed with the SEC on February 16, 2016, March 1, 2017, and March 1, 2018. Defendants otherwise deny each and every allegation in paragraph 28.

29.    Defendants admit that Kenneth Parks joined Mylan in June 2016 as the CFO. Defendants admit that, during the alleged Class Period, Mr. Parks signed Mylan's Form 10-Ks filed with the SEC on March 1, 2017 and March 1, 2018. Defendants otherwise deny each and every allegation in paragraph 29.

30.    The allegations in paragraph 30 contain Plaintiff's defined terms as to which no response is required. To the extent that a response is deemed necessary, Defendants admit that Plaintiff purports to create defined terms of "Defendants" and "Officer Defendants." Defendants otherwise deny each and every allegation in paragraph 30.

31.    Defendants admit that, during the alleged Class Period, Mylan manufactured generic pharmaceutical products and is one of the world's largest generic drug manufacturers. Defendants otherwise deny each and every allegation in paragraph 31.

32.    Defendants admit that certain patented brand-name drugs and generic drugs are equivalent in safety and effectiveness. Defendants otherwise deny each and every allegation in paragraph 32.

18

33.     The allegations in paragraph 33 contain legal conclusions as to which no response is required.  To the extent that a response is deemed necessary, Defendants deny each and every allegation in paragraph 33.

34.     To the extent that the allegations contained in paragraph 34 purport to quote and/or characterize information or statements contained in a January 2019 Leerink report, the report speaks for itself, and Defendants respectfully refer to the report for its true and correct contents.  Defendants deny that Plaintiff's selective description of information or statements contained in the January 2019 Leerink report is complete or presented with full context, and deny Plaintiff's characterization of the information.  Defendants admit that Mylan operates manufacturing, distribution, and administrative facilities; that Mylan reported in its FY 2018 Form 10-K, filed with the SEC on February 27, 2019 that "[i]n the U.S. and Puerto Rico, we own 16 manufacturing, distribution, and administrative facilities"; and during the alleged Class Period, had a manufacturing facility in Morgantown, West Virginia.  Defendants otherwise deny each and every allegation in paragraph 34.

35.     To the extent that the allegations contained in paragraph 35 purport to quote and/or characterize information or statements contained in a July 26, 2009 *Pittsburgh Post-Gazette* article titled "Mylan Workers Overrode Drug Quality Controls," authored by Patricia Sabatini and Len Boselovic and/or the complaint in the case captioned *Mylan Pharmaceuticals Inc. et al. v. PG Publishing Company d/b/a Pittsburgh Post-Gazette, et al.*, No. 09-C-592 (W.V. Cir. Ct. Aug. 19, 2009), the article and complaint speak for themselves, and Defendants respectfully refer to those documents for their true and correct contents.  Defendants deny that Plaintiff's selective description of information or statements contained in a July 26, 2009 *Pittsburgh Post-Gazette* article titled "Mylan Workers Overrode Drug Quality Controls,"

19

authored by Patricia Sabatini and Len Boselovic and/or the complaint in the case captioned

*Mylan Pharmaceuticals Inc. et al. v. PG Publishing Company d/b/a Pittsburgh Post-Gazette, et*

*al.*, No. 09-C-592 (W.V. Cir. Ct. Aug. 19, 2009) is complete or presented with full context, and

deny Plaintiff's characterization of the information.  Defendants note that the Complaint omits

that the newspaper later disclosed that it "did not find and did not intend to report that Mylan had

manufactured or distributed any defective drugs."  To the extent that the allegations contained in

paragraph 35 purport to quote and/or characterize information or statements contained in *Bottle*

*of Lies: The Inside Story of the Generic Drug Boom*, authored by Katherine Eban, Defendants

respectfully refer to that book for its contents.  Defendants deny that Plaintiff's selective

description of information or statements contained in the book titled *Bottle of Lies* is complete or

presented with full context, and deny Plaintiff's characterization of the information.  To the

extent that the allegations contained in paragraph 35 purport to characterize investors' and/or the

public's state of mind, Defendants are without knowledge or information sufficient to form a

belief as to the truth of such allegations and, on that basis, deny the allegations.  Defendants

otherwise deny each and every allegation in paragraph 35.

36.    To the extent that the allegations contained in paragraph 36 purport to quote

and/or characterize information or statements contained in a July 28, 2009 J.P. Morgan report,

the report speaks for itself, and Defendants respectfully refer to the report for its true and correct

contents.  Defendants deny that Plaintiff's selective description of information or statements

contained in the July 28, 2009 J.P. Morgan report is complete or presented with full context, and

deny Plaintiff's characterization of the information.  Defendants are without knowledge or

information sufficient to form a belief as to the truth of the allegations concerning what

20

unspecified analysts "credited" and, on that basis, deny the allegations. Defendants otherwise deny each and every allegation in paragraph 36.

37. Defendants state that the Court's May 18, 2023 Opinion and Order dismissed all claims and allegations regarding all challenged statements other than a portion of the statement referenced in paragraph 299 of the Complaint, and thus no response is required with respect to the allegations of paragraph 37 of the Complaint that are not related to the one remaining challenged statement. Moreover, the allegations in paragraph 37 contain legal conclusions as to which no response is required. To the extent that a response is deemed necessary, Defendants deny each and every allegation in paragraph 37.

38. Defendants admit that Mylan acquired certain companies since 2000, including companies with manufacturing facilities in India. Defendants otherwise deny each and every allegation in paragraph 38.

39. Defendants admit that Mylan Laboratories Limited acquired a controlling interest in Matrix Laboratories in 2007. Defendants admit that Mr. Malik was previously employed with Matrix Laboratories from 2005 to 2008. Defendants admit that Mr. Malik became Mylan's Head of Global Technical Operations in 2007. Defendants otherwise deny each and every allegation in paragraph 39.

40. To the extent that the allegations contained in paragraph 40 purport to quote and/or characterize information or statements contained in the book titled *Bottle of Lies: The Inside Story of the Generic Drug Boom*, authored by Katherine Eban and/or the January 31, 2019 *Bloomberg Law* article titled "Culture of 'Bending Rules' in India Challenges U.S. Drug Agency," authored by Ari Altstedter and Anna Edney, the book and article speak for themselves, and Defendants respectfully refer to those documents for their contents. Defendants deny that

21

Plaintiff's selective description of information or statements contained in the book titled *Bottle of Lies* and/or the January 31, 2019 *Bloomberg Law* article is complete or presented with full context, and deny Plaintiff's characterization of the information.  Moreover, to the extent that Plaintiff relies on passages in *Bottle of Lies* and/or the January 31, 2019 *Bloomberg Law* article that are based on accounts of unknown sources, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations based on the unknown sources on whom Ms. Eban, Ms. Edney, and Mr. Altstedter purported to rely and, on that basis, deny the allegations.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the contents of unidentified "whistleblower" statements and, on that basis, deny the allegations.  Defendants admit that Mr. Malik was previously employed at Ranbaxy Laboratories, Ltd.  Defendants otherwise deny each and every allegation in paragraph 40.

41.     To the extent that the allegations contained in paragraph 41 purport to quote and/or characterize information or statements contained in the book titled *Bottle of Lies: The Inside Story of the Generic Drug Boom*, authored by Katherine Eban, the book speaks for itself, and Defendants respectfully refer to the book for its contents.  Defendants deny that Plaintiff's selective description of information or statements contained in the book titled *Bottle of Lies* is complete or presented with full context, and deny Plaintiff's characterization of the information.  Moreover, to the extent that Plaintiff relies on passages in *Bottle of Lies* that are based on accounts of unnamed sources, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations based on the unnamed sources on whom Ms. Eban purported to rely and, on that basis, deny the allegations.  Defendants admit that, during the alleged Class Period, Mylan had manufacturing facilities and employees in India and in

Morgantown, West Virginia.  Defendants otherwise deny each and every allegation in paragraph 41.

42.     To the extent that the allegations contained in paragraph 42 purport to quote and/or characterize information or statements contained in the book titled *Bottle of Lies: The Inside Story of the Generic Drug Boom*, authored by Katherine Eban, the book speaks for itself, and Defendants respectfully refer to the book for its contents.  Defendants deny that Plaintiff's selective description of information or statements contained in the book titled *Bottle of Lies* is complete or presented with full context, and deny Plaintiff's characterization of the information.  Moreover, to the extent that Plaintiff relies on passages in *Bottle of Lies* that are based on accounts of unnamed sources, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations based on the unnamed sources on whom Ms. Eban purported to rely and, on that basis, deny the allegations.  Defendants otherwise deny each and every allegation in paragraph 42.

43.     The allegations in paragraph 43 contain legal conclusions as to which no response is required.  To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 43 purport to quote and/or characterize information contained in FDA regulations and/or 21 U.S.C. § 351(a)(2)(B), the regulations and federal statute speak for themselves, and Defendants respectfully refer to those documents for their true and correct contents.  Defendants deny that Plaintiff's selective description of information contained in FDA regulations and/or 21 U.S.C. § 351(a)(2)(B) is complete or presented with full context, and deny Plaintiff's characterization of the information.  Defendants admit that, during the alleged Class Period, Mylan manufactured generic pharmaceutical products and that Mylan is subject to FDA regulations.  Defendants otherwise deny each and every allegation in paragraph 43.

23

44.     The allegations in paragraph 44 contain legal conclusions as to which no response is required.  To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 44 purport to quote and/or characterize information contained in 21 C.F.R. § 210, 21 C.F.R. § 211, 21 C.F.R. Part 11, and/or the FDA website, the regulations and website speak for themselves, and Defendants respectfully refer to those documents for their true and correct contents.  Defendants deny that Plaintiff's selective description of information contained in 21 C.F.R. § 210, 21 C.F.R. § 211, 21 C.F.R. Part 11, and/or the FDA website is complete or presented with full context, and deny Plaintiff's characterization of the information. Defendants otherwise deny each and every allegation in paragraph 44.

45.     The allegations in paragraph 45 contain legal conclusions as to which no response is required.  To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 45 purport to quote and/or characterize information or statements contained in FDA guidance and/or FDA regulations, the guidance and regulations speak for themselves, and Defendants respectfully refer to those documents for their true and correct contents.  Defendants deny that Plaintiff's selective description of information or statements contained in FDA guidance and/or FDA regulations is complete or presented with full context, and deny Plaintiff's characterization of the information.  Defendants otherwise deny each and every allegation in paragraph 45.

46.     The allegations in paragraph 46 contain legal conclusions as to which no response is required.  To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 46 purport to quote and/or characterize information contained in 21 C.F.R. § 211.100 and/or 21 C.F.R. § 211.192, the regulations speak for themselves, and Defendants respectfully refer to those documents for their true and correct contents.  Defendants

deny that Plaintiff's selective description of information contained in 21 C.F.R. § 211.100 and/or

21 C.F.R. § 211.192 is complete or presented with full context, and deny Plaintiff's

characterization of the information.  Defendants otherwise deny each and every allegation in

paragraph 46.

47.    The allegations in paragraph 47 contain legal conclusions as to which no response

is required.  To the extent that a response is deemed necessary and to the extent that the

allegations contained in paragraph 47 purport to quote and/or characterize information or

statements contained in 21 C.F.R. § 211.100, 21 C.F.R. § 211.192, 21 C.F.R. § 212.60, and/or

FDA guidance, the regulations and guidance speak for themselves, and Defendants respectfully

refer to those documents for their true and correct contents.  Defendants deny that Plaintiff's

selective description of information or statements contained in 21 C.F.R. § 211.100, 21 C.F.R. §

211.192, 21 C.F.R. § 212.60, and/or FDA guidance is complete or presented with full context,

and deny Plaintiff's characterization of the information.  Defendants otherwise deny each and

every allegation in paragraph 47.

48.    The allegations in paragraph 48 contain legal conclusions as to which no response

is required.  To the extent that a response is deemed necessary and to the extent that the

allegations contained in paragraph 48 purport to quote and/or characterize information or

statements contained in FDA guidance, the guidance speaks for itself, and Defendants

respectfully refer to the guidance for its true and correct contents.  Defendants deny that

Plaintiff's selective description of information or statements contained in FDA guidance is

complete or presented with full context, and deny Plaintiff's characterization of the information.

Defendants otherwise deny each and every allegation in paragraph 48.

49.    The allegations in paragraph 49 contain legal conclusions as to which no response is required.  To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 49 purport to quote and/or characterize information or statements contained in FDA guidance and/or 21 C.F.R. § 211.192, the guidance and regulation speak for themselves, and Defendants respectfully refer to those documents for their true and correct contents.  Defendants deny that Plaintiff's selective description of information or statements contained in FDA guidance and/or 21 C.F.R. § 211.192 is complete or presented with full context, and deny Plaintiff's characterization of the information.  Defendants otherwise deny each and every allegation in paragraph 49.

50.    The allegations in paragraph 50 contain legal conclusions as to which no response is required.  To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 50 purport to quote and/or characterize information or statements contained in FDA guidance, the guidance speaks for itself, and Defendants respectfully refer to the guidance for its true and correct contents.  Defendants deny that Plaintiff's selective description of information or statements contained in FDA guidance is complete or presented with full context, and deny Plaintiff's characterization of the information. Defendants otherwise deny each and every allegation in paragraph 50.

51.    To the extent that the allegations contained in paragraph 51 purport to quote and/or characterize information or statements contained in FDA guidance and/or the 2016 Form 483, the FDA guidance and 2016 Form 483 speak for themselves, and Defendants respectfully refer to those documents for their true and correct contents.  Defendants deny that Plaintiff's selective description of information or statements contained in the FDA guidance and/or the

2016 Form 483 is complete or presented with full context, and deny Plaintiff's characterization of the information. Defendants otherwise deny each and every allegation in paragraph 51.

52.     To the extent that the allegations contained in paragraph 52 purport to quote and/or characterize information or statements contained on the FDA website or in FDA guidance, the website and guidance speak for themselves, and Defendants respectfully refer to those documents for their true and correct contents. Defendants deny that Plaintiff's selective description of information or statements contained on the FDA website or in FDA guidance is complete or presented with full context, and deny Plaintiff's characterization of the information. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning what the FDA "[g]enerally" does and, on that basis, deny the allegations. Defendants otherwise deny each and every allegation in paragraph 52.

53.     To the extent that the allegations contained in paragraph 53 purport to quote and/or characterize information or statements contained on the FDA website, the website speaks for itself, and Defendants respectfully refer to the website for its true and correct contents. Defendants deny that Plaintiff's selective description of information or statements contained on the FDA website is complete or presented with full context, and deny Plaintiff's characterization of the information. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning what the FDA "regularly publishes . . . on its website" and, on that basis, deny the allegations. Defendants otherwise deny each and every allegation in paragraph 53.

54.     To the extent that the allegations contained in paragraph 54 purport to quote and/or characterize information or statements contained in FDA guidance and/or a FDA presentation deck titled "Data Integrity Issues & Concerns," dated February 6, 2017 and cited by

27

Plaintiff in footnote two of the Complaint, the guidance and presentation deck speak for themselves, and Defendants respectfully refer to those documents for their true and correct contents.  Defendants deny that Plaintiff's selective description of information or statements contained in FDA guidance and/or a February 6, 2017 FDA presentation deck is complete or presented with full context, and deny Plaintiff's characterization of the information.  Defendants otherwise deny each and every allegation in paragraph 54, including footnote two.

55.    Defendants deny the allegations in paragraph 55.

56.    To the extent that the allegations contained in paragraph 56 purport to quote and/or characterize information or statements contained in Mylan's (i) FY 2015 Form 10-K, filed with the SEC on February 16, 2016, (ii) FY 2016 Form 10-K, filed with the SEC on March 1, 2017, (iii) FY 2017 Form 10-K, filed with the SEC on March 1, 2018, and/or (iv) FY 2018 Form 10-K, filed with the SEC on February 27, 2019, the Form 10-Ks speak for themselves, and Defendants respectfully refer to those documents for their true and correct contents.  Defendants deny that Plaintiff's selective description of information or statements contained in Mylan's (i) FY 2015 Form 10-K, filed with the SEC on February 16, 2016, (ii) FY 2016 Form 10-K, filed with the SEC on March 1, 2017, (iii) FY 2017 Form 10-K, filed with the SEC on March 1, 2018, and/or (iv) FY 2018 Form 10-K, filed with the SEC on February 27, 2019 is complete or presented with full context, and deny Plaintiff's characterization of the information.  Defendants otherwise deny each and every allegation in paragraph 56.

57.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the contents of unidentified "whistleblower reports" or the experiences of "several drug manufacturers," including Ranbaxy Laboratories, Ltd. and, on that basis, deny the allegations.  Defendants admit that Mr. Malik was previously employed with

Ranbaxy Laboratories, Ltd.  Defendants otherwise deny each and every allegation in paragraph 57.

58.    To the extent that the allegations contained in paragraph 58 purport to quote and/or characterize information or statements contained in a January 23, 2014 FDA news release, the FDA news release speaks for itself, and Defendants respectfully refer to the news release for its true and correct contents.  Defendants deny that Plaintiff's selective description of information or statements contained in a January 23, 2014 FDA news release is complete or presented with full context, and deny Plaintiff's characterization of the information.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Ranbaxy Laboratories, Ltd. and, on that basis, deny the allegations.  Defendants otherwise deny each and every allegation in paragraph 58.

59.    To the extent that the allegations contained in paragraph 59 purport to quote and/or characterize information or statements contained in news articles and/or on websites concerning Barr Laboratories, the articles and/or websites speak for themselves, and Defendants respectfully refer to those documents for their true and correct contents.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Barr Laboratories and, on that basis, deny the allegations.  Defendants otherwise deny each and every allegation in paragraph 59.

60.    To the extent that the allegations contained in paragraph 60 purport to quote and/or characterize information or statements contained in a memorandum opinion entered in the case captioned *Akorn, Inc. v. Fresenius Kabi AG, et al.*, No. 2018-0300-JTL, 2018 WL 4719347 (Del. Ch. Oct. 1, 2018) and the order affirming that memorandum opinion entered in *Akorn, Inc. v. Fresenius Kabi AG, et al.*, No. 535, 2018, 198 A.3d 724 (Del. 2018), the memorandum

29

opinion and order speak for themselves, and Defendants respectfully refer to those documents for their true and correct contents. Defendants deny that Plaintiff's selective description of information or statements contained in that memorandum opinion and order is complete or presented with full context, and deny Plaintiff's characterization of the information. Defendants otherwise deny each and every allegation in paragraph 60.

61.    The allegations in paragraph 61 contain legal conclusions as to which no response is required. To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 61 purport to characterize investors' state of mind, Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations and, on that basis, deny the allegations. Defendants admit that CGMP and data compliance are important to Mylan. Defendants otherwise deny each and every allegation in paragraph 61.

62.    Defendants admit that prior to the start of the alleged Class Period, Mylan manufactured and distributed generic products and branded products, including the EpiPen. Defendants otherwise deny each and every allegation in paragraph 62.

63.    Defendants deny the allegations in paragraph 63.

64.    To the extent that the allegations contained in paragraph 64 purport to quote and/or characterize information or statements contained in (i) a May 3, 2016 Morningstar report, which was updated on June 29, 2016, (ii) an August 9, 2017 Cantor Fitzgerald report, and/or (iii) an August 13, 2017 J.P. Morgan report, those reports speak for themselves, and Defendants respectfully refer to those documents for their true and correct contents. Defendants deny that Plaintiff's selective description of information or statements contained in (i) a May 3, 2016 Morningstar report, which was updated on June 29, 2016, (ii) an August 9, 2017 Cantor

30

Fitzgerald report, and/or (iii) an August 13, 2017 J.P. Morgan report is complete or presented with full context, and deny Plaintiff's characterization of the information.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning what "[a]nalysts recognized" and, on that basis, deny the allegations.  Defendants otherwise deny each and every allegation in paragraph 64.

65.    Defendants deny the allegations in paragraph 65.

66.    Defendants admit that product quality and safety are important to Mylan. Defendants otherwise deny each and every allegation in paragraph 66.

67.    Defendants state that the Court's May 18, 2023 Opinion and Order dismissed all claims and allegations regarding all challenged statements other than a portion of the statement referenced in paragraph 299 of the Complaint, and thus no response is required with respect to the allegations of paragraph 67 of the Complaint that are not related to the one remaining challenged statement.  To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 67 purport to quote and/or characterize information or statements contained in or made during (i) Mylan's "Quality" and "Generic Products" website pages, (ii) unspecified Mylan "SEC filings," and/or (iii) unspecified Mylan "investor conferences," those Mylan website pages, SEC filings, and investor conference transcripts speak for themselves, and Defendants respectfully refer to those documents for their true and correct contents.  Defendants deny that Plaintiff's selective description of information or statements contained in (i) Mylan's "Quality" and "Generic Products" website pages, (ii) unspecified Mylan "SEC filings," and/or (iii) unspecified Mylan "investor conferences" is complete or presented with full context, and deny Plaintiff's characterization of the information.  To the extent that the allegations contained in footnote three of the Complaint purport to characterize Lead Counsel's

31

state of mind, Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations and, on that basis, deny the allegations. Defendants admit that Plaintiff purports to have included certain quotations as block quotes. Defendants otherwise deny each and every allegation in paragraph 67.

68.    Defendants state that the Court's May 18, 2023 Opinion and Order dismissed all claims and allegations regarding all challenged statements other than a portion of the statement referenced in paragraph 299 of the Complaint, and thus no response is required with respect to the allegations of paragraph 68 of the Complaint that are not related to the one remaining challenged statement. To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 68 purport to quote and/or characterize information or statements contained in Mylan's FY 2015 Form 10-K, filed with the SEC on February 16, 2016, and/or Mylan's May 23, 2017 Proxy Statement on Schedule 14A, the Form 10-K and proxy statement speak for themselves, and Defendants respectfully refer to those documents for their true and correct contents. Defendants deny that Plaintiff's selective description of information or statements contained in Mylan's FY 2015 Form 10-K, filed with the SEC on February 16, 2016 and/or Mylan's May 23, 2017 Proxy Statement on Schedule 14A is complete or presented with full context, and deny Plaintiff's characterization of the information. Defendants otherwise deny each and every allegation in paragraph 68.

69.    To the extent that the allegations contained in paragraph 69 purport to quote and/or characterize information or statements contained in the Nashik Warning Letter, the Nashik Warning Letter speaks for itself, and Defendants respectfully refer to the Nashik Warning Letter for its true and correct contents. Defendants deny that Plaintiff's selective description of information or statements contained in the Nashik Warning Letter is complete or presented with

32

full context, and deny Plaintiff's characterization of the information.  Defendants otherwise deny each and every allegation in paragraph 69.

70.    Defendants state that the Court's May 18, 2023 Opinion and Order dismissed all claims and allegations regarding all challenged statements other than a portion of the statement referenced in paragraph 299 of the Complaint, and thus no response is required with respect to the allegations of paragraph 70 of the Complaint that are not related to the one remaining challenged statement.  To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 70 purport to quote and/or characterize information or statements contained in an April 11, 2017 *Investor's Business Daily* article titled "Mylan Says No Supply Issues Related To FDA Warning At India Plant," authored by Allison Gatlin, the article speaks for itself, and Defendants respectfully refer to the article for its true and correct contents.  Defendants deny that Plaintiff's selective description of information or statements contained in the April 11, 2017 *Investor's Business Daily* article is complete or presented with full context, and deny Plaintiff's characterization of the information.  Defendants otherwise deny each and every allegation in paragraph 70.

71.    Defendants state that the Court's May 18, 2023 Opinion and Order dismissed all claims and allegations regarding all challenged statements other than a portion of the statement referenced in paragraph 299 of the Complaint, and thus no response is required with respect to the allegations of paragraph 71 of the Complaint that are not related to the one remaining challenged statement.  To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 71 purport to quote and/or characterize information or statements contained in or made during Mylan's Q1 2017 earnings call on May 10, 2017, the earnings call transcript speaks for itself, and Defendants respectfully refer to the earnings call

transcript for its true and correct contents.  Defendants deny that Plaintiff's selective description of information or statements contained in or made during Mylan's Q1 2017 earnings call on May 10, 2017 is complete or presented with full context, and deny Plaintiff's characterization of the information.  Defendants are without knowledge or information sufficient to form a belief as to whether investors were "reassured" and, on that basis, deny the allegations.  Defendants otherwise deny each and every allegation in paragraph 71.

72.    Defendants state that the Court's May 18, 2023 Opinion and Order dismissed all claims and allegations regarding all challenged statements other than a portion of the statement referenced in paragraph 299 of the Complaint, and thus no response is required with respect to the allegations of paragraph 72 of the Complaint that are not related to the one remaining challenged statement.  To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 72 purport to quote and/or characterize information or statements contained in (i) Mylan's May 23, 2017 Proxy Statement on Schedule 14A, (ii) a May 10, 2017 BMO Capital Markets report, and/or (iii) a May 11, 2017 Susquehanna Financial Group, LLLP report, the proxy statement and reports speak for themselves, and Defendants respectfully refer to those documents for their true and correct contents.  Defendants deny that Plaintiff's selective description of information or statements contained in (i) Mylan's May 23, 2017 Proxy Statement on Schedule 14A, (ii) a May 10, 2017 BMO Capital Markets report, and/or (iii) a May 11, 2017 Susquehanna Financial Group, LLLP report is complete or presented with full context, and deny Plaintiff's characterization of the information.  Moreover, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning what "investors credited" and, on that basis, deny the allegations.  Defendants otherwise deny each and every allegation in paragraph 72.

73.    The allegations in paragraph 73 contain legal conclusions as to which no response is required.  To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 73 purport to quote and/or characterize information or statements contained in the 2016 Form 483, the 2016 Form 483 speaks for itself, and Defendants respectfully refer to the 2016 Form 483 for its true and correct contents.  Defendants deny that Plaintiff's selective description of information or statements contained in the 2016 Form 483 is complete or presented with full context and deny Plaintiff's characterization of the information.  To the extent that the allegations contained in paragraph 73 purport to characterize investors' state of mind, Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations and, on that basis, deny the allegations.  Defendants admit that during the alleged Class Period, Mylan had a manufacturing facility in Morgantown, West Virginia.  Defendants otherwise deny each and every allegation in paragraph 73.

74.    To the extent that the allegations contained in paragraph 74 purport to quote and/or characterize information or statements contained in an October 23, 2017 West Virginia *State Journal* article titled "Scale of Mylan facility difficult to fathom," authored by Rusty Marks, the article speaks for itself, and Defendants respectfully refer to the article for its true and correct contents.  Defendants deny that Plaintiff's selective description of information or statements contained in an October 23, 2017 West Virginia *State Journal* article is complete or presented with full context, and deny Plaintiff's characterization of the information.  Defendants otherwise deny each and every allegation in paragraph 74.

75.    Defendants state that the Court's May 18, 2023 Opinion and Order dismissed all claims and allegations regarding all challenged statements other than a portion of the statement referenced in paragraph 299 of the Complaint, and thus no response is required with respect to

the allegations of paragraph 75 of the Complaint that are not related to the one remaining challenged statement. To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 75 purport to quote and/or characterize information or statements contained in Mylan's "Global Social Responsibility at Mylan 2016 Overview" publication, dated May 22, 2017, the publication speaks for itself, and Defendants respectfully refer to the publication for its true and correct contents. Defendants deny that Plaintiff's selective description of information or statements contained in Mylan's "Global Social Responsibility at Mylan 2016 Overview" publication, dated May 22, 2017, is complete or presented with full context, and deny Plaintiff's characterization of the information. Defendants are without knowledge or information sufficient to form a belief as to whether investors were "assured" and, on that basis, deny the allegations. Defendants otherwise deny each and every allegation in paragraph 75.

76.     Defendants state that the Court's May 18, 2023 Opinion and Order dismissed all claims and allegations regarding all challenged statements other than a portion of the statement referenced in paragraph 299 of the Complaint, and thus no response is required with respect to the allegations of paragraph 76 of the Complaint that are not related to the one remaining challenged statement. To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 76 purport to quote and/or characterize information or statements contained in Mylan's "2017 Progress Report on Global Social Responsibility" publication, dated May 5, 2018, the publication speaks for itself, and Defendants respectfully refer to the publication for its true and correct contents. Defendants deny that Plaintiff's selective description of information or statements contained in Mylan's "2017 Progress Report on Global Social Responsibility" publication, dated May 5, 2018, is complete or presented with

full context, and deny Plaintiff's characterization of the information. Defendants otherwise deny each and every allegation in paragraph 76.

77. To the extent that the allegations contained in paragraph 77 purport to quote and/or characterize information or statements contained in the 2018 Form 483, the 2018 Form 483 speaks for itself, and Defendants respectfully refer to the 2018 Form 483 for its true and correct contents. Defendants deny that Plaintiff's selective description of information or statements contained in the 2018 Form 483 is complete or presented with full context, and deny Plaintiff's characterization of the information. Defendants otherwise deny each and every allegation in paragraph 77.

78. To the extent that the allegations contained in paragraph 78 purport to quote and/or characterize information or statements contained in (i) any Susquehanna Financial Group, LLLP report, including the May 11, 2017 report and/or (ii) an October 9, 2016 BTIG report, the reports speak for themselves, and Defendants respectfully refer to those documents for their true and correct contents. Defendants deny that Plaintiff's selective description of information or statements contained in (i) any Susquehanna Financial Group, LLLP report, including the May 11, 2017 report, and/or (ii) an October 9, 2016 BTIG report is complete or presented with full context, and deny Plaintiff's characterization of the information. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning what "[a]nalysts credited" and, on that basis, deny the allegations. Defendants otherwise deny each and every allegation in paragraph 78.

79. Defendants state that the Court's May 18, 2023 Opinion and Order dismissed all claims and allegations regarding all challenged statements other than a portion of the statement referenced in paragraph 299 of the Complaint, and thus no response is required with respect to

37

the allegations of paragraph 79 of the Complaint that are not related to the one remaining challenged statement. Moreover, the allegations in paragraph 79 contain legal conclusions as to which no response is required. To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 79 purport to quote and/or characterize information or statements contained in or made during Mylan's "Global Social Responsibility at Mylan 2016 Overview" publication, dated May 22, 2017, and/or a session of the 36th Annual J.P. Morgan Healthcare Conference on January 9, 2018, the publication and conference transcript speak for themselves, and Defendants respectfully refer to those documents for their true and correct contents. Defendants deny that Plaintiff's selective description of information or statements contained in or made during Mylan's "Global Social Responsibility at Mylan 2016 Overview" publication, dated May 22, 2017, and/or a session of the 36th Annual J.P. Morgan Healthcare Conference on January 9, 2018 is complete or presented with full context, and deny Plaintiff's characterization of the information. Defendants otherwise deny each and every allegation in paragraph 79.

80.     Defendants state that the Court's May 18, 2023 Opinion and Order dismissed all claims and allegations regarding all challenged statements other than a portion of the statement referenced in paragraph 299 of the Complaint, and thus no response is required with respect to the allegations of paragraph 80 of the Complaint that are not related to the one remaining, challenged statement. To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 80 purport to quote and/or characterize information or statements contained in or made during a session of the Goldman Sachs 37th Annual Global Healthcare Conference on June 7, 2016 and/or a session of the 36th Annual J.P. Morgan Healthcare Conference on January 9, 2018, the conference transcripts speak for themselves, and

Defendants respectfully refer to those documents for their true and correct contents. Defendants deny that Plaintiff's selective description of information or statements contained in or made during a session of the Goldman Sachs 37th Annual Global Healthcare Conference on June 7, 2016 and/or a session of the 36th Annual J.P. Morgan Healthcare Conference on January 9, 2018 is complete or presented with full context, and deny Plaintiff's characterization of the information. Defendants are without knowledge or information sufficient to form a belief as to what investors viewed as a "key selling point" and, on that basis, deny the allegations. Defendants otherwise deny each and every allegation in paragraph 80.

81. Defendants state that the Court's May 18, 2023 Opinion and Order dismissed all claims and allegations regarding all challenged statements other than a portion of the statement referenced in paragraph 299 of the Complaint, and thus no response is required with respect to the allegations of paragraph 81 of the Complaint that are not related to the one remaining challenged statement. To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 81 purport to quote and/or characterize information or statements contained in or made during a session of the 36th Annual J.P. Morgan Healthcare Conference on January 9, 2018, the conference transcript speaks for itself, and Defendants respectfully refer to the transcript for its true and correct contents. Defendants deny that Plaintiff's selective description of information or statements contained in or made during a session of the 36th Annual J.P. Morgan Healthcare Conference on January 9, 2018 is complete or presented with full context, and deny Plaintiff's characterization of the information. Defendants otherwise deny each and every allegation in paragraph 81.

82. Defendants state that the Court's May 18, 2023 Opinion and Order dismissed all claims and allegations regarding all challenged statements other than a portion of the statement

referenced in paragraph 299 of the Complaint, and thus no response is required with respect to the allegations of paragraph 82 of the Complaint that are not related to the one remaining challenged statement.  To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 82 purport to quote and/or characterize information or statements contained in Mylan's "Quality" and "Generic Products" website pages and/or the 2016 Form 483, the Mylan website pages and 2016 Form 483 speak for themselves, and Defendants respectfully refer to those documents for their true and correct contents.  Defendants deny that Plaintiff's selective description of information or statements contained in Mylan's "Quality" and "Generic Products" website pages and/or the 2016 Form 483 is complete or presented with full context, and deny Plaintiff's characterization of the information.  To the extent that the allegations contained in paragraph 82 purport to characterize investors' state of mind, Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations and, on that basis, deny the allegations.  Defendants otherwise deny each and every allegation in paragraph 82.

83.    Defendants state that the Court's May 18, 2023 Opinion and Order dismissed all claims and allegations regarding all challenged statements other than a portion of the statement referenced in paragraph 299 of the Complaint, and thus no response is required with respect to the allegations of paragraph 83 of the Complaint that are not related to the one remaining, challenged statement.  To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 83 purport to quote and/or characterize information or statements contained in or made during (i) Mylan's "Global Social Responsibility at Mylan 2016 Overview" publication, dated May 22, 2017, (ii) a session of the 36th Annual J.P. Morgan Healthcare Conference on January 9, 2018, (iii) Mylan's letter to the FDA, dated May 3, 2018,

40

"Re: Response to FDA Inspection 483 Morgantown, WV," and/or (iv) Mylan's "Quality" website page, the publication, conference transcript, letter, and website page speak for themselves, and Defendants respectfully refer to those documents for their true and correct contents. Defendants deny that Plaintiff's selective description of information or statements contained in or made during (i) Mylan's "Global Social Responsibility at Mylan 2016 Overview" publication, dated May 22, 2017, (ii) a session of the 36th Annual J.P. Morgan Healthcare Conference on January 9, 2018, (iii) Mylan's May 3, 2018 letter to the FDA, and/or (iv) Mylan's "Quality" website page is complete or presented with full context, and deny Plaintiff's characterization of the information. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the contents of unidentified "former Mylan employees[']" statements and, on that basis, deny the allegations. Defendants are without knowledge or information sufficient to form a belief as to whether investors were "assur[ed]" and, on that basis, deny the allegations. Defendants otherwise deny each and every allegation in paragraph 83.

84.    To the extent that the allegations contained in paragraph 84 purport to quote and/or characterize information or statements contained in the 2016 Form 483, 2018 Form 483, and/or Morgantown Warning Letter, the 2016 and 2018 Form 483s and Morgantown Warning Letter speak for themselves, and Defendants respectfully refer to those documents for their true and correct contents. Defendants deny that Plaintiff's selective description of information or statements contained in the 2016 and 2018 Form 483s and/or Morgantown Warning Letter is complete or presented with full context, and deny Plaintiff's characterization of the information. To the extent that the allegations contained in paragraph 84 purport to quote and/or characterize information or statements contained in the book titled *Bottle of Lies: The Inside Story of the*

41

*Generic Drug Boom*, authored by Katherine Eban, the book speaks for itself, and Defendants respectfully refer to the book for its contents. Defendants deny that Plaintiff's selective description of information or statements contained in the book titled *Bottle of Lies* is complete or presented with full context, and deny Plaintiff's characterization of the information. Moreover, to the extent that Plaintiff relies on passages in *Bottle of Lies* that are based on accounts of unnamed sources, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations based on the unnamed sources on whom Ms. Eban purported to rely and, on that basis, deny the allegations. Defendants admit that Mylan voluntarily recalled certain drugs during the alleged Class Period. Defendants otherwise deny each and every allegation in paragraph 84.

85. To the extent that the allegations contained in paragraph 85 purport to quote and/or characterize information or statements contained in the book titled *Bottle of Lies: The Inside Story of the Generic Drug Boom*, authored by Katherine Eban, and/or the January 29, 2019 *Bloomberg Law* article titled "America's Love Affair With Cheap Drugs Has a Hidden Cost," authored by Anna Edney, the book and article speak for themselves, and Defendants respectfully refer to those documents for their contents. Defendants deny that Plaintiff's selective description of information or statements contained in the book titled *Bottle of Lies* and/or the January 29, 2019 *Bloomberg Law* article is complete or presented with full context, and deny Plaintiff's characterization of the information. Moreover, to the extent that Plaintiff relies on passages in *Bottle of Lies* and/or the January 29, 2019 *Bloomberg Law* article that are based on accounts of unnamed sources, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations based on the unnamed sources on whom Ms. Eban and Ms. Edney purported to rely and, on that basis, deny the allegations.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the contents of unidentified "whistleblower" statements and, on that basis, deny the allegations.  Defendants otherwise deny each and every allegation in paragraph 85.

86.     To the extent that the allegations contained in paragraph 86 purport to quote and/or characterize information or statements contained in the book titled *Bottle of Lies: The Inside Story of the Generic Drug Boom*, authored by Katherine Eban, the book speaks for itself, and Defendants respectfully refer to the book for its contents.  Defendants deny that Plaintiff's selective description of information or statements contained in the book titled *Bottle of Lies* is complete or presented with full context, and deny Plaintiff's characterization of the information.  Moreover, to the extent that Plaintiff relies on passages in *Bottle of Lies* that are based on accounts of unnamed sources, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations based on the unnamed sources on whom Ms. Eban purported to rely and, on that basis, deny the allegations.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the contents of unidentified "whistleblower" statements and, on that basis, deny the allegations.  Defendants otherwise deny each and every allegation in paragraph 86.

87.     To the extent that the allegations contained in paragraph 87 purport to quote and/or characterize information or statements contained in the book titled *Bottle of Lies: The Inside Story of the Generic Drug Boom*, authored by Katherine Eban, the book speaks for itself, and Defendants respectfully refer to the book for its contents.  Defendants deny that Plaintiff's selective description of information or statements contained in the book titled *Bottle of Lies* is complete or presented with full context, and deny Plaintiff's characterization of the information.  Moreover, to the extent that Plaintiff relies on passages in *Bottle of Lies* that are based on

accounts of unnamed sources, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations based on the unnamed sources on whom Ms. Eban purported to rely and, on that basis, deny the allegations. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the contents of unidentified "[f]ormer Mylan employees[']" statements and, on that basis, deny the allegations. Defendants otherwise deny each and every allegation in paragraph 87.

88.    To the extent that the allegations contained in paragraph 88 purport to quote and/or characterize information or statements contained in the book titled *Bottle of Lies: The Inside Story of the Generic Drug Boom*, authored by Katherine Eban, the book speaks for itself, and Defendants respectfully refer to the book for its contents. Defendants deny that Plaintiff's selective description of information or statements contained in the book titled *Bottle of Lies* is complete or presented with full context, and deny Plaintiff's characterization of the information. Moreover, to the extent that Plaintiff relies on passages in *Bottle of Lies* that are based on accounts of unnamed sources, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations based on the unnamed sources on whom Ms. Eban purported to rely and, on that basis, deny the allegations. In particular, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning an unidentified "Mylan chemist" or the contents of that unidentified "Mylan chemist['s]" statements and, on that basis, deny the allegations. While Defendants do not undertake in this Answer to identify every specific mischaracterization contained in the Complaint, Plaintiff has so egregiously mischaracterized the relevant portions of *Bottle of Lies* in its allegations in paragraph 88 that Defendants are compelled to note it specifically here. This allegation is allegedly sourced from a passage in *Bottle of Lies* recounting what an anonymous chemist

44

purportedly told Ms. Eban. However, according to *Bottle of Lies*, the unnamed chemist never said that *Mr. Malik* engaged in the conduct alleged in paragraph 88. Rather, the chemist referred to events that occurred under "Malik's leadership" and described conduct attributed to Malik's "team" and Malik's "people," although the chemist never explained what he meant by Malik's "team" and Malik's "people." Defendants otherwise deny each and every allegation in paragraph 88.

89.     To the extent that the allegations contained in paragraph 89 purport to quote and/or characterize information or statements contained in the book titled *Bottle of Lies: The Inside Story of the Generic Drug Boom*, authored by Katherine Eban, the book speaks for itself, and Defendants respectfully refer to the book for its contents. Defendants deny that Plaintiff's selective description of information or statements contained in the book titled *Bottle of Lies* is complete or presented with full context, and deny Plaintiff's characterization of the information. Moreover, to the extent that Plaintiff relies on unidentified "FDA memoranda" described in passages of *Bottle of Lies*, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the contents of unidentified "FDA memoranda" on which Ms. Eban purported to rely and, on that basis, deny the allegations. To the extent that the allegations contained in paragraph 89 purport to characterize FDA representatives' state of mind, Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations and, on that basis, deny the allegations. Defendants otherwise deny each and every allegation in paragraph 89.

90.     To the extent that the allegations contained in paragraph 90 purport to quote and/or characterize information or statements contained in the book titled *Bottle of Lies: The Inside Story of the Generic Drug Boom*, authored by Katherine Eban, the book speaks for itself,

45

and Defendants respectfully refer to the book for its contents. Defendants deny that Plaintiff's selective description of information or statements contained in the book titled *Bottle of Lies* is complete or presented with full context, and deny Plaintiff's characterization of the information. Moreover, to the extent that Plaintiff relies on passages in *Bottle of Lies* that are based on accounts of unnamed sources, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations based on the unnamed sources on whom Ms. Eban purported to rely and, on that basis, deny the allegations. In particular, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the contents of unidentified "whistleblower" statements and, on that basis, deny the allegations. Defendants otherwise deny each and every allegation in paragraph 90.

91. To the extent that the allegations contained in paragraph 91 purport to quote and/or characterize information or statements contained in the Form 483 issued by the FDA, on September 14, 2016, concerning the Mylan Laboratories Limited manufacturing facility in Nashik, India ("Nashik Form 483"), the Nashik Form 483 speaks for itself, and Defendants respectfully refer to the Nashik Form 483 for its true and correct contents. Defendants deny that Plaintiff's selective description of information or statements contained in the Nashik Form 483 is complete or presented with full context, and deny Plaintiff's characterization of the information. To the extent that the allegations contained in paragraph 91 purport to quote and/or characterize information or statements contained in the book titled *Bottle of Lies: The Inside Story of the Generic Drug Boom*, authored by Katherine Eban, the book speaks for itself, and Defendants respectfully refer to the book for its contents. Defendants deny that Plaintiff's selective description of information or statements contained in the book titled *Bottle of Lies* is complete or presented with full context, and deny Plaintiff's characterization of the information. Moreover,

46

to the extent that Plaintiff relies on passages in *Bottle of Lies* that are based on accounts of unnamed sources, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations based on the unnamed sources on whom Ms. Eban purported to rely and, on that basis, deny the allegations. In particular, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the contents of unidentified "whistleblower" statements and/or "whistleblower's admonishment" and, on that basis, deny the allegations. Defendants admit that during the alleged Class Period, Mylan had a manufacturing facility in Nashik, India, and that on certain days in September 2016, FDA representatives inspected Mylan's Nashik manufacturing facility. Defendants otherwise deny each and every allegation in paragraph 91.

92.    To the extent that the allegations contained in paragraph 92 purport to quote and/or characterize information or statements contained in the Nashik Form 483, the Nashik Form 483 speaks for itself, and Defendants respectfully refer to the Nashik Form 483 for its true and correct contents. Defendants deny that Plaintiff's selective description of information or statements contained in the Nashik Form 483 is complete or presented with full context, and deny Plaintiff's characterization of the information. To the extent that the allegations contained in paragraph 92 purport to quote and/or characterize information or statements contained in the book titled *Bottle of Lies: The Inside Story of the Generic Drug Boom*, authored by Katherine Eban, the book speaks for itself, and Defendants respectfully refer to the book for its contents. Defendants deny that Plaintiff's selective description of information or statements contained in the book titled *Bottle of Lies* is complete or presented with full context, and deny Plaintiff's characterization of the information. Moreover, to the extent that Plaintiff relies on passages in *Bottle of Lies* that are based on accounts of unnamed sources, Defendants are without knowledge

47

or information sufficient to form a belief as to the truth of the allegations based on the unnamed sources on whom Ms. Eban purported to rely and, on that basis, deny the allegations. In particular, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the contents of unidentified "whistleblower" statements and on that basis, deny the allegations. Defendants otherwise deny each and every allegation in paragraph 92.

93. To the extent that the allegations contained in paragraph 93 purport to quote and/or characterize information or statements contained in the Nashik Form 483, the Nashik Form 483 speaks for itself, and Defendants respectfully refer to the Nashik Form 483 for its true and correct contents. Defendants deny that Plaintiff's selective description of information or statements contained in the Nashik Form 483 is complete or presented with full context, and deny Plaintiff's characterization of the information. To the extent that the allegations contained in paragraph 93 purport to quote and/or characterize information or statements contained in the book titled *Bottle of Lies: The Inside Story of the Generic Drug Boom*, authored by Katherine Eban, the book speaks for itself, and Defendants respectfully refer to the book for its contents. Defendants deny that Plaintiff's selective description of information or statements contained in the book titled *Bottle of Lies* is complete or presented with full context, and deny Plaintiff's characterization of the information. Moreover, to the extent that Plaintiff relies on passages in *Bottle of Lies* that are based on accounts of unnamed sources, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations based on the unnamed sources on whom Ms. Eban purported to rely and, on that basis, deny the allegations. In particular, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the contents of unidentified "whistleblower" statements

and/or what was "notable" to the FDA and, on that basis, deny the allegations. Defendants otherwise deny each and every allegation in paragraph 93.

94. To the extent that the allegations contained in paragraph 94 purport to quote and/or characterize information or statements contained in the Nashik Form 483, the Nashik Form 483 speaks for itself, and Defendants respectfully refer to the Nashik Form 483 for its true and correct contents. Defendants deny that Plaintiff's selective description of information or statements contained in the Nashik Form 483 is complete or presented with full context, and deny Plaintiff's characterization of the information. Defendants otherwise deny each and every allegation in paragraph 94.

95. To the extent that the allegations contained in paragraph 95 purport to characterize investors' state of mind, Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations and, on that basis, deny the allegations. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning unidentified "FE1" or the contents of FE1's statements and, on that basis, deny the allegations. Defendants admit that Plaintiff purports to have characterized Mylan former employees as described in footnote four of the Complaint. Defendants admit that during the alleged Class Period, Mylan had a manufacturing facility in Morgantown, West Virginia, and that on certain days in November 2016, FDA representatives inspected Mylan's Morgantown manufacturing facility. Defendants otherwise deny each and every allegation in paragraph 95.

96. To the extent that the allegations contained in paragraph 96 purport to quote and/or characterize information or statements contained in the book titled *Bottle of Lies: The Inside Story of the Generic Drug Boom*, authored by Katherine Eban, and/or the January 29,

2019 *Bloomberg Law* article titled "America's Love Affair With Cheap Drugs Has a Hidden Cost," authored by Anna Edney, the book and article speak for themselves, and Defendants respectfully refer to those documents for their contents. Defendants deny that Plaintiff's selective description of information or statements contained in the book titled *Bottle of Lies* and/or the January 29, 2019 *Bloomberg Law* article is complete or presented with full context, and deny Plaintiff's characterization of the information. Moreover, to the extent that Plaintiff relies on passages in *Bottle of Lies* and/or the January 29, 2019 *Bloomberg Law* article that are based on accounts of unnamed sources, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations based on the unnamed sources on whom Ms. Eban and Ms. Edney purported to rely and, on that basis, deny the allegations. In particular, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the statements of FDA investigators and, on that basis, deny the allegations. Defendants otherwise deny each and every allegation in paragraph 96.

97.    To the extent that the allegations contained in paragraph 97 purport to quote and/or characterize information or statements contained in the 2016 Form 483, the 2016 Form 483 speaks for itself, and Defendants respectfully refer to the 2016 Form 483 for its true and correct contents. Defendants deny that Plaintiff's selective description of information or statements contained in the 2016 Form 483 is complete or presented with full context, and deny Plaintiff's characterization of the information. To the extent that the allegations contained in paragraph 97 purport to characterize investors' state of mind, Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations and, on that basis, deny the allegations. Defendants admit that the FDA issued the 2016 Form 483 on November 18, 2016. Defendants admit that the 2016 Form 483 was addressed to Ms. Reem Malki, Head of

50

Global Quality Operations, Mylan Pharmaceuticals Inc. Defendants also admit that Mylan voluntarily recalled certain drugs during the alleged Class Period. Defendants otherwise deny each and every allegation in paragraph 97.

98.    Defendants state that the Court's May 18, 2023 Opinion and Order dismissed all claims and allegations regarding all challenged statements other than a portion of the statement referenced in paragraph 299 of the Complaint, and thus no response is required with respect to the allegations of paragraph 98 of the Complaint that are not related to the one remaining challenged statement. To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 98 purport to quote and/or characterize information or statements contained in the 2016 Form 483 and/or Mylan's "Quality" and "Generic Products" website pages, the 2016 Form 483 and website pages speak for themselves, and Defendants respectfully refer to those documents for their true and correct contents. Defendants deny that Plaintiff's selective description of information or statements contained in the 2016 Form 483 and/or Mylan's "Quality" and "Generic Products" website pages is complete or presented with full context, and deny Plaintiff's characterization of the information. Defendants otherwise deny each and every allegation in paragraph 98.

99.    To the extent that the allegations contained in paragraph 99 purport to quote and/or characterize information or statements contained in the 2016 Form 483, the 2016 Form 483 speaks for itself, and Defendants respectfully refer to the 2016 Form 483 for its true and correct contents. Defendants deny that Plaintiff's selective description of information or statements contained in the 2016 Form 483 is complete or presented with full context, and deny Plaintiff's characterization of the information. Defendants otherwise deny each and every allegation in paragraph 99.

51

100.    To the extent that the allegations contained in paragraph 100 purport to quote and/or characterize information or statements contained in the 2016 Form 483, the 2016 Form 483 speaks for itself, and Defendants respectfully refer to the 2016 Form 483 for its true and correct contents.  Defendants deny that Plaintiff's selective description of information or statements contained in the 2016 Form 483 is complete or presented with full context, and deny Plaintiff's characterization of the information.  Defendants otherwise deny each and every allegation in paragraph 100.

101.    To the extent that the allegations contained in paragraph 101 purport to quote and/or characterize information or statements contained in the 2016 Form 483, the 2016 Form 483 speaks for itself, and Defendants respectfully refer to the 2016 Form 483 for its true and correct contents.  Defendants deny that Plaintiff's selective description of information or statements contained in the 2016 Form 483 is complete or presented with full context, and deny Plaintiff's characterization of the information.  Defendants otherwise deny each and every allegation in paragraph 101.

102.    To the extent that the allegations contained in paragraph 102 purport to quote and/or characterize information or statements contained in the 2016 Form 483, the 2016 Form 483 speaks for itself, and Defendants respectfully refer to the 2016 Form 483 for its true and correct contents.  Defendants deny that Plaintiff's selective description of information or statements contained in the 2016 Form 483 is complete or presented with full context, and deny Plaintiff's characterization of the information.  Defendants admit that Mylan voluntarily recalled valsartan during the alleged Class Period.  Defendants otherwise deny each and every allegation in paragraph 102.

103.    To the extent that the allegations contained in paragraph 103 purport to quote and/or characterize information or statements contained in the 2016 Form 483, the 2016 Form 483 speaks for itself, and Defendants respectfully refer to the 2016 Form 483 for its true and correct contents.  Defendants deny that Plaintiff's selective description of information or statements contained in the 2016 Form 483 is complete or presented with full context, and deny Plaintiff's characterization of the information.  To the extent that the allegations contained in paragraph 103 purport to quote and/or characterize information or statements contained in a January 29, 2019 *Bloomberg Law* article titled "America's Love Affair With Cheap Drugs Has a Hidden Cost," authored by Anna Edney, the article speaks for itself, and Defendants respectfully refer to the article for its contents.  Defendants deny that Plaintiff's selective description of information contained in the January 29, 2019 *Bloomberg Law* article is complete or presented with full context, and deny Plaintiff's characterization of the information.  Moreover, to the extent that Plaintiff relies on passages in the January 29, 2019 *Bloomberg Law* article that are based on accounts of unnamed sources, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations based on the unnamed sources on whom Ms. Edney purported to rely and, on that basis, deny the allegations.  Defendants otherwise deny each and every allegation in paragraph 103.

104.    To the extent that the allegations contained in paragraph 104 purport to quote and/or characterize information or statements contained in the 2016 Form 483, the 2016 Form 483 speaks for itself, and Defendants respectfully refer to the 2016 Form 483 for its true and correct contents.  Defendants deny that Plaintiff's selective description of information or statements contained in the 2016 Form 483 is complete or presented with full context, and deny

Plaintiff's characterization of the information. Defendants otherwise deny each and every allegation in paragraph 104.

105. To the extent that the allegations contained in paragraph 105 purport to quote and/or characterize information or statements contained in the 2016 Form 483, the 2016 Form 483 speaks for itself, and Defendants respectfully refer to the 2016 Form 483 for its true and correct contents. Defendants deny that Plaintiff's selective description of information or statements contained in the 2016 Form 483 is complete or presented with full context, and deny Plaintiff's characterization of the information. Defendants otherwise deny each and every allegation in paragraph 105.

106. The allegations in paragraph 106 contain legal conclusions as to which no response is required. To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 106 purport to quote and/or characterize information or statements contained in (i) 21 C.F.R. § 211.160, (ii) 21 C.F.R. § 211.192, (iii) the 2016 Form 483, and/or (iv) the FDA website, the regulations, 2016 Form 483, and FDA website speak for themselves, and Defendants respectfully refer to those documents for their true and correct contents. Defendants deny that Plaintiff's selective description of information or statements contained in (i) 21 C.F.R. § 211.160, (ii) 21 C.F.R. § 211.192, (iii) the 2016 Form 483, and/or (iv) the FDA website is complete or presented with full context, and deny Plaintiff's characterization of the information. To the extent that the allegations contained in paragraph 106 purport to quote and/or characterize information or statements contained in the book titled *Bottle of Lies: The Inside Story of the Generic Drug Boom*, authored by Katherine Eban, and/or the January 29, 2019 *Bloomberg Law* article titled "America's Love Affair With Cheap Drugs Has a Hidden Cost," authored by Anna Edney, the book and article speak for themselves, and

Defendants respectfully refer to those documents for their contents. Defendants deny that Plaintiff's selective description of information or statements contained in the book titled *Bottle of Lies* and/or the January 29, 2019 *Bloomberg Law* article is complete or presented with full context, and deny Plaintiff's characterization of the information. Moreover, to the extent that Plaintiff relies on passages in *Bottle of Lies* and/or the January 29, 2019 *Bloomberg Law* article that are based on accounts of unnamed sources, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations based on the unnamed sources on whom Ms. Eban and Ms. Edney purported to rely and, on that basis, deny the allegations. Defendants otherwise deny each and every allegation in paragraph 106.

107. Defendants state that the Court's May 18, 2023 Opinion and Order dismissed all claims and allegations regarding all challenged statements other than a portion of the statement referenced in paragraph 299 of the Complaint, and thus no response is required with respect to the allegations of paragraph 107 of the Complaint that are not related to the one remaining challenged statement. To the extent that a response is deemed necessary, Defendants are without knowledge or information sufficient to form a belief concerning the actions of the FDA regarding disclosure of the 2016 Form 483. Defendants otherwise deny each and every allegation in paragraph 107.

108. To the extent that the allegations contained in paragraph 108 purport to quote and/or characterize information or statements contained in the 2016 Form 483, the 2016 Form 483 speaks for itself, and Defendants respectfully refer to the 2016 Form 483 for its true and correct contents. Defendants deny that Plaintiff's selective description of information or statements contained in the 2016 Form 483 is complete or presented with full context, and deny Plaintiff's characterization of the information. Defendants are without knowledge or information

sufficient to form a belief as to the truth of the allegations concerning the contents of unidentified "Former Mylan quality personnel" and/or "Former Employees[']" statements and, on that basis, deny the allegations. Defendants otherwise deny each and every allegation in paragraph 108.

109. To the extent that the allegations contained in paragraph 109 purport to quote and/or characterize information or statements contained in the 2016 Form 483, the 2016 Form 483 speaks for itself, and Defendants respectfully refer to the 2016 Form 483 for its true and correct contents. Defendants deny that Plaintiff's selective description of information or statements contained in the 2016 Form 483 is complete or presented with full context, and deny Plaintiff's characterization of the information. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning unidentified "FE1" or the contents of unidentified "former employees[']" statements, including statements made by "FE1," and on that basis, deny the allegations. Defendants admit that the FDA issued the 2016 Form 483 on November 18, 2016. Defendants otherwise deny each and every allegation in paragraph 109.

110. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the contents of unidentified "FE1[']s]" statements and, on that basis, deny the allegations. Defendants admit that the FDA issued the 2016 Form 483 on November 18, 2016 and that Kimberly Kupec and Eddie Koski were employees of Mylan in 2015 and 2016. Defendants otherwise deny each and every allegation in paragraph 110.

111. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning unidentified "FE2" or the contents of "FE2" statements and, on that basis, deny the allegations. Defendants otherwise deny each and every allegation in paragraph 111.

112.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning unidentified "FE3" or the contents of "FE3" statements and, on that basis, deny the allegations.  Defendants admit that the FDA issued the 2018 Form 483 on April 12, 2018.  Defendants otherwise deny each and every allegation in paragraph 112.

113.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning unidentified "FE4" or the contents of "FE4" statements and, on that basis, deny the allegations.  Defendants otherwise deny each and every allegation in paragraph 113.

114.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the contents of unidentified "FE4['s]" statements and, on that basis, deny the allegations.  Defendants otherwise deny each and every allegation in paragraph 114.

115.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning unidentified "FE5" or the contents of "FE5" statements and, on that basis, deny the allegations.  Defendants otherwise deny each and every allegation in paragraph 115.

116.    To the extent that the allegations contained in paragraph 116 purport to quote and/or characterize information or statements contained in the 2016 Form 483, the 2016 Form 483 speaks for itself, and Defendants respectfully refer to the 2016 Form 483 for its true and correct contents.  Defendants deny that Plaintiff's selective description of information or statements contained in the 2016 Form 483 is complete or presented with full context, and deny Plaintiff's characterization of the information.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the contents of unidentified

57

"Former Employees[']" statements, including statements made by "FE1," and on that basis, deny the allegations. Defendants admit that during the alleged Class Period, Mylan had a manufacturing facility in Morgantown, West Virginia, and that on certain days in November 2016, FDA representatives inspected Mylan's Morgantown manufacturing facility and that the FDA issued the 2016 Form 483 on November 18, 2016. Defendants otherwise deny each and every allegation in paragraph 116.

117. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the contents of unidentified "FE4['s]" statements and, on that basis, deny the allegations. Defendants otherwise deny each and every allegation in paragraph 117.

118. To the extent that the allegations contained in paragraph 118 purport to quote and/or characterize information or statements contained in the book titled *Bottle of Lies: The Inside Story of the Generic Drug Boom*, authored by Katherine Eban, the book speaks for itself, and Defendants respectfully refer to the book for its contents. Defendants deny that Plaintiff's selective description of information or statements contained in the book titled *Bottle of Lies* is complete or presented with full context, and deny Plaintiff's characterization of the information. Moreover, to the extent that Plaintiff relies on passages in *Bottle of Lies* that are based on accounts of unnamed sources, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations based on the unnamed sources on whom Ms. Eban purported to rely and, on that basis, deny the allegations. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the contents of unidentified "former employees[']" statements, including statements made by "FE1" and "FE2,"

58

and on that basis, deny the allegations.  Defendants otherwise deny each and every allegation in paragraph 118.

119.    To the extent that the allegations contained in paragraph 119 purport to quote and/or characterize information or statements contained in a July 26, 2009 *Pittsburgh Post-Gazette* article titled "Mylan Workers Overrode Drug Quality Controls," authored by Patricia Sabatini and Len Boselovic and/or the complaint in the case styled *Mylan Pharmaceuticals Inc. et al. v. PG Publishing Company d/b/a Pittsburgh Post-Gazette, et al.*, No. 09-C-592 (W.V. Cir. Ct. Aug. 19, 2009), the article and complaint speak for themselves, and Defendants respectfully refer to those documents for their true and correct contents.  Defendants deny that Plaintiff's selective description of information or statements contained in the July 26, 2009 *Pittsburgh Post-Gazette* article titled "Mylan Workers Overrode Drug Quality Controls," authored by Patricia Sabatini and Len Boselovic and/or the complaint in the case styled *Mylan Pharmaceuticals Inc. et al. v. PG Publishing Company d/b/a Pittsburgh Post-Gazette, et al.*, No. 09-C-592 (W.V. Cir. Ct. Aug. 19, 2009) is complete or presented with full context, and deny Plaintiff's characterization of the information.  Defendants note that the Complaint omits that the newspaper later disclosed that it "did not find and did not intend to report that Mylan had manufactured or distributed any defective drugs."  Defendants otherwise deny each and every allegation in paragraph 119.

120.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning unidentified "FE5" or the contents of unidentified "Former Employees[']" statements, including statements made by "FE1" and "FE5," and on that basis, deny the allegations.  Defendants otherwise deny each and every allegation in paragraph 120.

121.     Defendants state that the Court's May 18, 2023 Opinion and Order dismissed all claims and allegations regarding all challenged statements other than a portion of the statement referenced in paragraph 299 of the Complaint, and thus no response is required with respect to the allegations of paragraph 121 of the Complaint that are not related to the one remaining challenged statement.  To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 121 purport to quote and/or characterize information or statements contained on Mylan's "Quality" website page, the website page speaks for itself, and Defendants respectfully refer to the website page for its true and correct contents.  Defendants deny that Plaintiff's selective description of information or statements contained on Mylan's "Quality" website page is complete or presented with full context, and deny Plaintiff's characterization of the information.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the contents of unidentified "FE1['s]" statements and, on that basis, deny the allegations.  Defendants otherwise deny each and every allegation in paragraph 121.

122.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the contents of unidentified "FE1['s]" and/or "FE3['s]" statements and, on that basis, deny the allegations.  Defendants otherwise deny each and every allegation in paragraph 122.

123.     To the extent that the allegations contained in paragraph 123 purport to quote and/or characterize information or statements contained in Mylan's letter to the FDA, dated May 3, 2018, "Re: Response to FDA Inspection 483 Morgantown, WV," the letter speaks for itself, and Defendants respectfully refer to the letter for its true and correct contents.  Defendants deny that Plaintiff's selective description of information or statements contained in Mylan's May 3,

2018 letter to the FDA is complete or presented with full context, and deny Plaintiff's characterization of the information. Defendants otherwise deny each and every allegation in paragraph 123.

124. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the contents of unidentified "FE1['s]" statements and, on that basis, deny the allegations. Defendants otherwise deny each and every allegation in paragraph 124.

125. To the extent that the allegations contained in paragraph 125 purport to quote and/or characterize information or statements contained in the 2016 Form 483, the 2016 Form 483 speaks for itself, and Defendants respectfully refer to the 2016 Form 483 for its true and correct contents. Defendants deny that Plaintiff's selective description of information or statements contained in the 2016 Form 483 is complete or presented with full context, and deny Plaintiff's characterization of the information. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning unidentified "FE1" or the contents of "FE1" statements and, on that basis, deny the allegations. Defendants admit that during the alleged Class Period, Mylan had a manufacturing facility in Morgantown, West Virginia, and that on certain days in November 2016, FDA representatives inspected Mylan's Morgantown manufacturing facility. Defendants otherwise deny each and every allegation in paragraph 125.

126. To the extent that the allegations contained in paragraph 126 purport to quote and/or characterize information or statements contained in the 2016 Form 483, the 2016 Form 483 speaks for itself, and Defendants respectfully refer to the 2016 Form 483 for its true and correct contents. Defendants deny that Plaintiff's selective description of information or

statements contained in the 2016 Form 483 is complete or presented with full context, and deny

Plaintiff's characterization of the information.  Defendants are without knowledge or information

sufficient to form a belief as to the truth of the allegations concerning the contents of unidentified

"FE1['s]" statements and, on that basis, deny the allegations.  Defendants otherwise deny each

and every allegation in paragraph 126.

127.    Defendants are without knowledge or information sufficient to form a belief as to

the truth of the allegations concerning the contents of unidentified "FE1['s]" and/or unidentified

"[e]mployees[']" statements and, on that basis, deny the allegations.  Defendants otherwise deny

each and every allegation in paragraph 127.

128.    To the extent that the allegations contained in paragraph 128 purport to quote

and/or characterize information or statements contained in the 2016 Form 483 and/or the 2018

Form 483, the 2016 and 2018 Form 483s speak for themselves, and Defendants respectfully refer

to those documents for their true and correct contents.  Defendants deny that Plaintiff's selective

description of information or statements contained in the 2016 Form 483 and/or the 2018 Form

483 is complete or presented with full context, and deny Plaintiff's characterization of the

information.  Defendants are without knowledge or information sufficient to form a belief as to

the truth of the allegations concerning the contents of unidentified "FE3['s]" statements and, on

that basis, deny the allegations.  Defendants otherwise deny each and every allegation in

paragraph 128.

129.    To the extent that the allegations contained in paragraph 129 purport to quote

and/or characterize information or statements contained in the book titled *Bottle of Lies: The*

*Inside Story of the Generic Drug Boom*, authored by Katherine Eban, the book speaks for itself,

and Defendants respectfully refer to the book for its contents.  Defendants deny that Plaintiff's

selective description of information or statements contained in the book titled *Bottle of Lies* is complete or presented with full context, and deny Plaintiff's characterization of the information. Moreover, to the extent that Plaintiff relies on passages in *Bottle of Lies* that are based on accounts of unnamed sources, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations based on the unnamed sources on whom Ms. Eban purported to rely and, on that basis, deny the allegations. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the contents of unidentified "FE1['s]," an unidentified whistleblower's, and an unidentified chemist's statements and, on that basis, deny the allegations. Defendants admit that, during the alleged Class Period, Mylan manufactured divalproex at the Morgantown facility. Defendants otherwise deny each and every allegation in paragraph 129.

130.    To the extent that the allegations contained in paragraph 130 purport to quote and/or characterize information or statements contained in Mylan's letter to the FDA, dated May 3, 2018, "Re: Response to FDA Inspection 483 Morgantown, WV," the letter speaks for itself, and Defendants respectfully refer to the letter for its true and correct contents. Defendants deny that Plaintiff's selective description of information or statements contained in Mylan's May 3, 2018 letter to the FDA is complete or presented with full context, and deny Plaintiff's characterization of the information. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the contents of unidentified "Former Employees[']" statements and, on that basis, deny the allegations. Defendants otherwise deny each and every allegation in paragraph 130.

131.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning unidentified "FE6" or the contents of "FE6" statements

63

and, on that basis, deny the allegations.  Defendants otherwise deny each and every allegation in paragraph 131.

132.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the contents of unidentified "FE6['s]" statements and, on that basis, deny the allegations.  Defendants admit that Hari Babu served as Mylan's Chief Operating Officer during the alleged Class Period.  Defendants otherwise deny each and every allegation in paragraph 132.

133.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the contents of unidentified "FE6['s]" statements and, on that basis, deny the allegations.  Defendants otherwise deny each and every allegation in paragraph 133.

134.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the contents of unidentified "FE6['s]" statements and, on that basis, deny the allegations.  Defendants otherwise deny each and every allegation in paragraph 134.

135.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the contents of unidentified "FE6['s]" statements and, on that basis, deny the allegations.  Defendants otherwise deny each and every allegation in paragraph 135.

136.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the contents of unidentified "FE1['s]" statements and, on that basis, deny the allegations.  Defendants otherwise deny each and every allegation in paragraph 136.

137.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the contents of unidentified "FE2['s]" statements and, on that basis, deny the allegations.  Defendants otherwise deny each and every allegation in paragraph 137.

138.    To the extent that the allegations contained in paragraph 138 purport to quote and/or characterize information or statements contained in the 2018 Form 483, the 2018 Form 483 speaks for itself, and Defendants respectfully refer to the 2018 Form 483 for its true and correct contents.  Defendants deny that Plaintiff's selective description of information or statements contained in the 2018 Form 483 is complete or presented with full context, and deny Plaintiff's characterization of the information.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the contents of unidentified "FE2['s]" statements and, on that basis, deny the allegations.  Defendants otherwise deny each and every allegation in paragraph 138.

139.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the contents of unidentified "FE4['s]" statements and, on that basis, deny the allegations.  Defendants otherwise deny each and every allegation in paragraph 139.

140.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the contents of unidentified "FE4['s]" statements and, on that basis, deny the allegations.  Defendants otherwise deny each and every allegation in paragraph 140.

141.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the contents of unidentified "FE4['s]" statements and, on

that basis, deny the allegations. Defendants are also without knowledge or information sufficient to form a belief as to the truth of the allegations relating to "other facilit[ies] in the world" to the extent that Plaintiff intended to refer to facilities that are not Mylan facilities. Defendants otherwise deny each and every allegation in paragraph 141.

142. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the contents of unidentified "FE4['s]" statements and, on that basis, deny the allegations. Defendants otherwise deny each and every allegation in paragraph 142.

143. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning unidentified "FE7" or the contents of "FE7" statements and, on that basis, deny the allegations. Defendants admit that the FDA issued the 2016 Form 483 on November 18, 2016 and that John Sylvester was employed at Mylan during the alleged Class Period. Defendants otherwise deny each and every allegation in paragraph 143.

144. To the extent that the allegations contained in paragraph 144 purport to quote and/or characterize information or statements contained in the January 31, 2019 *Bloomberg Law* article titled "Culture of 'Bending Rules' in India Challenges U.S. Drug Agency," authored by Ari Altstedter and Anna Edney, the article speaks for itself, and Defendants respectfully refer to the article for its contents. Defendants deny that Plaintiff's selective description of information or statements contained in the January 31, 2019 *Bloomberg Law* article is complete or presented with full context, and deny Plaintiff's characterization of the information. Moreover, to the extent that Plaintiff relies on passages in the January 31, 2019 *Bloomberg Law* article that are based on accounts of unnamed sources, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations based on the unnamed sources on

66

whom Mr. Altstedter and Ms. Edney purported to rely and, on that basis, deny the allegations. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the contents of unidentified "former employees[']" and/or "Mylan employees[']" statements and, on that basis, deny the allegations.  Defendants otherwise deny each and every allegation in paragraph 144.

145.    To the extent that the allegations contained in paragraph 145 purport to quote and/or characterize information or statements contained in Mylan's confidential, non-public January 2017 correspondence with the FDA, the correspondence speaks for itself, and Defendants respectfully refer to the correspondence for its true and correct contents.  Defendants deny that Plaintiff's selective description of information or statements contained in Mylan's January 2017 correspondence with the FDA is complete or presented with full context, and deny Plaintiff's characterization of the information.  To the extent that the allegations contained in paragraph 145 purport to quote and/or characterize information or statements contained in the book titled *Bottle of Lies: The Inside Story of the Generic Drug Boom*, authored by Katherine Eban, the book speaks for itself, and Defendants respectfully refer to the book for its contents. Defendants deny that Plaintiff's selective description of information or statements contained in the book titled *Bottle of Lies* is complete or presented with full context, and deny Plaintiff's characterization of the information.  Moreover, to the extent that Plaintiff relies on passages in *Bottle of Lies* that are based on accounts of unnamed sources, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations based on the unnamed sources on whom Ms. Eban purported to rely and, on that basis, deny the allegations.  To the extent that the allegations contained in paragraph 145 purport to characterize investors' state of mind, Defendants are without knowledge or information sufficient to form a belief as to the truth

of such allegations and, on that basis, deny the allegations. Defendants admit that Mylan corresponded with the FDA in January 2017 concerning the Nashik Form 483. Defendants otherwise deny each and every allegation in paragraph 145.

146. To the extent that the allegations contained in paragraph 146 purport to quote and/or characterize information or statements contained in the Nashik Warning Letter, the Nashik Warning Letter speaks for itself, and Defendants respectfully refer to the Nashik Warning Letter for its true and correct contents. Defendants deny that Plaintiff's selective description of information or statements contained in the Nashik Warning Letter is complete or presented with full context, and deny Plaintiff's characterization of the information. Defendants admit that the FDA issued the Nashik Warning Letter, dated April 3, 2017. Defendants admit that the Nashik Warning Letter was addressed to Mr. Malik, President, Mylan Pharmaceuticals Inc. Defendants otherwise deny each and every allegation in paragraph 146.

147. To the extent that the allegations contained in paragraph 147 purport to quote and/or characterize information contained in the Nashik Warning Letter and/or the 2016 Form 483, the Nashik Warning Letter and the 2016 Form 483 speak for themselves, and Defendants respectfully refer to those documents for their true and correct contents. Defendants deny that Plaintiff's selective description of information or statements contained in the Nashik Warning Letter and/or the 2016 Form 483 is complete or presented with full context, and deny Plaintiff's characterization of the information. To the extent that the allegations contained in paragraph 147 purport to characterize the public's state of mind, Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations and, on that basis, deny the allegations. To the extent that the allegations contained in paragraph 147 purport to quote and/or characterize information or statements contained in the book titled *Bottle of Lies: The*

68

*Inside Story of the Generic Drug Boom*, authored by Katherine Eban and/or the January 29, 2019 *Bloomberg Law* article titled "America's Love Affair With Cheap Drugs Has a Hidden Cost," authored by Anna Edney, the book and article speak for themselves, and Defendants respectfully refer to those documents for their contents. Defendants deny that Plaintiff's selective description of information or statements contained in the book titled *Bottle of Lies* and/or the January 29, 2019 *Bloomberg Law* article is complete or presented with full context, and deny Plaintiff's characterization of the information. Moreover, to the extent that Plaintiff relies on passages in *Bottle of Lies* and/or the January 29, 2019 *Bloomberg Law* article that are based on accounts of unnamed sources, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations based on the unnamed sources on whom Ms. Eban and Ms. Edney purported to rely and, on that basis, deny the allegations. Defendants are also without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the contents of unidentified "whistleblower" statements and, on that basis, deny the allegations. Defendants otherwise deny each and every allegation in paragraph 147.

148. Defendants state that the Court's May 18, 2023 Opinion and Order dismissed all claims and allegations regarding all challenged statements other than a portion of the statement referenced in paragraph 299 of the Complaint, and thus no response is required with respect to the allegations of paragraph 148 of the Complaint that are not related to the one remaining, challenged statement. To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 148 purport to quote and/or characterize information or statements contained on Mylan's "Generic Products" website page, the website page speaks for itself, and Defendants respectfully refer to the website page for its true and correct contents. Defendants deny that Plaintiff's selective description of information or statements contained on

69

Mylan's "Generic Products" website page is complete or presented with full context, and deny Plaintiff's characterization of the information. To the extent that the allegations contained in paragraph 148 purport to quote and/or characterize information or statements contained in the book titled *Bottle of Lies: The Inside Story of the Generic Drug Boom*, authored by Katherine Eban, the book speaks for itself, and Defendants respectfully refer to the book for its contents. Defendants deny that Plaintiff's selective description of information or statements contained in the book titled *Bottle of Lies* is complete or presented with full context, and deny Plaintiff's characterization of the information. Moreover, to the extent that Plaintiff relies on passages in *Bottle of Lies*, which are based on accounts of unnamed sources, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations based on the unnamed sources on whom Ms. Eban purported to rely and, on that basis, deny the allegations. Defendants otherwise deny each and every allegation in paragraph 148.

149. To the extent that the allegations contained in paragraph 149 purport to quote and/or characterize information or statements contained in a May 30, 2017 letter from certain Mylan investors and/or a June 12, 2017 Institutional Shareholder Services report, the letter and report speak for themselves, and Defendants respectfully refer to those documents for their true and correct contents. Defendants deny that Plaintiff's selective description of information or statements contained in the May 30, 2017 letter from certain Mylan investors and/or a June 12, 2017 Institutional Shareholder Services report is complete or presented with full context, and deny Plaintiff's characterization of the information. Defendants admit that representatives of Mylan met with representatives of the FDA in or around April 2017. Defendants otherwise deny each and every allegation in paragraph 149.

150.    To the extent that the allegations contained in paragraph 150 purport to quote and/or characterize information or statements contained in the book titled *Bottle of Lies: The Inside Story of the Generic Drug Boom*, authored by Katherine Eban, the book speaks for itself, and Defendants respectfully refer to the book for its contents.  Defendants deny that Plaintiff's selective description of information or statements contained in the book titled *Bottle of Lies* is complete or presented with full context, and deny Plaintiff's characterization of the information.  Moreover, to the extent that Plaintiff relies on passages in *Bottle of Lies* that are based on accounts of unnamed sources, such as unidentified "FDA representatives," Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations based on the unnamed sources on whom Ms. Eban purported to rely and, on that basis, deny the allegations.  Defendants admit that the FDA issued the Nashik Warning Letter, dated April 3, 2017.  Defendants admit that representatives of Mylan met with representatives of the FDA in or around April 2017.  Defendants otherwise deny each and every allegation in paragraph 150.

151.    Defendants state that the Court's May 18, 2023 Opinion and Order dismissed all claims and allegations regarding all challenged statements other than a portion of the statement referenced in paragraph 299 of the Complaint, and thus no response is required with respect to the allegations of paragraph 151 of the Complaint that are not related to the one remaining challenged statement.  To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 151 purport to quote and/or characterize information or statements contained in (i) an April 11, 2017 *Investor's Business Daily* article titled "Mylan Says No Supply Issues Related To FDA Warning At India Plant," authored by Allison Gatlin, (ii) the 2016 Form 483, and/or (iii) the Nashik Warning Letter, the article, 2016 Form 483, and Nashik Warning Letter speak for themselves, and Defendants respectfully refer to those documents for

their true and correct contents.  Defendants deny that Plaintiff's selective description of information or statements contained in (i) an April 11, 2017 *Investor's Business Daily* article, (ii) the 2016 Form 483, and/or (iii) the Nashik Warning Letter is complete or presented with full context, and deny Plaintiff's characterization of the information.

To the extent that the allegations contained in paragraph 151 purport to quote and/or characterize information or statements contained in the book titled *Bottle of Lies: The Inside Story of the Generic Drug Boom*, authored by Katherine Eban, the book speaks for itself, and Defendants respectfully refer to the book for its contents.  Defendants deny that Plaintiff's selective description of information or statements contained in the book titled *Bottle of Lies* is complete or presented with full context, and deny Plaintiff's characterization of the information. Moreover, to the extent that Plaintiff relies on passages in *Bottle of Lies* that are based on accounts of unnamed sources, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations based on the unnamed sources on whom Ms. Eban purported to rely and, on that basis, deny the allegations.  Defendants otherwise deny each and every allegation in paragraph 151.

152.    To the extent that the allegations contained in paragraph 152 purport to quote and/or characterize information or statements contained in the book titled *Bottle of Lies: The Inside Story of the Generic Drug Boom*, authored by Katherine Eban, and/or the January 29, 2019 *Bloomberg Law* article titled "America's Love Affair With Cheap Drugs Has a Hidden Cost," authored by Anna Edney, the book and article speak for themselves, and Defendants respectfully refer to those documents for their contents.  Defendants deny that Plaintiff's selective description of information or statements contained in the book titled *Bottle of Lies* and/or the January 29, 2019 *Bloomberg Law* article is complete or presented with full context,

and deny Plaintiff's characterization of the information.  Moreover, to the extent that Plaintiff relies on passages in *Bottle of Lies* and/or the January 29, 2019 *Bloomberg Law* article that are based on accounts of unnamed sources, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations based on the unnamed sources on whom Ms. Eban and Ms. Edney purported to rely and, on that basis, deny the allegations.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the unidentified "FDA lawyer" and, on that basis, deny the allegations.  Defendants admit that in July 2017 the FDA issued an Untitled Letter relating to the 2016 Morgantown inspection, which the FDA classified as "Voluntary Action Indicated." Defendants otherwise deny each and every allegation in paragraph 152.

153.    To the extent that the allegations contained in paragraph 153 purport to characterize investors' state of mind, Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations and, on that basis, deny the allegations.  Defendants otherwise deny each and every allegation in paragraph 153.

154.    To the extent that the allegations contained in paragraph 154 purport to quote and/or characterize information or statements contained in the book titled *Bottle of Lies: The Inside Story of the Generic Drug Boom*, authored by Katherine Eban, the book speaks for itself, and Defendants respectfully refer to the book for its contents.  Defendants deny that Plaintiff's selective description of information or statements contained in the book titled *Bottle of Lies* is complete or presented with full context, and deny Plaintiff's characterization of the information. Moreover, to the extent that Plaintiff relies on passages in *Bottle of Lies* that are based on accounts of unnamed sources, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations based on the unnamed sources on whom Ms. Eban

73

purported to rely and, on that basis, deny the allegations.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the contents of unidentified "whistleblower" statements and, on that basis, deny the allegations.  Defendants otherwise deny each and every allegation in paragraph 154.

155.    To the extent that the allegations contained in paragraph 155 purport to quote and/or characterize information or statements contained in the book titled *Bottle of Lies: The Inside Story of the Generic Drug Boom*, authored by Katherine Eban, the book speaks for itself, and Defendants respectfully refer to the book for its contents.  Defendants deny that Plaintiff's selective description of information or statements contained in the book titled *Bottle of Lies* is complete or presented with full context, and deny Plaintiff's characterization of the information.  Moreover, to the extent that Plaintiff relies on passages in *Bottle of Lies* that are based on accounts of unnamed sources, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations based on the unnamed sources on whom Ms. Eban purported to rely and, on that basis, deny the allegations.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the contents of unidentified "Former Mylan employees[']" statements, including statements made by "FE1," and on that basis, deny the allegations.  Defendants are also without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the contents of unidentified "whistleblower" statements and, on that basis, deny the allegations.  Defendants admit that the FDA issued the 2016 Form 483 on November 18, 2016.  Defendants otherwise deny each and every allegation in paragraph 155.

156.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning unidentified "FE1" or the contents of "FE1" statements

and, on that basis, deny the allegations. Defendants admit that the FDA issued the 2016 Form 483 on November 18, 2016 and that Kimberly Kupec and Eddie Koski were employees of Mylan in 2016. Defendants otherwise deny each and every allegation in paragraph 156.

157. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the contents of unidentified "FE6['s]" statements and, on that basis, deny the allegations. Defendants admit that the FDA issued the 2016 Form 483 on November 18, 2016. Defendants otherwise deny each and every allegation in paragraph 157.

158. To the extent that the allegations contained in paragraph 158 purport to quote and/or characterize information or statements contained in the book titled *Bottle of Lies: The Inside Story of the Generic Drug Boom*, authored by Katherine Eban, the book speaks for itself, and Defendants respectfully refer to the book for its contents. Defendants deny that Plaintiff's selective description of information or statements contained in the book titled *Bottle of Lies* is complete or presented with full context, and deny Plaintiff's characterization of the information. Moreover, to the extent that Plaintiff relies on passages in *Bottle of Lies* that are based on accounts of unnamed sources, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations based on the unnamed sources on whom Ms. Eban purported to rely and, on that basis, deny the allegations. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the contents of unidentified "FE3['s]" statements and, on that basis, deny the allegations. Defendants are also without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the contents of unidentified "whistleblower" statements and, on that basis, deny the allegations. Defendants admit that the FDA issued the 2016 Form 483 on November 18, 2016. Defendants otherwise deny each and every allegation in paragraph 158.

159.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the contents of unidentified "Former Employees[']" statements, including statements made by "FE2," and on that basis, deny the allegations. Defendants otherwise deny each and every allegation in paragraph 159.

160.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning unidentified "FE8" or the contents of "FE8" statements and, on that basis, deny the allegations.  Defendants admit that the FDA issued the 2016 Form 483 on November 18, 2016 and the 2018 Form 483 on April 12, 2018.  Defendants otherwise deny each and every allegation in paragraph 160.

161.    Defendants deny the allegations in paragraph 161.

162.    To the extent that the allegations contained in paragraph 162 purport to quote and/or characterize information or statements contained in the 2016 Form 483 and/or Mylan product recall notices, the 2016 Form 483 and Mylan product recall notices speak for themselves, and Defendants respectfully refer to those documents for their true and correct contents.  Defendants deny that Plaintiff's selective description of information or statements contained in the 2016 Form 483 and/or Mylan product recall notices is complete or presented with full context, and deny Plaintiff's characterization of the information.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning both Lead Plaintiff and analysts as described in footnote five of the Complaint. Defendants admit that Mylan voluntarily recalled certain products during the alleged Class Period, that during the alleged Class Period, Mylan had a manufacturing facility in Morgantown, West Virginia, and that on certain days in March and April 2018, FDA representatives inspected

76

Mylan's Morgantown manufacturing facility. Defendants otherwise deny each and every allegation in paragraph 162.

163. To the extent that the allegations contained in paragraph 163 purport to quote and/or characterize information or statements contained in the book titled *Bottle of Lies: The Inside Story of the Generic Drug Boom*, authored by Katherine Eban, the book speaks for itself, and Defendants respectfully refer to the book for its contents. Defendants deny that Plaintiff's selective description of information or statements contained in the book titled *Bottle of Lies* is complete or presented with full context, and deny Plaintiff's characterization of the information. Moreover, to the extent that Plaintiff relies on passages in *Bottle of Lies* that are based on accounts of unnamed sources, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations based on the unnamed sources on whom Ms. Eban purported to rely and, on that basis, deny the allegations. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the alleged "whistleblower report" and the FDA and, on that basis, deny the allegations. Defendants admit that during the alleged Class Period, Mylan had a manufacturing facility in Morgantown, West Virginia, and that on certain days in March and April 2018, FDA representatives inspected Mylan's Morgantown manufacturing facility. Defendants otherwise deny each and every allegation in paragraph 163.

164. To the extent that the allegations contained in paragraph 164 purport to quote and/or characterize information or statements contained in the 2016 Form 483 and/or the 2018 Form 483, the 2016 and 2018 Form 483s speak for themselves, and Defendants respectfully refer to those documents for their true and correct contents. Defendants deny that Plaintiff's selective description of information or statements contained in the 2016 Form 483 and/or the 2018 Form

77

483 is complete or presented with full context, and deny Plaintiff's characterization of the information.  Defendants admit that during the alleged Class Period, Mylan had a manufacturing facility in Morgantown, West Virginia, and that on certain days in March and April 2018, FDA representatives inspected Mylan's Morgantown manufacturing facility.  Defendants admit that the 2018 Form 483 was issued on April 12, 2018 and was addressed to Kimberly L. Kupec, Head of OSD Quality Morgantown, Mylan Pharmaceuticals Inc.  Defendants otherwise deny each and every allegation in paragraph 164.

165.    To the extent that the allegations contained in paragraph 165 purport to quote and/or characterize information or statements contained in the 2016 Form 483 and/or the 2018 Form 483, the 2016 and 2018 Form 483s speak for themselves, and Defendants respectfully refer to those documents for their true and correct contents.  Defendants deny that Plaintiff's selective description of information or statements contained in the 2016 Form 483 and/or the 2018 Form 483 is complete or presented with full context, and deny Plaintiff's characterization of the information.  Defendants otherwise deny each and every allegation in paragraph 165.

166.    To the extent that the allegations contained in paragraph 166 purport to quote and/or characterize information or statements contained in the 2016 Form 483 and/or the 2018 Form 483, the 2016 and 2018 Form 483s speak for themselves, and Defendants respectfully refer to those documents for their true and correct contents.  Defendants deny that Plaintiff's selective description of information or statements contained in the 2016 Form 483 and/or the 2018 Form 483 is complete or presented with full context, and deny Plaintiff's characterization of the information.  Defendants otherwise deny each and every allegation in paragraph 166.

167.    To the extent that the allegations contained in paragraph 167 purport to quote and/or characterize information or statements contained in the 2016 Form 483 and/or the 2018

Form 483, the 2016 and 2018 Form 483s speak for themselves, and Defendants respectfully refer to those documents for their true and correct contents. Defendants deny that Plaintiff's selective description of information or statements contained in the 2016 Form 483 and/or the 2018 Form 483 is complete or presented with full context, and deny Plaintiff's characterization of the information. Defendants otherwise deny each and every allegation in paragraph 167.

168.   To the extent that the allegations contained in paragraph 168 purport to quote and/or characterize information or statements contained in the 2016 Form 483 and/or the 2018 Form 483, the 2016 and 2018 Form 483s speak for themselves, and Defendants respectfully refer to those documents for their true and correct contents. Defendants deny that Plaintiff's selective description of information or statements contained in the 2016 Form 483 and/or the 2018 Form 483 is complete or presented with full context, and deny Plaintiff's characterization of the information. Defendants otherwise deny each and every allegation in paragraph 168.

169.   To the extent that the allegations contained in paragraph 169 purport to quote and/or characterize information or statements contained in the 2016 Form 483 and/or the 2018 Form 483, the 2016 and 2018 Form 483s speak for themselves, and Defendants respectfully refer to those documents for their true and correct contents. Defendants deny that Plaintiff's selective description of information or statements contained in the 2016 Form 483 and/or the 2018 Form 483 is complete or presented with full context, and deny Plaintiff's characterization of the information. Defendants otherwise deny each and every allegation in paragraph 169.

170.   To the extent that the allegations contained in paragraph 170 purport to quote and/or characterize information or statements contained in the 2016 Form 483 and/or the 2018 Form 483, the 2016 and 2018 Form 483s speak for themselves, and Defendants respectfully refer to those documents for their true and correct contents. Defendants deny that Plaintiff's selective

description of information or statements contained in the 2016 Form 483 and/or the 2018 Form 483 is complete or presented with full context, and deny Plaintiff's characterization of the information.  Defendants otherwise deny each and every allegation in paragraph 170.

171.    To the extent that the allegations contained in paragraph 171 purport to quote and/or characterize information or statements contained in the 2016 Form 483 and/or the 2018 Form 483, the 2016 and 2018 Form 483s speak for themselves, and Defendants respectfully refer to those documents for their true and correct contents.  Defendants deny that Plaintiff's selective description of information or statements contained in the 2016 Form 483 and/or the 2018 Form 483 is complete or presented with full context, and deny Plaintiff's characterization of the information.  Defendants otherwise deny each and every allegation in paragraph 171.

172.    To the extent that the allegations contained in paragraph 172 purport to quote and/or characterize information or statements contained in the Morgantown Warning Letter, the Morgantown Warning Letter speaks for itself, and Defendants respectfully refer to the letter for its true and correct contents.  Defendants deny that Plaintiff's selective description of information or statements contained in the Morgantown Warning Letter is complete or presented with full context, and deny Plaintiff's characterization of the information.  Defendants admit that the FDA issued the Morgantown Warning Letter, dated November 9, 2018.  Defendants otherwise deny each and every allegation in paragraph 172.

173.    To the extent that the allegations contained in paragraph 173 purport to quote and/or characterize information or statements contained in the 2018 Form 483, Morgantown Warning Letter, and/or unspecified Mylan "operating procedures," the 2018 Form 483, Morgantown Warning Letter, and unspecified Mylan "operating procedures" speak for themselves, and Defendants respectfully refer to those documents for their true and correct

contents. Defendants deny that Plaintiff's selective description of information or statements contained in the 2018 Form 483, Morgantown Warning Letter, and/or Mylan "operating procedures" is complete or presented with full context, and deny Plaintiff's characterization of the information. Defendants otherwise deny each and every allegation in paragraph 173.

174. To the extent that the allegations contained in paragraph 174 purport to quote and/or characterize information or statements contained in the 2018 Form 483, Morgantown Warning Letter, and/or unspecified Mylan "operating procedures," the 2018 Form 483, Morgantown Warning Letter, and/or unspecified Mylan "operating procedures" speak for themselves, and Defendants respectfully refer to those documents for their true and correct contents. Defendants deny that Plaintiff's selective description of information or statements contained in the 2018 Form 483, Morgantown Warning Letter, and/or Mylan "operating procedures" is complete or presented with full context, and deny Plaintiff's characterization of the information. Defendants otherwise deny each and every allegation in paragraph 174.

175. To the extent that the allegations contained in paragraph 175 purport to quote and/or characterize information or statements contained in the 2018 Form 483, the 2018 Form 483 speaks for itself, and Defendants respectfully refer to the 2018 Form 483 for its true and correct contents. Defendants deny that Plaintiff's selective description of information or statements contained in the 2018 Form 483 is complete or presented with full context, and deny Plaintiff's characterization of the information. Defendants otherwise deny each and every allegation in paragraph 175.

176. To the extent that the allegations contained in paragraph 176 purport to quote and/or characterize information or statements contained in the 2018 Form 483, the 2018 Form 483 speaks for itself, and Defendants respectfully refer to the 2018 Form 483 for its true and

correct contents.  Defendants deny that Plaintiff's selective description of information or statements contained in the 2018 Form 483 is complete or presented with full context, and deny Plaintiff's characterization of the information.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the contents of unidentified "whistleblower" statements and, on that basis, deny the allegations.

To the extent that the allegations contained in paragraph 176 purport to quote and/or characterize information or statements contained in the book titled *Bottle of Lies: The Inside Story of the Generic Drug Boom*, authored by Katherine Eban, the book speaks for itself, and Defendants respectfully refer to the book for its contents.  Defendants deny that Plaintiff's selective description of information or statements contained in the book titled *Bottle of Lies* is complete or presented with full context, and deny Plaintiff's characterization of the information.  Moreover, to the extent that Plaintiff relies on passages in *Bottle of Lies* that are based on accounts of unnamed sources, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations based on the unnamed sources on whom Ms. Eban purported to rely and, on that basis, deny the allegations.  Defendants otherwise deny each and every allegation in paragraph 176.

177.    To the extent that the allegations contained in paragraph 177 purport to quote and/or characterize information or statements contained in Mylan's letter to the FDA, dated May 3, 2018, "Re: Response to FDA Inspection 483 Morgantown, WV," the letter speaks for itself, and Defendants respectfully refer to the letter for its true and correct contents.  Defendants deny that Plaintiff's selective description of information or statements contained in Mylan's May 3, 2018 letter to the FDA is complete or presented with full context, and deny Plaintiff's characterization of the information.  Defendants are without knowledge or information sufficient

to form a belief as to the truth of the allegations concerning the contents of unidentified "Former Employees[']" statements, including statements made by "FEs 1, 2, 4, 6, and 7," and on that basis, deny the allegations. Defendants admit that Mylan sent a letter to the FDA, dated May 3, 2018, that was signed by Mylan's Head of Global Quality. Defendants otherwise deny each and every allegation in paragraph 177.

178. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the contents of unidentified "FEs 2, 3, 6, and 8['s]" statements and, on that basis, deny the allegations. Defendants admit that the FDA issued the 2018 Form 483 on April 12, 2018. Defendants otherwise deny each and every allegation in paragraph 178.

179. Defendants state that the Court's May 18, 2023 Opinion and Order dismissed all claims and allegations regarding all challenged statements other than a portion of the statement referenced in paragraph 299 of the Complaint, and thus no response is required with respect to the allegations of paragraph 179 of the Complaint that are not related to the one remaining challenged statement. To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 179 purport to quote and/or characterize information or statements contained in an April 20, 2018 *MetroNews* article titled "15 percent of Mylan workforce laid off at Morgantown plant," authored by MetroNews Staff, the article speaks for itself, and Defendants respectfully refer to the article for its true and correct contents. Defendants deny that Plaintiff's selective description of information or statements contained in the April 20, 2018 *MetroNews* article is complete or presented with full context, and deny Plaintiff's characterization of the information. Defendants admit that on April 20, 2018, Mylan

83

announced the right-sizing of its Morgantown manufacturing facility.  Defendants otherwise deny each and every allegation in paragraph 179.

180.    To the extent that the allegations contained in paragraph 180 purport to quote and/or characterize information or statements contained in the 2016 Form 483 and/or Mylan product recall notices, the 2016 Form 483 and the Mylan product recall notices speak for themselves, and Defendants respectfully refer to those documents for their true and correct contents.  Defendants deny that Plaintiff's selective description of information or statements contained in the 2016 Form 483 and/or Mylan product recall notices is complete or presented with full context, and deny Plaintiff's characterization of the information.  Defendants admit that Mylan voluntarily recalled certain drugs during the alleged Class Period and that the FDA issued the 2018 Form 483 on April 12, 2018.  Defendants otherwise deny each and every allegation in paragraph 180.

181.    Defendants state that the Court's May 18, 2023 Opinion and Order dismissed all claims and allegations regarding all challenged statements other than a portion of the statement referenced in paragraph 299 of the Complaint, and thus no response is required with respect to the allegations of paragraph 181 of the Complaint that are not related to the one remaining challenged statement.  To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 181 purport to quote and/or characterize information or statements contained in a June 27, 2018 *Bloomberg* article titled "FDA Made 13 Observations After Inspecting Mylan Plant in W.Va.," authored by Katherine Tam, and/or the 2018 Form 483, the article and 2018 Form 483 speak for themselves, and Defendants respectfully refer to those documents for their true and correct contents.  Defendants deny that Plaintiff's selective description of information or statements contained in the June 27, 2018 *Bloomberg* article and/or

the 2018 Form 483 is complete or presented with full context, and deny Plaintiff's characterization of the information. Defendants incorporate their answers to ¶¶163-177 as if set forth herein. Defendants otherwise deny each and every allegation in paragraph 181.

182. Defendants state that the Court's May 18, 2023 Opinion and Order dismissed all claims and allegations regarding all challenged statements other than a portion of the statement referenced in paragraph 299 of the Complaint, and thus no response is required with respect to the allegations of paragraph 182 of the Complaint that are not related to the one remaining challenged statement. To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 182 purport to quote and/or characterize information or statements contained in a June 29, 2018 Cantor Fitzgerald report, the report speaks for itself, and Defendants respectfully refer to the report for its true and correct contents. Defendants deny that Plaintiff's selective description of information or statements contained in the June 29, 2018 Cantor Fitzgerald report is complete or presented with full context, and deny Plaintiff's characterization of the information. To the extent that the allegations contained in paragraph 182 purport to characterize analysts' state of mind, Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations and, on that basis, deny the allegations. Defendants otherwise deny each and every allegation in paragraph 182.

183. Defendants state that the Court's May 18, 2023 Opinion and Order dismissed all claims and allegations regarding all challenged statements other than a portion of the statement referenced in paragraph 299 of the Complaint, and thus no response is required with respect to the allegations of paragraph 183 of the Complaint that are not related to the one remaining challenged statement. To the extent that a response is deemed necessary, Defendants admit that Mylan's stock price was $37.45 per share at the close of June 27, 2018 and was $36.33 per share

85

at the close of June 28, 2018.  Defendants otherwise deny each and every allegation in paragraph 183.

184.    Defendants state that the Court's May 18, 2023 Opinion and Order dismissed all claims and allegations regarding all challenged statements other than a portion of the statement referenced in paragraph 299 of the Complaint, and thus no response is required with respect to the allegations of paragraph 184 of the Complaint that are not related to the one remaining challenged statement.  To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 184 purport to quote and/or characterize information or statements contained in a June 28, 2018 statement issued by Mylan regarding "Morgantown Operations," Mylan's statement speaks for itself, and Defendants respectfully refer to the statement for its true and correct contents.  Defendants deny that Plaintiff's selective description of information or statements contained in Mylan's June 28, 2018 statement is complete or presented with full context, and deny Plaintiff's characterization of the information.  Defendants admit that Mylan issued a statement regarding "Morgantown Operations" on June 28, 2018. Defendants are without knowledge or information sufficient to form a belief as to whether investors were "reassur[ed]" and, on that basis, deny the allegations.  Defendants otherwise deny each and every allegation in paragraph 184.

185.    Defendants state that the Court's May 18, 2023 Opinion and Order dismissed all claims and allegations regarding all challenged statements other than a portion of the statement referenced in paragraph 299 of the Complaint, and thus no response is required with respect to the allegations of paragraph 185 of the Complaint that are not related to the one remaining challenged statement.  To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 185 purport to quote and/or characterize information or

statements contained in a June 28, 2018 statement issued by Mylan regarding "Morgantown Operations," Mylan's statement speaks for itself, and Defendants respectfully refer to the statement for its true and correct contents.  Defendants deny that Plaintiff's selective description of information or statements contained in Mylan's June 28, 2018 statement is complete or presented with full context, and deny Plaintiff's characterization of the information.  Defendants are without knowledge or information sufficient to form a belief as to whether investors were "reassured" and, on that basis, deny the allegations.  Defendants admit that Mylan issued a statement regarding "Morgantown Operations" on June 28, 2018.  Defendants otherwise deny each and every allegation in paragraph 185.

186.    Defendants state that the Court's May 18, 2023 Opinion and Order dismissed all claims and allegations regarding all challenged statements other than a portion of the statement referenced in paragraph 299 of the Complaint, and thus no response is required with respect to the allegations of paragraph 186 of the Complaint that are not related to the one remaining challenged statement.  To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 186 purport to quote and/or characterize information or statements contained in or made during Mylan's Q2 2018 earnings call on August 8, 2018 and/or Mylan's Form 8-K attaching its press release announcing Mylan's financial results for Q2 2018, filed with the SEC on August 8, 2018, the earnings call transcript and Form 8-K speak for themselves, and Defendants respectfully refer to those documents for their true and correct contents.  Defendants deny that Plaintiff's selective description of information or statements contained in or made during the Q2 2018 earnings call on August 8, 2018 and/or Mylan's Form 8-K attaching its press release announcing Mylan's financial results for Q2 2018, filed with the SEC on August 8, 2018, is complete or presented with full context, and deny Plaintiff's

87

characterization of the information.  Defendants admit that the FDA issued the 2018 Form 483

on April 12, 2018.  Defendants otherwise deny each and every allegation in paragraph 186.

187.    Defendants state that the Court's May 18, 2023 Opinion and Order dismissed all

claims and allegations regarding all challenged statements other than a portion of the statement

referenced in paragraph 299 of the Complaint, and thus no response is required with respect to

the allegations of paragraph 187 of the Complaint that are not related to the one remaining

challenged statement.  To the extent that a response is deemed necessary and to the extent that

the allegations contained in paragraph 187 purport to quote and/or characterize information or

statements contained in or made during Mylan's Q2 2018 earnings call on August 8, 2018 and/or

Mylan's Form 8-K attaching its press release announcing Mylan's financial results for Q2 2018,

filed with the SEC on August 8, 2018, the earnings call transcript and Form 8-K speak for

themselves, and Defendants respectfully refer to those documents for their true and correct

contents.  Defendants deny that Plaintiff's selective description of information or statements

contained in or made during the Q2 2018 earnings call on August 8, 2018 and/or Mylan's Form

8-K attaching its press release announcing Mylan's financial results for Q2 2018, filed with the

SEC on August 8, 2018, is complete or presented with full context, and deny Plaintiff's

characterization of the information.  Defendants are without knowledge or information sufficient

to form a belief as to whether investors were "assured" and, on that basis, deny the allegations.

Defendants otherwise deny each and every allegation in paragraph 187.

188.    Defendants state that the Court's May 18, 2023 Opinion and Order dismissed all

claims and allegations regarding all challenged statements other than a portion of the statement

referenced in paragraph 299 of the Complaint, and thus no response is required with respect to

the allegations of paragraph 188 of the Complaint that are not related to the one remaining

challenged statement. To the extent that a response is deemed necessary, Defendants admit that Mylan's stock price was $39.23 per share at the close of August 8, 2018 and was $36.61 per share at the close of August 9, 2018. Defendants otherwise deny each and every allegation in paragraph 188.

189. Defendants state that the Court's May 18, 2023 Opinion and Order dismissed all claims and allegations regarding all challenged statements other than a portion of the statement referenced in paragraph 299 of the Complaint, and thus no response is required with respect to the allegations of paragraph 189 of the Complaint that are not related to the one remaining challenged statement. To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 189 purport to quote and/or characterize information or statements contained in an August 8, 2018 Barclays report and/or an August 8, 2018 Deutsche Bank report, the reports speak for themselves, and Defendants respectfully refer to those documents for their true and correct contents. Defendants deny that Plaintiff's selective description of information or statements contained in an August 8, 2018 Barclays report and/or an August 8, 2018 Deutsche Bank report is complete or presented with full context, and deny Plaintiff's characterization of the information. To the extent that the allegations contained in paragraph 189 purport to characterize analysts' state of mind, Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations and, on that basis, deny the allegations. Defendants otherwise deny each and every allegation in paragraph 189.

190. Defendants state that the Court's May 18, 2023 Opinion and Order dismissed all claims and allegations regarding all challenged statements other than a portion of the statement referenced in paragraph 299 of the Complaint, and thus no response is required with respect to the allegations of paragraph 190 of the Complaint that are not related to the one remaining

challenged statement. To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 190 purport to quote and/or characterize information or statements contained in an August 8, 2018 J.P. Morgan report and/or an August 8, 2018 BTIG report, the reports speak for themselves, and Defendants respectfully refer to those documents for their true and correct contents. Defendants deny that Plaintiff's selective description of information or statements contained in an August 8, 2018 J.P. Morgan report and/or an August 8, 2018 BTIG report is complete or presented with full context, and deny Plaintiff's characterization of the information. To the extent that the allegations contained in paragraph 190 purport to characterize analysts' state of mind, Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations and, on that basis, deny the allegations. Defendants otherwise deny each and every allegation in paragraph 190.

191.    Defendants state that the Court's May 18, 2023 Opinion and Order dismissed all claims and allegations regarding all challenged statements other than a portion of the statement referenced in paragraph 299 of the Complaint, and thus no response is required with respect to the allegations of paragraph 191 of the Complaint that are not related to the one remaining challenged statement. To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 191 purport to quote and/or characterize information or statements contained in an August 8, 2018 Morgan Stanley report and/or an August 8, 2018 Wells Fargo report, the reports speak for themselves, and Defendants respectfully refer to those documents for their true and correct contents. Defendants deny that Plaintiff's selective description of information or statements contained in an August 8, 2018 Morgan Stanley report and/or an August 8, 2018 Wells Fargo report is complete or presented with full context, and deny Plaintiff's characterization of the information. To the extent that the allegations contained in

90

paragraph 191 purport to characterize analysts' state of mind, Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations and, on that basis, deny the allegations. Defendants otherwise deny each and every allegation in paragraph 191.

192. Defendants state that the Court's May 18, 2023 Opinion and Order dismissed all claims and allegations regarding all challenged statements other than a portion of the statement referenced in paragraph 299 of the Complaint, and thus no response is required with respect to the allegations of paragraph 192 of the Complaint that are not related to the one remaining challenged statement. To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 192 purport to quote and/or characterize information or statements contained in an August 9, 2018 *Fierce Pharma* article titled "Mylan says plant remediation dictated in part by which generics to drop," authored by Eric Palmer, the article speaks for itself, and Defendants respectfully refer to the article for its true and correct contents. Defendants deny that Plaintiff's selective description of information or statements contained in the August 9, 2018 *Fierce Pharma* article is complete or presented with full context, and deny Plaintiff's characterization of the information. Defendants otherwise deny each and every allegation in paragraph 192.

193. Defendants state that the Court's May 18, 2023 Opinion and Order dismissed all claims and allegations regarding all challenged statements other than a portion of the statement referenced in paragraph 299 of the Complaint, and thus no response is required with respect to the allegations of paragraph 193 of the Complaint that are not related to the one remaining challenged statement. To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 193 purport to quote and/or characterize information or statements contained in or made during Mylan's Q3 2018 earnings call on November 5, 2018

and/or Mylan's Form 8-K attaching its press release announcing Mylan's financial results for Q3 2018, filed with the SEC on November 5, 2018, the earnings call transcript and Form 8-K speak for themselves, and Defendants respectfully refer to those documents for their true and correct contents.  Defendants deny that Plaintiff's selective description of information or statements contained in or made during Mylan's Q3 2018 earnings call on November 5, 2018 and/or Mylan's Form 8-K attaching its press release announcing Mylan's financial results for Q3 2018, filed with the SEC on November 5, 2018, is complete or presented with full context, and deny Plaintiff's characterization of the information.  Defendants otherwise deny each and every allegation in paragraph 193.

194.    Defendants state that the Court's May 18, 2023 Opinion and Order dismissed all claims and allegations regarding all challenged statements other than a portion of the statement referenced in paragraph 299 of the Complaint, and thus no response is required with respect to the allegations of paragraph 194 of the Complaint that are not related to the one remaining challenged statement.  To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 194 purport to quote and/or characterize information or statements contained in or made during Mylan's Q3 2018 earnings call on November 5, 2018 and/or Mylan's Form 8-K attaching its press release announcing Mylan's financial results for Q3 2018, filed with the SEC on November 5, 2018, the earnings call transcript and Form 8-K speak for themselves, and Defendants respectfully refer to those documents for their true and correct contents.  Defendants deny that Plaintiff's selective description of information or statements contained in or made during Mylan's Q3 2018 earnings call on November 5, 2018 and/or Mylan's Form 8-K attaching its press release announcing Mylan's financial results for Q3 2018, filed with the SEC on November 5, 2018, is complete or presented with full context, and deny

Plaintiff's characterization of the information. Defendants otherwise deny each and every allegation in paragraph 194.

195. To the extent that the allegations contained in paragraph 195 purport to quote and/or characterize information or statements contained in the Morgantown Warning Letter and/or the 2018 Form 483, the Morgantown Warning Letter and 2018 Form 483 speak for themselves, and Defendants respectfully refer to those documents for their true and correct contents. Defendants deny that Plaintiff's selective description of information or statements contained in the Morgantown Warning Letter and/or the 2018 Form 483 is complete or presented with full context, and deny Plaintiff's characterization of the information. Defendants admit that the FDA issued the Morgantown Warning Letter, dated November 9, 2018. Defendants admit that the Morgantown Warning Letter was addressed to Ms. Bresch, Chief Executive Officer, Mylan Pharmaceuticals, Inc. Defendants otherwise deny each and every allegation in paragraph 195.

196. To the extent that the allegations contained in paragraph 196 purport to quote and/or characterize information or statements contained in the Morgantown Warning Letter, the 2016 Form 483, and/or the 2018 Form 483, the Morgantown Warning Letter and the 2016 and 2018 Form 483s speak for themselves, and Defendants respectfully refer to those documents for their true and correct contents. Defendants deny that Plaintiff's selective description of information or statements contained in the Morgantown Warning Letter, the 2016 Form 483, and/or the 2018 Form 483 is complete or presented with full context, and deny Plaintiff's characterization of the information. Defendants otherwise deny each and every allegation in paragraph 196.

93

197.    To the extent that the allegations contained in paragraph 197 purport to quote and/or characterize information or statements contained in the Morgantown Warning Letter, the Morgantown Warning Letter speaks for itself, and Defendants respectfully refer to the letter for its true and correct contents.  Defendants deny that Plaintiff's selective description of information or statements contained in the Morgantown Warning Letter is complete or presented with full context, and deny Plaintiff's characterization of the information.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the contents of unidentified "Former Employees[']" statements and, on that basis, deny the allegations.  Defendants admit that Mylan voluntarily recalled certain products during the alleged Class Period.  Defendants otherwise deny each and every allegation in paragraph 197.

198.    To the extent that the allegations contained in paragraph 198 purport to quote and/or characterize information or statements contained in the Morgantown Warning Letter, the Morgantown Warning Letter speaks for itself, and Defendants respectfully refer to the letter for its true and correct contents.  Defendants deny that Plaintiff's selective description of information or statements contained in the Morgantown Warning Letter is complete or presented with full context, and deny Plaintiff's characterization of the information.  Defendants admit that during the alleged Class Period, Mylan had a manufacturing facility in Morgantown, West Virginia, and that on certain days in November 2016, FDA representatives inspected Mylan's Morgantown manufacturing facility.  Defendants otherwise deny each and every allegation in paragraph 198.

199.    To the extent that the allegations contained in paragraph 199 purport to quote and/or characterize information or statements contained in the Morgantown Warning Letter, the Morgantown Warning Letter speaks for itself, and Defendants respectfully refer to the letter for

its true and correct contents. Defendants deny that Plaintiff's selective description of information or statements contained in the Morgantown Warning Letter is complete or presented with full context, and deny Plaintiff's characterization of the information. Defendants otherwise deny each and every allegation in paragraph 199.

200. To the extent that the allegations contained in paragraph 200 purport to quote and/or characterize information or statements contained in the Morgantown Warning Letter, the Morgantown Warning Letter speaks for itself, and Defendants respectfully refer to the letter for its true and correct contents. Defendants deny that Plaintiff's selective description of information or statements contained in the Morgantown Warning Letter is complete or presented with full context, and deny Plaintiff's characterization of the information. Defendants otherwise deny each and every allegation in paragraph 200.

201. To the extent that the allegations contained in paragraph 201 purport to quote and/or characterize information or statements contained in the Morgantown Warning Letter, the Morgantown Warning Letter speaks for itself, and Defendants respectfully refer to the letter for its true and correct contents. Defendants deny that Plaintiff's selective description of information or statements contained in the Morgantown Warning Letter is complete or presented with full context, and deny Plaintiff's characterization of the information. Defendants otherwise deny each and every allegation in paragraph 201.

202. To the extent that the allegations contained in paragraph 202 purport to quote and/or characterize information or statements contained in (i) the Morgantown Warning Letter, (ii) the Nashik Warning Letter, (iii) the 2018 Form 483, and/or (iv) the Warning Letter issued by the FDA, dated August 6, 2015, concerning three facilities in India, the warning letters and 2018 Form 483 speak for themselves, and Defendants respectfully refer to those documents for their

95

true and correct contents.  Defendants deny that Plaintiff's selective description of information or statements contained in (i) the Morgantown Warning Letter, (ii) the Nashik Warning Letter, (iii) the 2018 Form 483, and/or (iv) the Warning Letter issued by the FDA, dated August 6, 2015, concerning three facilities in India is complete or presented with full context, and deny Plaintiff's characterization of the information.  Defendants otherwise deny each and every allegation in paragraph 202.

203.    To the extent that the allegations contained in paragraph 203 purport to quote and/or characterize information or statements contained in the Morgantown Warning Letter, the Morgantown Warning Letter speaks for itself, and Defendants respectfully refer to the letter for its true and correct contents.  Defendants deny that Plaintiff's selective description of information or statements contained in the Morgantown Warning Letter is complete or presented with full context, and deny Plaintiff's characterization of the information.  Defendants otherwise deny each and every allegation in paragraph 203.

204.    To the extent that the allegations contained in paragraph 204 purport to quote and/or characterize information or statements contained on the FDA website and/or in a Twitter post, the website and Twitter post speak for themselves, and Defendants respectfully refer to those documents for their true and correct contents.  Defendants deny that Plaintiff's selective description of information or statements contained on the FDA website and/or in a Twitter post is complete or presented with full context, and deny Plaintiff's characterization of the information.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the FDA's conduct or Dr. Scott Gottlieb and, on that basis, deny the allegations.  Defendants otherwise deny each and every allegation in paragraph 204.

205.    Defendants state that the Court's May 18, 2023 Opinion and Order dismissed all claims and allegations regarding all challenged statements other than a portion of the statement referenced in paragraph 299 of the Complaint, and thus no response is required with respect to the allegations of paragraph 205 of the Complaint that are not related to the one remaining challenged statement.  To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 205 purport to quote and/or characterize information or statements contained in Mylan's November 20, 2018 press release, "Mylan Statement in Response to FDA Warning Letter Relating to Morgantown Plant," the press release speaks for itself, and Defendants respectfully refer to the press release for its true and correct contents. Defendants deny that Plaintiff's selective description of information or statements contained in Mylan's November 20, 2018 press release is complete or presented with full context, and deny Plaintiff's characterization of the information.  Defendants otherwise deny each and every allegation in paragraph 205.

206.    To the extent that the allegations contained in paragraph 206 purport to quote and/or characterize information or statements contained in a January 18, 2019 Leerink report, the report speaks for itself, and Defendants respectfully refer to the report for its true and correct contents.  Defendants deny that Plaintiff's selective description of information or statements contained in the January 18, 2019 Leerink report is complete or presented with full context, and deny Plaintiff's characterization of the information.  Defendants otherwise deny each and every allegation in paragraph 206.

207.    To the extent that the allegations contained in paragraph 207 purport to quote and/or characterize information or statements contained in Mylan's Form 8-K attaching its press release announcing Mylan's financial results for Q4 2018 and FY 2018, filed with the SEC on

February 26, 2019, the Form 8-K speaks for itself, and Defendants respectfully refer to the 8-K for its true and correct contents. Defendants deny that Plaintiff's selective description of information or statements contained in Mylan's Form 8-K attaching its press release announcing Mylan's financial results for Q4 2018 and FY 2018, filed with the SEC on February 26, 2019, is complete or presented with full context, and deny Plaintiff's characterization of the information. Defendants otherwise deny each and every allegation in paragraph 207.

208.    To the extent that the allegations contained in paragraph 208 purport to quote and/or characterize information or statements contained in or made during Mylan's Q4 2018 and FY 2018 earnings call on February 26, 2019, the earnings call transcript speaks for itself, and Defendants respectfully refer to the earnings call transcript for its true and correct contents. Defendants deny that Plaintiff's selective description of information or statements contained in or made during Mylan's Q4 2018 and FY 2018 earnings call on February 26, 2019 is complete or presented with full context, and deny Plaintiff's characterization of the information. Defendants otherwise deny each and every allegation in paragraph 208.

209.    To the extent that the allegations contained in paragraph 209 purport to quote and/or characterize information or statements contained in or made during Mylan's Q4 2018 and FY 2018 earnings call on February 26, 2019, the earnings call transcript speaks for itself, and Defendants respectfully refer to the earnings call transcript for its true and correct contents. Defendants deny that Plaintiff's selective description of information or statements contained in or made during Mylan's Q4 2018 and FY 2018 earnings call on February 26, 2019 is complete or presented with full context, and deny Plaintiff's characterization of the information. Defendants otherwise deny each and every allegation in paragraph 209.

210. To the extent that the allegations contained in paragraph 210 purport to quote and/or characterize information or statements contained in or made during Mylan's Q4 2018 and FY 2018 earnings call on February 26, 2019, the earnings call transcript speaks for itself, and Defendants respectfully refer to the earnings call transcript for its true and correct contents. Defendants deny that Plaintiff's selective description of information or statements contained in or made during Mylan's Q4 2018 and FY 2018 earnings call on February 26, 2019 is complete or presented with full context, and deny Plaintiff's characterization of the information. Defendants otherwise deny each and every allegation in paragraph 210.

211. To the extent that the allegations contained in paragraph 211 purport to quote and/or characterize information or statements contained in or made during Mylan's Q4 2018 and FY 2018 earnings call on February 26, 2019, the earnings call transcript speaks for itself, and Defendants respectfully refer to the earnings call transcript for its true and correct contents. Defendants deny that Plaintiff's selective description of information or statements contained in or made during Mylan's Q4 2018 and FY 2018 earnings call on February 26, 2019 is complete or presented with full context, and deny Plaintiff's characterization of the information. Defendants otherwise deny each and every allegation in paragraph 211.

212. Defendants admit that Mylan's stock price was $30.62 per share at the close of February 26, 2019 and was $26.01 per share at the close of February 27, 2019. Defendants otherwise deny each and every allegation in paragraph 212.

213. To the extent that the allegations contained in paragraph 213 purport to quote and/or characterize information or statements contained in or made during Mylan's Q4 2018 and FY 2018 earnings call on February 26, 2019, the earnings call transcript speaks for itself, and Defendants respectfully refer to the earnings call transcript for its true and correct contents.

Defendants deny that Plaintiff's selective description of information or statements contained in or made during Mylan's Q4 2018 and FY 2018 earnings call on February 26, 2019 is complete or presented with full context, and deny Plaintiff's characterization of the information.  Defendants are without knowledge or information sufficient to form a belief as to whether analysts were "reassure[d]" and, on that basis, deny the allegations.  Defendants otherwise deny each and every allegation in paragraph 213.

214.    To the extent that the allegations contained in paragraph 214 purport to quote and/or characterize information or statements contained in or made during Mylan's Q4 2018 and FY 2018 earnings call on February 26, 2019, the earnings call transcript speaks for itself, and Defendants respectfully refer to the earnings call transcript for its true and correct contents. Defendants deny that Plaintiff's selective description of information or statements contained in or made during Mylan's Q4 2018 and FY 2018 earnings call on February 26, 2019 is complete or presented with full context, and deny Plaintiff's characterization of the information.  Defendants otherwise deny each and every allegation in paragraph 214.

215.    To the extent that the allegations contained in paragraph 215 purport to quote and/or characterize information or statements contained in a February 27, 2019 J.P. Morgan report and/or a February 27, 2019 *Bloomberg* article titled "Mylan Drops Most in Three Years Despite Vow of Shift," authored by Riley Griffin, the report and article speak for themselves, and Defendants respectfully refer to those documents for their true and correct contents. Defendants deny that Plaintiff's selective description of information or statements contained in a February 27, 2019 J.P. Morgan report and/or a February 27, 2019 *Bloomberg* article is complete or presented with full context, and deny Plaintiff's characterization of the information.  To the extent that the allegations contained in paragraph 215 purport to characterize analysts' and/or

100

reporters' state of mind, Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations and, on that basis, deny the allegations. Defendants otherwise deny each and every allegation in paragraph 215.

216. To the extent that the allegations contained in paragraph 216 purport to quote and/or characterize information or statements contained in a February 27, 2019 BMO Capital Markets report and/or a February 27, 2019 SVB Leerink report, the reports speak for themselves, and Defendants respectfully refer to those documents for their true and correct contents. Defendants deny that Plaintiff's selective description of information or statements contained in a February 27, 2019 BMO Capital Markets report and/or a February 27, 2019 SVB Leerink report is complete or presented with full context, and deny Plaintiff's characterization of the information. To the extent that the allegations contained in paragraph 216 purport to characterize analysts' state of mind, Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations and, on that basis, deny the allegations. Defendants otherwise deny each and every allegation in paragraph 216.

217. To the extent that the allegations contained in paragraph 217 purport to quote and/or characterize information or statements contained in or made during Mylan's Q1 2019 earnings call on May 7, 2019 and/or Mylan's Form 8-K attaching its press release announcing Mylan's financial results for Q1 2019, filed with the SEC on May 7, 2019, the earnings call transcript and Form 8-K speak for themselves, and Defendants respectfully refer to those documents for their true and correct contents. Defendants deny that Plaintiff's selective description of information or statements contained in or made during Mylan's Q1 2019 earnings call on May 7, 2019 and/or Mylan's Form 8-K attaching its press release announcing Mylan's financial results for Q1 2019, filed with the SEC on May 7, 2019 is complete or presented with

101

full context, and deny Plaintiff's characterization of the information.  Defendants otherwise deny each and every allegation in paragraph 217.

218.    To the extent that the allegations contained in paragraph 218 purport to quote and/or characterize information or statements contained in Mylan's Form 8-K attaching its press release announcing Mylan's financial results for Q1 2019, filed with the SEC on May 7, 2019, the Form 8-K speaks for itself, and Defendants respectfully refer to the 8-K for its true and correct contents.  Defendants deny that Plaintiff's selective description of information or statements contained in Mylan's Form 8-K attaching its press release announcing Mylan's financial results for Q1 2019, filed with the SEC on May 7, 2019, is complete or presented with full context, and deny Plaintiff's characterization of the information.  Defendants otherwise deny each and every allegation in paragraph 218.

219.    Defendants admit that Mylan's stock price was $28.26 per share at the close of May 6, 2019 and was $21.53 per share at the close of May 7, 2019.  Defendants otherwise deny each and every allegation in paragraph 219.

220.    To the extent that the allegations contained in paragraph 220 purport to quote and/or characterize information or statements contained in a (i) May 7, 2019 Cantor Fitzgerald report, (ii) May 7, 2019 RBC Capital Markets report, (iii) May 7, 2019 SVB Leerink report, (iv) May 7, 2019 UBS report, and/or (v) May 22, 2019 Zacks Investment Research report, the reports speak for themselves, and Defendants respectfully refer to those documents for their true and correct contents.  Defendants deny that Plaintiff's selective description of information or statements contained in a (i) May 7, 2019 Cantor Fitzgerald report, (ii) May 7, 2019 RBC Capital Markets report, (iii) May 7, 2019 SVB Leerink report, (iv) May 7, 2019 UBS report, and/or (v) May 22, 2019 Zacks Investment Research report is complete or presented with full context, and

deny Plaintiff's characterization of the information.  To the extent that the allegations contained in paragraph 220 purport to characterize analysts' state of mind, Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations and, on that basis, deny the allegations.  Defendants otherwise deny each and every allegation in paragraph 220.

221.    To the extent that paragraph 221 contains allegations concerning Mylan's stock price, Defendants refer to public records of such stock prices.  Defendants otherwise deny each and every allegation in paragraph 221.

222.    The allegations in paragraph 222 contain legal conclusions as to which no response is required.  To the extent that a response is deemed necessary, Defendants admit that Plaintiff purports to summarize certain allegations of the Complaint in the subsequent paragraphs.  Defendants otherwise deny each and every allegation in paragraph 222.

223.    To the extent that the allegations contained in paragraph 223 purport to quote and/or characterize information or statements contained in the 2016 Form 483, the 2016 Form 483 speaks for itself, and Defendants respectfully refer to the 2016 Form 483 for its true and correct contents.  Defendants deny that Plaintiff's selective description of information or statements contained in the 2016 Form 483 is complete or presented with full context, and deny Plaintiff's characterization of the information.  Defendants admit that the FDA issued the 2016 Form 483 on November 18, 2016.  Defendants otherwise deny each and every allegation in paragraph 223.

224.    To the extent that the allegations contained in paragraph 224 purport to quote and/or characterize information or statements contained in the book titled *Bottle of Lies: The Inside Story of the Generic Drug Boom*, authored by Katherine Eban, the book speaks for itself,

and Defendants respectfully refer to the book for its contents.  Defendants deny that Plaintiff's

selective description of information or statements contained in the book titled *Bottle of Lies* is

complete or presented with full context, and deny Plaintiff's characterization of the information.

Moreover, to the extent that Plaintiff relies on passages in *Bottle of Lies* that are based on

accounts of unnamed sources, Defendants are without knowledge or information sufficient to

form a belief as to the truth of the allegations based on the unnamed sources on whom Ms. Eban

purported to rely and, on that basis, deny the allegations.  Defendants are without knowledge or

information sufficient to form a belief as to the truth of the allegations concerning the contents of

unidentified "FE6['s]" statements and, on that basis, deny the allegations.  Defendants admit that

the 2016 Form 483 was issued on November 18, 2016 and that representatives of Mylan met

with representatives of the FDA in or around April 2017.  Defendants otherwise deny each and

every allegation in paragraph 224.

225.    To the extent that the allegations contained in paragraph 225 purport to quote

and/or characterize information or statements contained in the 2016 Form 483 and/or Mylan

product recall notices, the 2016 Form 483 and Mylan product recall notices speak for

themselves, and Defendants respectfully refer to those documents for their true and correct

contents.  Defendants deny that Plaintiff's selective description of information or statements

contained in the 2016 Form 483 and/or Mylan product recall notices is complete or presented

with full context, and deny Plaintiff's characterization of the information.  Defendants admit that

the FDA issued the 2016 Form 483 on November 18, 2016.  Defendants admit that Mylan

voluntarily recalled certain drugs during the alleged Class Period, that during the alleged Class

Period, Mylan had a manufacturing facility in Morgantown, West Virginia, and that on certain

104

days in March and April 2018, FDA representatives inspected Mylan's Morgantown manufacturing facility. Defendants otherwise deny each and every allegation in paragraph 225.

226. To the extent that the allegations contained in paragraph 226 purport to quote and/or characterize information or statements contained in the 2016 Form 483 and/or the 2018 Form 483, the 2016 and 2018 Form 483s speak for themselves, and Defendants respectfully refer to those documents for their true and correct contents. Defendants deny that Plaintiff's selective description of information or statements contained in the 2016 Form 483 and/or the 2018 Form 483 is complete or presented with full context, and deny Plaintiff's characterization of the information. To the extent that the allegations contained in paragraph 226 purport to quote and/or characterize information or statements contained in the book titled *Bottle of Lies: The Inside Story of the Generic Drug Boom*, authored by Katherine Eban, the book speaks for itself, and Defendants respectfully refer to the book for its contents. Defendants deny that Plaintiff's selective description of information or statements contained in the book titled *Bottle of Lies* is complete or presented with full context, and deny Plaintiff's characterization of the information. Moreover, to the extent that Plaintiff relies on passages in *Bottle of Lies* that are based on accounts of unnamed sources, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations based on the unnamed sources on whom Ms. Eban purported to rely and, on that basis, deny the allegations. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the alleged "whistleblower report" and, on that basis, deny the allegations. Defendants admit that during the alleged Class Period, Mylan had a manufacturing facility in Morgantown, West Virginia, and that on certain days in March and April 2018, FDA representatives inspected Mylan's

Morgantown manufacturing facility, and that the FDA issued the 2018 Form 483 on April 12, 2018. Defendants otherwise deny each and every allegation in paragraph 226.

227. Defendants state that the Court's May 18, 2023 Opinion and Order dismissed all claims and allegations regarding all challenged statements other than a portion of the statement referenced in paragraph 299 of the Complaint, and thus no response is required with respect to the allegations of paragraph 227 of the Complaint that are not related to the one remaining challenged statement. To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 227 purport to quote and/or characterize information or statements contained in a June 27, 2018 *Bloomberg* article titled "FDA Made 13 Observations After Inspecting Mylan Plant in W.Va.," authored by Katherine Tam, and/or a June 28, 2018 statement issued by Mylan regarding "Morgantown Operations," the article and Mylan's statement speak for themselves, and Defendants respectfully refer to those documents for their true and correct contents. Defendants deny that Plaintiff's selective description of information or statements contained in a June 27, 2018 *Bloomberg* article and Mylan's June 28, 2018 statement is complete or presented with full context, and deny Plaintiff's characterization of the information. Defendants otherwise deny each and every allegation in paragraph 227.

228. To the extent that the allegations contained in paragraph 228 purport to quote and/or characterize information or statements contained in a July 26, 2009 *Pittsburgh Post-Gazette* article titled "Mylan Workers Overrode Drug Quality Controls," authored by Patricia Sabatini and Len Boselovic and/or the complaint in the case styled *Mylan Pharmaceuticals Inc. et al. v. PG Publishing Company d/b/a Pittsburgh Post-Gazette, et al.*, No. 09-C-592 (W.V. Cir. Ct. Aug. 19, 2009), the article and complaint speak for themselves, and Defendants respectfully refer to those documents for their true and correct contents. Defendants deny that Plaintiff's

106

selective description of information or statements contained in the July 26, 2009 *Pittsburgh Post-Gazette* article titled "Mylan Workers Overrode Drug Quality Controls," authored by Patricia Sabatini and Len Boselovic and/or the complaint in the case styled *Mylan Pharmaceuticals Inc. et al. v. PG Publishing Company d/b/a Pittsburgh Post-Gazette, et al.*, No. 09-C-592 (W.V. Cir. Ct. Aug. 19, 2009) is complete or presented with full context, and deny Plaintiff's characterization of the information.  Defendants note that the Complaint omits that the newspaper later disclosed that it "did not find and did not intend to report that Mylan had manufactured or distributed any defective drugs."  Defendants otherwise deny each and every allegation in paragraph 228.

229.    The allegations in paragraph 229 contain legal conclusions as to which no response is required.  To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 229 purport to quote and/or characterize information or statements contained in the 2018 Form 483 and/or Mylan's Standard Operating Procedure, the 2018 Form 483 and the Standard Operating Procedure speak for themselves, and Defendants respectfully refer to those documents for their true and correct contents.  Defendants deny that Plaintiff's selective description of information or statements contained in the 2018 Form 483 and/or Mylan's Standard Operating Procedure is complete or presented with full context, and deny Plaintiff's characterization of the information.  Defendants otherwise deny each and every allegation in paragraph 229.

230.    Defendants state that the Court's May 18, 2023 Opinion and Order dismissed all claims and allegations regarding all challenged statements other than a portion of the statement referenced in paragraph 299 of the Complaint, and thus no response is required with respect to the allegations of paragraph 230 of the Complaint that are not related to the one remaining,

challenged statement.  Moreover, the allegations in paragraph 230 contain legal conclusions as to which no response is required.  To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 230 purport to quote and/or characterize information or statements contained in Mylan's "2017 Progress Report on Global Social Responsibility" publication, dated May 5, 2018, the publication speaks for itself, and Defendants respectfully refer to the publication for its true and correct contents.  Defendants deny that Plaintiff's selective description of information or statements contained in Mylan's "2017 Progress Report on Global Social Responsibility" publication, dated May 5, 2018, is complete or presented with full context, and deny Plaintiff's characterization of the information.  Defendants are without knowledge or information sufficient to form a belief as to whether investors were "assured" and, on that basis, deny the allegations.  Defendants otherwise deny each and every allegation in paragraph 230.

231.    Defendants deny the allegations in paragraph 231.

232.    The allegations in paragraph 232 contain legal conclusions as to which no response is required.  To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 232 purport to quote and/or characterize information or statements contained in (i) the Morgantown Warning Letter, (ii) the Nashik Warning Letter, (iii) the Warning Letter issued by the FDA, dated August 6, 2015, concerning three facilities in India, and/or (iv) Mylan's "Global Social Responsibility at Mylan 2016 Overview" publication, dated May 22, 2017, the warning letters and publication speak for themselves, and Defendants respectfully refer to those documents for their true and correct contents.  Defendants deny that Plaintiff's selective description of information or statements contained in (i) the Morgantown Warning Letter, (ii) the Nashik Warning Letter, (iii) the Warning Letter issued by the FDA,

dated August 6, 2015, concerning three facilities in India, and/or (iv) Mylan's "Global Social Responsibility at Mylan 2016 Overview" publication, dated May 22, 2017, is complete or presented with full context, and deny Plaintiff's characterization of the information.  To the extent that the allegations contained in paragraph 232 purport to quote and/or characterize information or statements contained in the book titled *Bottle of Lies: The Inside Story of the Generic Drug Boom*, authored by Katherine Eban, the book speaks for itself, and Defendants respectfully refer to the book for its contents.  Defendants deny that Plaintiff's selective description of information or statements contained in the book titled *Bottle of Lies* is complete or presented with full context, and deny Plaintiff's characterization of the information.  Moreover, to the extent that Plaintiff relies on passages in *Bottle of Lies* that are based on accounts of unnamed sources, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations based on the unnamed sources on whom Ms. Eban purported to rely and, on that basis, deny the allegations.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the contents of unidentified "FDA" representatives', "commentators[']," "whistleblowers[']," and/or "Former Employees[']" statements and, on that basis, deny the allegations.  Defendants otherwise deny each and every allegation in paragraph 232.

233.    To the extent that the allegations contained in paragraph 233 purport to quote and/or characterize information or statements contained in the Morgantown Warning Letter and/or a January 2019 Leerink report, the Morgantown Warning Letter and report speak for themselves, and Defendants respectfully refer to those documents for their true and correct contents.  Defendants deny that Plaintiff's selective description of information or statements contained in the Morgantown Warning Letter and/or January 2019 Leerink report is complete or

presented with full context, and deny Plaintiff's characterization of the information. To the extent that the allegations contained in paragraph 233 purport to quote and/or characterize information or statements contained in the book titled *Bottle of Lies: The Inside Story of the Generic Drug Boom*, authored by Katherine Eban, the book speaks for itself, and Defendants respectfully refer to the book for its contents. Defendants deny that Plaintiff's selective description of information or statements contained in the book titled *Bottle of Lies* is complete or presented with full context, and deny Plaintiff's characterization of the information. Moreover, to the extent that Plaintiff relies on passages in *Bottle of Lies* that are based on accounts of unnamed sources, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations based on the unnamed sources on whom Ms. Eban purported to rely and, on that basis, deny the allegations. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the contents of unidentified "analysts[']" and/or "industry commentators[']" statements and, on that basis, deny the allegations. Defendants otherwise deny each and every allegation in paragraph 233.

234. Defendants deny the allegations in paragraph 234.

235. The allegations in paragraph 235 contain legal conclusions as to which no response is required. To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 235 purport to quote and/or characterize information or statements contained in (i) the 2016 Form 483, (ii) FDA guidance, (iii) Mylan's letter to the FDA, dated May 3, 2018, "Re: Response to FDA Inspection 483 Morgantown, WV," and/or (iv) a Twitter post, the 2016 Form 483, FDA guidance, letter, and Twitter post speak for themselves, and Defendants respectfully refer to those documents for their true and correct contents. Defendants deny that Plaintiff's selective description of information or statements contained in

110

(i) the 2016 Form 483, (ii) FDA guidance, (iii) Mylan's May 3, 2018 letter to the FDA, and/or (iv) a Twitter post is complete or presented with full context, and deny Plaintiff's characterization of the information. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning "other drug makers," FDA conduct, or Dr. Scott Gottlieb and, on that basis, deny the allegations. Defendants admit that the FDA issued the Morgantown Warning Letter, dated November 9, 2018. Defendants otherwise deny each and every allegation in paragraph 235.

236. Defendants admit that Mylan voluntarily recalled certain drugs during the alleged Class Period. Defendants otherwise deny each and every allegation in paragraph 236.

237. To the extent that the allegations contained in paragraph 237 purport to quote and/or characterize information or statements contained in the 2018 Form 483, the Morgantown Warning Letter, and/or a January 2019 Leerink report, the 2018 Form 483, Morgantown Warning Letter, and report speak for themselves, and Defendants respectfully refer to those documents for their true and correct contents. Defendants deny that Plaintiff's selective description of information or statements contained in the 2018 Form 483, the Morgantown Warning Letter, and/or a January 2019 Leerink report is complete or presented with full context, and deny Plaintiff's characterization of the information. Defendants otherwise deny each and every allegation in paragraph 237.

238. The allegations in paragraph 238 contain legal conclusions as to which no response is required. To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 238 purport to quote and/or characterize information or statements contained in (i) the Morgantown Warning Letter, (ii) the Nashik Warning Letter, and/or (iii) the Warning Letter issued by the FDA, dated August 6, 2015, concerning three

111

facilities in India, the warning letters speak for themselves, and Defendants respectfully refer to those documents for their true and correct contents. Defendants deny that Plaintiff's selective description of information or statements contained in (i) the Morgantown Warning Letter, (ii) the Nashik Warning Letter, and/or (iii) the Warning Letter issued by the FDA, dated August 6, 2015, concerning three facilities in India is complete or presented with full context, and deny Plaintiff's characterization of the information. Defendants otherwise deny each and every allegation in paragraph 238.

239. The allegations in paragraph 239 contain legal conclusions as to which no response is required. To the extent that a response is deemed necessary, Defendants deny each and every allegation in paragraph 239 of the Complaint.

240. The allegations in paragraph 240 contain legal conclusions as to which no response is required. To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 240 purport to quote and/or characterize information or statements contained in (i) the Morgantown Warning Letter, (ii) the Nashik Warning Letter, and/or (iii) the Warning Letter issued by the FDA, dated August 6, 2015, concerning three facilities in India, the warning letters speak for themselves, and Defendants respectfully refer to those documents for their true and correct contents. Defendants deny that Plaintiff's selective description of information or statements contained in (i) the Morgantown Warning Letter, (ii) the Nashik Warning Letter, and/or (iii) the Warning Letter issued by the FDA, dated August 6, 2015, concerning three facilities in India is complete or presented with full context, and deny Plaintiff's characterization of the information. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the contents of unidentified "FDA reports" and/or "Former Employees[']" statements, including statements made by "FE6," and on

that basis, deny the allegations.  Defendants otherwise deny each and every allegation in paragraph 240.

241.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the contents of unidentified "FE1," "FE2," "FE4," and/or "FE5['s]" statements and, on that basis, deny the allegations.  Defendants admit that Kimberly Kupec and Eddie Koski were employees of Mylan in 2015 and 2016.  Defendants otherwise deny each and every allegation in paragraph 241.

242.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the contents of unidentified "Former employees[']" statements, including statements made by "FE1" and "FE2," and on that basis, deny the allegations.  Defendants admit that the FDA issued the 2016 Form 483 on November 18, 2016.  Defendants otherwise deny each and every allegation in paragraph 242.

243.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the contents of unidentified "former employees[']" statements, including statements made by "FE1" and "FE3," and on that basis, deny the allegations.  Defendants otherwise deny each and every allegation in paragraph 243.

244.    To the extent that the allegations contained in paragraph 244 purport to quote and/or characterize information or statements contained in Mylan's letter to the FDA, dated May 3, 2018, "Re: Response to FDA Inspection 483 Morgantown, WV," the letter speaks for itself, and Defendants respectfully refer to the letter for its true and correct contents.  Defendants deny that Plaintiff's selective description of information or statements contained in Mylan's May 3, 2018 letter to the FDA is complete or presented with full context, and deny Plaintiff's characterization of the information.  Defendants are without knowledge or information sufficient

113

to form a belief as to the truth of the allegations concerning the contents of unidentified "former employees[']" statements, including statements made by "FE1," "FE3," and "FE4," and on that basis, deny the allegations. Defendants admit that the FDA issued the 2018 Form 483 on April 12, 2018. Defendants otherwise deny each and every allegation in paragraph 244.

245. The allegations in paragraph 245 contain legal conclusions as to which no response is required. To the extent that a response is deemed necessary, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning compliance of "several drug manufacturers" and/or any consequences experienced by other drug manufacturers and, on that basis, deny the allegations. Defendants admit that, during the alleged Class Period, Mylan manufactured generic pharmaceutical products and that Mylan is subject to FDA regulations. Defendants also admit that the FDA conducted inspections of Mylan's facilities. Defendants further admit that they are familiar with, and have experience with, many of the regulations that pertained to Mylan. Defendants otherwise deny each and every allegation in paragraph 245.

246. The allegations in paragraph 246 contain legal conclusions as to which no response is required. To the extent that a response is deemed necessary, Defendants deny each and every allegation in paragraph 246 of the Complaint.

247. The allegations in paragraph 247 contain legal conclusions as to which no response is required. To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 247 purport to quote and/or characterize information or statements contained in various Form 10-Ks filed during the alleged Class Period and/or a January 2019 Leerink report, the Form 10-Ks and report speak for themselves, and Defendants respectfully refer to those documents for their true and correct contents. Defendants deny that

Plaintiff's selective description of information or statements contained in Form 10-Ks filed during the alleged Class Period and/or a January 2019 Leerink report is complete or presented with full context, and deny Plaintiff's characterization of the information. Defendants otherwise deny each and every allegation in paragraph 247.

248. Defendants state the Court's May 18, 2023 Opinion and Order dismissed all claims and allegations regarding all challenged statements other than a portion of the statement referenced in paragraph 299 of the Complaint, and thus no response is required with respect to the allegations of paragraph 248 of the Complaint that are not related to the one remaining challenged statement. Moreover, the allegations in paragraph 248 contain legal conclusions as to which no response is required. To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 248 purport to quote and/or characterize information or statements contained in Mylan's (i) FY 2015 Form 10-K, filed with the SEC on February 16, 2016, (ii) FY 2016 Form 10-K, filed with the SEC on March 1, 2017, (iii) FY 2017 Form 10-K, filed with the SEC on March 1, 2018, (iv) FY 2018 Form 10-K, filed with the SEC on February 27, 2019, and/or (v) May 23, 2017 Proxy Statement on Schedule 14A, the Form 10-Ks and proxy statement speak for themselves, and Defendants respectfully refer to those documents for their true and correct contents. Defendants deny that Plaintiff's selective description of information or statements contained in Mylan's (i) FY 2015 Form 10-K, filed with the SEC on February 16, 2016, (ii) FY 2016 Form 10-K, filed with the SEC on March 1, 2017, (iii) FY 2017 Form 10-K, filed with the SEC on March 1, 2018, (iv) FY 2018 Form 10-K, filed with the SEC on February 27, 2019, and/or (v) May 23, 2017 Proxy Statement on Schedule 14A is complete or presented with full context, and deny Plaintiff's characterization of the information. Defendants are without knowledge or information sufficient to form a belief as to

the truth of the allegations concerning unidentified "analysts and investors" and "drug makers," and what the FDA warned other companies and, on that basis, deny the allegations. To the extent that the allegations contained in paragraph 248 purport to characterize analysts' and investors' state of mind, Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations and, on that basis, deny the allegations. Defendants admit that the FDA issued the Nashik Warning Letter, dated April 3, 2017. Defendants admit that CGMP and data compliance are important to Mylan. Defendants otherwise deny each and every allegation in paragraph 248.

249.    Defendants state the Court's May 18, 2023 Opinion and Order dismissed all claims and allegations regarding all challenged statements other than a portion of the statement referenced in paragraph 299 of the Complaint, and thus no response is required with respect to the allegations of paragraph 249 of the Complaint that are not related to the one remaining, challenged statement. To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 249 purport to quote and/or characterize information or statements contained in or made during a session of the Goldman Sachs 37th Annual Global Healthcare Conference on June 7, 2016 and/or Mylan's "Global Social Responsibility at Mylan 2016 Overview" publication, dated May 22, 2017, the conference transcript and publication speak for themselves, and Defendants respectfully refer to those documents for their true and correct contents. Defendants deny that Plaintiff's selective description of information or statements contained in or made during a session of the Goldman Sachs 37th Annual Global Healthcare Conference on June 7, 2016 and/or Mylan's "Global Social Responsibility at Mylan 2016 Overview" publication, dated May 22, 2017, is complete or presented with full context, and

116

deny Plaintiff's characterization of the information.  Defendants otherwise deny each and every allegation in paragraph 249.

250.    Defendants state that the Court's May 18, 2023 Opinion and Order dismissed all claims and allegations regarding all challenged statements other than a portion of the statement referenced in paragraph 299 of the Complaint, and thus no response is required with respect to the allegations of paragraph 250 of the Complaint that are not related to the one remaining challenged statement.  Moreover, the allegations in paragraph 250 contain legal conclusions as to which no response is required.  To the extent that a response is deemed necessary, Defendants deny each and every allegation in paragraph 250 of the Complaint.

251.    The allegations in paragraph 251 contain legal conclusions as to which no response is required.  To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 251 purport to quote and/or characterize information or statements contained in the book titled *Bottle of Lies: The Inside Story of the Generic Drug Boom*, authored by Katherine Eban, the book speaks for itself, and Defendants respectfully refer to the book for its contents.  Defendants deny that Plaintiff's selective description of information or statements contained in the book titled *Bottle of Lies* is complete or presented with full context, and deny Plaintiff's characterization of the information.  Moreover, to the extent that Plaintiff relies on passages in *Bottle of Lies* that are based on accounts of unnamed sources, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations based on the unnamed sources on whom Ms. Eban purported to rely and, on that basis, deny the allegations.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the contents of unidentified "whistleblower" statements or compliance of Ranbaxy and, on that basis, deny the allegations.  Defendants admit

117

that Mr. Malik was previously employed with Ranbaxy Laboratories, Ltd.  Defendants otherwise deny each and every allegation in paragraph 251.

252.    Defendants state that the Court's May 18, 2023 Opinion and Order dismissed all claims and allegations regarding all challenged statements other than a portion of the statement referenced in paragraph 299 of the Complaint, and thus no response is required with respect to the allegations of paragraph 252 of the Complaint that are not related to the one remaining challenged statement.  Moreover, the allegations in paragraph 252 contain legal conclusions as to which no response is required.  To the extent that a response is deemed necessary, Defendants admit that Plaintiff purports to set forth Defendants' alleged "materially false and misleading statements" "below," and for the reasons set forth below, Defendants deny Plaintiff's allegations. Defendants otherwise deny each and every allegation in paragraph 252.

253.    Defendants state that the Court's May 18, 2023 Opinion and Order held that the statements on Mylan's website regarding the quality and reliability of its manufacturing processes that Plaintiff alleged in the Complaint were material misrepresentations "cannot serve as the basis for Plaintiff's securities-fraud claim" and that "[t]he allegations based on statements from Mylan's public website do not state a claim."  *See* Dkt. No. 88 at 16-19.  Thus, no response is required with respect to the allegations of paragraph 253 of the Complaint.  Moreover, the allegations in paragraph 253 contain legal conclusions as to which no response is required.  To the extent that a response is deemed necessary, Defendants deny each and every allegation in paragraph 253.

254.    Defendants state that the Court's May 18, 2023 Opinion and Order held that the statements on Mylan's website regarding the quality and reliability of its manufacturing processes that Plaintiff alleged in the Complaint were material misrepresentations, including the

allegations of paragraph 254, "cannot serve as the basis for Plaintiff's securities-fraud claim" and that "[t]he allegations based on statements from Mylan's public website do not state a claim." *See* Dkt. No. 88 at 16-19. Thus, no response is required with respect to the allegations of paragraph 254 of the Complaint. To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 254 purport to quote and/or characterize information or statements contained on Mylan's "Quality" website page, the website page speaks for itself, and Defendants respectfully refer to the website page for its true and correct contents. Defendants deny that Plaintiff's selective description of information or statements contained on Mylan's "Quality" website page is complete or presented with full context, and deny Plaintiff's characterization of the information. Defendants otherwise deny each and every allegation in paragraph 254.

255. Defendants state that the Court's May 18, 2023 Opinion and Order held that the statements on Mylan's website regarding the quality and reliability of its manufacturing processes that Plaintiff alleged in the Complaint were material misrepresentations, including the allegations of paragraphs 253, 254, and 255 "cannot serve as the basis for Plaintiff's securities-fraud claim" and that "[t]he allegations based on statements from Mylan's public website do not state a claim." *See* Dkt. No. 88 at 16-19. Thus, no response is required with respect to the allegations of paragraph 255 of the Complaint. Moreover, the allegations in paragraph 255 contain legal conclusions as to which no response is required. To the extent that a response is deemed necessary, Defendants deny each and every allegation in paragraph 255.

256. Defendants state that the Court's May 18, 2023 Opinion and Order held that the statements on Mylan's website regarding the quality and reliability of its manufacturing processes that Plaintiff alleged in the Complaint were material misrepresentations, including the

119

allegations of paragraph 256, "cannot serve as the basis for Plaintiff's securities-fraud claim" and that "[t]he allegations based on statements from Mylan's public website do not state a claim." *See* Dkt. No. 88 at 16-19.  Thus, no response is required with respect to the allegations of paragraph 256 of the Complaint.  To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 256 purport to quote and/or characterize information or statements contained on Mylan's "Generic Products" website page, the website page speaks for itself, and Defendants respectfully refer to the website page for its true and correct contents.  Defendants deny that Plaintiff's selective description of information or statements contained on Mylan's "Generic Products" website page is complete or presented with full context, and deny Plaintiff's characterization of the information.  Defendants otherwise deny each and every allegation in paragraph 256.

257.    Defendants state that the Court's May 18, 2023 Opinion and Order held that the statements on Mylan's website regarding the quality and reliability of its manufacturing processes that Plaintiff alleged in the Complaint were material misrepresentations, including the allegations of paragraphs 256 and 257, "cannot serve as the basis for Plaintiff's securities-fraud claim" and that "[t]he allegations based on statements from Mylan's public website do not state a claim." *See* Dkt. No. 88 at 16-19.  Thus, no response is required with respect to the allegations of paragraph 257 of the Complaint.  Moreover, the allegations in paragraph 257 contain legal conclusions as to which no response is required.  To the extent that a response is deemed necessary, Defendants deny each and every allegation in paragraph 257.

258.    Defendants state that the Court's May 18, 2023 Opinion and Order held that the statements on Mylan's website regarding the quality and reliability of its manufacturing processes that Plaintiff alleged in the Complaint were material misrepresentations, including the

allegations of paragraph 258, "cannot serve as the basis for Plaintiff's securities-fraud claim" and that "[t]he allegations based on statements from Mylan's public website do not state a claim." *See* Dkt. No. 88 at 16-19. Thus, no response is required with respect to the allegations of paragraph 258 of the Complaint. To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 258 purport to quote and/or characterize information or statements contained on Mylan's "Generic Products" website page, the website page speaks for itself, and Defendants respectfully refer to the website page for its true and correct contents. Defendants deny that Plaintiff's selective description of information or statements contained on Mylan's "Generic Products" website page is complete or presented with full context, and deny Plaintiff's characterization of the information. Defendants otherwise deny each and every allegation in paragraph 258.

259.     Defendants state that the Court's May 18, 2023 Opinion and Order held that the statements on Mylan's website regarding the quality and reliability of its manufacturing processes that Plaintiff alleged in the Complaint were material misrepresentations, including the allegations of paragraphs 258 and 259, "cannot serve as the basis for Plaintiff's securities-fraud claim" and that "[t]he allegations based on statements from Mylan's public website do not state a claim." *See* Dkt. No. 88 at 16-19. Thus, no response is required with respect to the allegations of paragraph 259 of the Complaint. Moreover, the allegations in paragraph 259 contain legal conclusions as to which no response is required. To the extent that a response is deemed necessary, Defendants deny each and every allegation in paragraph 259.

260.     Defendants state that the Court's May 18, 2023 Opinion and Order held that the statements on Mylan's website regarding the quality and reliability of its manufacturing processes that Plaintiff alleged in the Complaint were material misrepresentations, including the

allegations of paragraph 260, "cannot serve as the basis for Plaintiff's securities-fraud claim" and that "[t]he allegations based on statements from Mylan's public website do not state a claim." *See* Dkt. No. 88 at 16-19.  Thus, no response is required with respect to the allegations of paragraph 260 of the Complaint.  To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 260 purport to quote and/or characterize information or statements contained on Mylan's "Generic Products" website page, the website page speaks for itself, and Defendants respectfully refer to the website page for its true and correct contents.  Defendants deny that Plaintiff's selective description of information or statements contained on Mylan's "Generic Products" website page is complete or presented with full context, and deny Plaintiff's characterization of the information.  Defendants otherwise deny each and every allegation in paragraph 260.

261.   Defendants state that the Court's May 18, 2023 Opinion and Order held that the statements on Mylan's website regarding the quality and reliability of its manufacturing processes that Plaintiff alleged in the Complaint were material misrepresentations, including the allegations of paragraphs 260 and 261, "cannot serve as the basis for Plaintiff's securities-fraud claim" and that "[t]he allegations based on statements from Mylan's public website do not state a claim."  *See* Dkt. No. 88 at 16-19.  Thus, no response is required with respect to the allegations of paragraph 261 of the Complaint.  Moreover, the allegations in paragraph 261 contain legal conclusions as to which no response is required.  To the extent that a response is deemed necessary, Defendants deny each and every allegation in paragraph 261.

262.   Defendants state that the Court's May 18, 2023 Opinion and Order held that the statements on Mylan's website regarding the quality and reliability of its manufacturing processes that Plaintiff alleged in the Complaint were material misrepresentations, including the

allegations of paragraph 262, "cannot serve as the basis for Plaintiff's securities-fraud claim" and that "[t]he allegations based on statements from Mylan's public website do not state a claim." *See* Dkt. No. 88 at 16-19.  Thus, no response is required with respect to the allegations of paragraph 262 of the Complaint.  To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 262 purport to quote and/or characterize information or statements contained on Mylan's "Generic Products" website page, the website page speaks for itself, and Defendants respectfully refer to the website page for its true and correct contents.  Defendants deny that Plaintiff's selective description of information or statements contained on Mylan's "Generic Products" website page is complete or presented with full context, and deny Plaintiff's characterization of the information.  Defendants otherwise deny each and every allegation in paragraph 262.

263.    Defendants state that the Court's May 18, 2023 Opinion and Order held that the statements on Mylan's website regarding the quality and reliability of its manufacturing processes that Plaintiff alleged in the Complaint were material misrepresentations, including the allegations of paragraph 262 and 263, "cannot serve as the basis for Plaintiff's securities-fraud claim" and that "[t]he allegations based on statements from Mylan's public website do not state a claim."  *See* Dkt. No. 88 at 16-19.  Thus, no response is required with respect to the allegations of paragraph 263 of the Complaint.  Moreover, the allegations in paragraph 263 contain legal conclusions as to which no response is required.  To the extent that a response is deemed necessary, Defendants otherwise deny each and every allegation in paragraph 263.

264.    Defendants state that the Court's May 18, 2023 Opinion and Order held that the statements on Mylan's website regarding the quality and reliability of its manufacturing processes that Plaintiff alleged in the Complaint were material misrepresentations, including the

allegations of paragraph 264, "cannot serve as the basis for Plaintiff's securities-fraud claim" and that "[t]he allegations based on statements from Mylan's public website do not state a claim." *See* Dkt. No. 88 at 16-19. Thus, no response is required with respect to the allegations of paragraph 264 of the Complaint. To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 264 purport to quote and/or characterize information or statements contained on Mylan's "Generic Products" website page, the website page speaks for itself, and Defendants respectfully refer to the website page for its true and correct contents. Defendants deny that Plaintiff's selective description of information or statements contained on Mylan's "Generic Products" website page is complete or presented with full context, and deny Plaintiff's characterization of the information. Defendants otherwise deny each and every allegation in paragraph 264.

265.    Defendants state that the Court's May 18, 2023 Opinion and Order held that the statements on Mylan's website regarding the quality and reliability of its manufacturing processes that Plaintiff alleged in the Complaint were material misrepresentations, including the allegations of paragraphs 264 and 265, "cannot serve as the basis for Plaintiff's securities-fraud claim" and that "[t]he allegations based on statements from Mylan's public website do not state a claim." *See* Dkt. No. 88 at 16-19. Thus, no response is required with respect to the allegations of paragraph 265 of the Complaint. Moreover, the allegations in paragraph 265 contain legal conclusions as to which no response is required. To the extent that a response is deemed necessary, Defendants deny each and every allegation in paragraph 265.

266.    Defendants state that the Court's May 18, 2023 Opinion and Order dismissed all claims and allegations regarding all challenged statements other than a portion of the statement referenced in paragraph 299 of the Complaint, and thus no response is required with respect to

the allegations of paragraph 266 of the Complaint that are not related to the one remaining challenged statement. Moreover, the allegations in paragraph 266 contain legal conclusions as to which no response is required. To the extent that a response is deemed necessary, Defendants admit that Plaintiff purports to set forth Defendants' alleged "false and misleading" statements in its Complaint paragraphs "below," and for the reasons set forth below, Defendants deny Plaintiff's allegations. Defendants otherwise deny each and every allegation in paragraph 266.

267. Defendants state that the Court's May 18, 2023 Opinion and Order held that Mylan's opinion statements about the "suitability" of its manufacturing facilities, including the statement alleged in paragraph 267, are not actionable and that the Complaint does not state a claim based on these opinion statements. *See* Dkt. No. 88 at 23-24. Thus, no response is required with respect to the allegations of paragraph 267 of the Complaint. To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 267 purport to quote and/or characterize information or statements contained in Mylan's FY 2015 Form 10-K, filed with the SEC on February 16, 2016, the Form 10-K speaks for itself, and Defendants respectfully refer to the 10-K for its true and correct contents. Defendants deny that Plaintiff's selective description of information or statements contained in Mylan's FY 2015 Form 10-K is complete or presented with full context, and deny Plaintiff's characterization of the information. Defendants otherwise deny each and every allegation in paragraph 267.

268. Defendants state that the Court's May 18, 2023 Opinion and Order held that Mylan's opinion statements about the "suitability" of its manufacturing facilities, including the statement alleged in paragraphs 267 and 268, are not actionable and that the Complaint does not state a claim based on these opinion statements. *See* Dkt. No. 88 at 23-24. Thus, no response is required with respect to the allegations of paragraph 268 of the Complaint. Moreover, the

allegations in paragraph 268 contain legal conclusions as to which no response is required. To the extent that a response is deemed necessary, Defendants deny each and every allegation in paragraph 268.

269.    Defendants state that the Court's May 18, 2023 Opinion and Order held that Mylan's statements about regulatory compliance, including the statement alleged in paragraph 269, are not actionable and cannot serve as the basis for Plaintiff's Rule 10b-5 claim. *See* Dkt. No. 88 at 21-23. Thus, no response is required with respect to the allegations of paragraph 269 of the Complaint. To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 269 purport to quote and/or characterize information or statements contained in Mylan's FY 2015 Form 10-K, filed with the SEC on February 16, 2016, the Form 10-K speaks for itself, and Defendants respectfully refer to the 10-K for its true and correct contents. Defendants deny that Plaintiff's selective description of information or statements contained in Mylan's FY 2015 Form 10-K is complete or presented with full context, and deny Plaintiff's characterization of the information. Defendants otherwise deny each and every allegation in paragraph 269.

270.    Defendants state that the Court's May 18, 2023 Opinion and Order held that Mylan's statements about regulatory compliance, including the statement alleged in paragraphs 269 and 270, are not actionable and cannot serve as the basis for Plaintiff's Rule 10b-5 claim. *See* Dkt. No. 88 at 21-23. Thus, no response is required with respect to the allegations of paragraph 270 of the Complaint. Moreover, the allegations in paragraph 270 contain legal conclusions as to which no response is required. To the extent that a response is deemed necessary, Defendants deny each and every allegation in paragraph 270.

126

271.    Defendants state that the Court's May 18, 2023 Opinion and Order held that Mylan's "operational excellence" statement alleged in paragraph 271 is non-actionable puffery and cannot serve as the basis for Plaintiff's Rule 10b-5 claim. *See* Dkt. No. 88 at 19-21. Thus, no response is required with respect to the allegations of paragraph 271 of the Complaint. To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 271 purport to quote and/or characterize information or statements contained in or made during a session of the Goldman Sachs 37th Annual Global Healthcare Conference on June 7, 2016, the conference transcript speaks for itself, and Defendants respectfully refer to the transcript for its true and correct contents. Defendants deny that Plaintiff's selective description of information or statements contained in or made during a session of the Goldman Sachs 37th Annual Global Healthcare Conference on June 7, 2016 is complete or presented with full context, and deny Plaintiff's characterization of the information. Defendants otherwise deny each and every allegation in paragraph 271.

272.    Defendants state that the Court's May 18, 2023 Opinion and Order held that Mylan's "operational excellence" statement alleged in paragraphs 271 and 272 is non-actionable puffery and cannot serve as the basis for Plaintiff's Rule 10b-5 claim. *See* Dkt. No. 88 at 19-21. Thus, no response is required with respect to the allegations of paragraph 272 of the Complaint. Moreover, the allegations in paragraph 272 contain legal conclusions as to which no response is required. To the extent that a response is deemed necessary, Defendants deny each and every allegation in paragraph 272.

273.    Defendants state that the Court's May 18, 2023 Opinion and Order held that Mylan's opinion statements about the "suitability" of its manufacturing facilities, including the statements alleged in paragraphs 267, 268, and 273, are not actionable and that the Complaint

does not state a claim based on these opinion statements. *See* Dkt. No. 88 at 23-24. Thus, no response is required with respect to the allegations of paragraph 273 of the Complaint. To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 273 purport to quote and/or characterize information or statements contained in Mylan's FY 2016 Form 10-K, filed with the SEC on March 1, 2017, the Form 10-K speaks for itself, and Defendants respectfully refer to the 10-K for its true and correct contents. Defendants deny that Plaintiff's selective description of information or statements contained in Mylan's FY 2016 Form 10-K is complete or presented with full context, and deny Plaintiff's characterization of the information. Defendants otherwise deny each and every allegation in paragraph 273.

274. Defendants state that the Court's May 18, 2023 Opinion and Order held that Mylan's opinion statements about the "suitability" of its manufacturing facilities, including the statements alleged in paragraphs 267, 268, 273, and 274, are not actionable and that the Complaint does not state a claim based on these opinion statements. *See* Dkt. No. 88 at 23-24. Thus, no response is required with respect to the allegations of paragraph 274 of the Complaint. Moreover, the allegations in paragraph 274 contain legal conclusions as to which no response is required. To the extent that a response is deemed necessary, Defendants deny each and every allegation in paragraph 274.

275. Defendants state that the Court's May 18, 2023 Opinion and Order held that Mylan's statements about regulatory compliance, including the statement alleged in paragraphs 269, 270, and 275, are not actionable and cannot serve as the basis for Plaintiff's Rule 10b-5 claim. *See* Dkt. No. 88 at 21-23. Thus, no response is required with respect to the allegations of paragraph 275 of the Complaint. To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 275 purport to quote and/or characterize

128

information or statements contained in Mylan's FY 2016 Form 10-K, filed with the SEC on March 1, 2017, the Form 10-K speaks for itself, and Defendants respectfully refer to the 10-K for its true and correct contents. Defendants deny that Plaintiff's selective description of information or statements contained in Mylan's FY 2016 Form 10-K is complete or presented with full context, and deny Plaintiff's characterization of the information. Defendants otherwise deny each and every allegation in paragraph 275.

276.     Defendants state that the Court's May 18, 2023 Opinion and Order held that Mylan's statements about regulatory compliance, including the statement alleged in paragraphs 269, 270, 275, and 276, are not actionable and cannot serve as the basis for Plaintiff's Rule 10b-5 claim. *See* Dkt. No. 88 at 21-23. Thus, no response is required with respect to the allegations of paragraph 276 of the Complaint. Moreover, the allegations in paragraph 276 contain legal conclusions as to which no response is required. To the extent that a response is deemed necessary, Defendants deny each and every allegation in paragraph 276.

277.     Defendants state that the Court's May 18, 2023 Opinion and Order dismissed all claims and allegations regarding all challenged statements other than a portion of the statement referenced in paragraph 299 of the Complaint, and thus no response is required with respect to the allegations of paragraph 277 of the Complaint that are not related to the one remaining challenged statement. To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 277 purport to quote and/or characterize information or statements contained in an April 11, 2017 *Investor's Business Daily* article titled "Mylan Says No Supply Issues Related To FDA Warning At India Plant," authored by Allison Gatlin, the article speaks for itself, and Defendants respectfully refer to the article for its true and correct contents. Defendants deny that Plaintiff's selective description of information or statements

contained in an April 11, 2017 *Investor's Business Daily* article is complete or presented with full context, and deny Plaintiff's characterization of the information. Defendants otherwise deny each and every allegation in paragraph 277.

278. Defendants state that the Court's May 18, 2023 Opinion and Order dismissed all claims and allegations regarding all challenged statements other than a portion of the statement referenced in paragraph 299 of the Complaint, and thus no response is required with respect to the allegations of paragraph 278 of the Complaint that are not related to the one remaining challenged statement. Moreover, the allegations in paragraph 278 contain legal conclusions as to which no response is required. To the extent that a response is deemed necessary, Defendants deny each and every allegation in paragraph 278.

279. Defendants state that the Court's May 18, 2023 Opinion and Order held that Mylan's "deep and unwavering commitment to quality" statement alleged in paragraph 279 is non-actionable puffery and cannot serve as the basis for Plaintiff's Rule 10b-5 claim. *See* Dkt. No. 88 at 19-21. Thus, no response is required with respect to the allegations of paragraph 279 of the Complaint. To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 279 purport to quote and/or characterize information or statements contained in or made during the Q1 2017 earnings call on May 10, 2017, the earnings call transcript speaks for itself, and Defendants respectfully refer to the earnings call transcript for its true and correct contents. Defendants deny that Plaintiff's selective description of information or statements contained in the Q1 2017 earnings call on May 10, 2017 is complete or presented with full context, and deny Plaintiff's characterization of the information. Defendants are without knowledge or information sufficient to form a belief as to whether investors were

"reassured" and, on that basis, deny the allegations. Defendants otherwise deny each and every allegation in paragraph 279.

280. Defendants state that the Court's May 18, 2023 Opinion and Order held that Mylan's "deep and unwavering commitment to quality" statement alleged in paragraphs 279 and 280 is non-actionable puffery and cannot serve as the basis for Plaintiff's Rule 10b-5 claim. *See* Dkt. No. 88 at 19-21. Thus, no response is required with respect to the allegations of paragraph 280 of the Complaint. Moreover, the allegations in paragraph 280 contain legal conclusions as to which no response is required. To the extent that a response is deemed necessary, Defendants deny each and every allegation in paragraph 280.

281. Defendants state that the Court's May 18, 2023 Opinion and Order held that Mylan's "[p]owerful" and "high quality" statements alleged in paragraph 281 are non-actionable puffery and cannot serve as the basis for Plaintiff's Rule 10b-5 claim. *See* Dkt. No. 88 at 19-21. Thus, no response is required with respect to the allegations of paragraph 281 of the Complaint. To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 281 purport to quote and/or characterize information or statements contained in Mylan's Schedule 14A Proxy Statement, dated May 23, 2017, the proxy statement speaks for itself, and Defendants respectfully refer to the proxy statement for its true and correct contents. Defendants deny that Plaintiff's selective description of information or statements contained in Mylan's Schedule 14A Proxy Statement, dated May 23, 2017 is complete or presented with full context, and deny Plaintiff's characterization of the information. Defendants otherwise deny each and every allegation in paragraph 281.

282. Defendants state that the Court's May 18, 2023 Opinion and Order held that Mylan's "[p]owerful" and "high quality" statements alleged in paragraphs 281 and 282 are non-

131

actionable puffery and cannot serve as the basis for Plaintiff's Rule 10b-5 claim.  *See* Dkt. No. 88 at 19-21.  Thus, no response is required with respect to the allegations of paragraph 282 of the Complaint.  Moreover, the allegations in paragraph 282 contain legal conclusions as to which no response is required.  To the extent that a response is deemed necessary, Defendants deny each and every allegation in paragraph 282.

283.    Defendants state that the Court's May 18, 2023 Opinion and Order held that Mylan's statement describing its quality standards as "stringent" alleged in paragraph 283 is non-actionable puffery and cannot serve as the basis for Plaintiff's Rule 10b-5 claim.  *See* Dkt. No. 88 at 19-21.  Thus, no response is required with respect to the allegations of paragraph 283 of the Complaint.  To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 283 purport to quote and/or characterize information or statements contained in Mylan's "Global Social Responsibility at Mylan 2016 Overview" publication, dated May 22, 2017, the publication speaks for itself, and Defendants respectfully refer to the publication for its true and correct contents.  Defendants deny that Plaintiff's selective description of information or statements contained in Mylan's "Global Social Responsibility at Mylan 2016 Overview" publication, dated May 22, 2017, is complete or presented with full context, and deny Plaintiff's characterization of the information.  Defendants otherwise deny each and every allegation in paragraph 283.

284.    Defendants state that the Court's May 18, 2023 Opinion and Order held that Mylan's statement describing its investments in "quality" alleged in paragraph 284 is non-actionable puffery and cannot serve as the basis for Plaintiff's Rule 10b-5 claim.  *See* Dkt. No. 88 at 19-21.  Thus, no response is required with respect to the allegations of paragraph 284 of the Complaint.  To the extent that a response is deemed necessary and to the extent that the

allegations contained in paragraph 284 purport to quote and/or characterize information or statements contained in Mylan's "Global Social Responsibility at Mylan 2016 Overview" publication, dated May 22, 2017, the publication speaks for itself, and Defendants respectfully refer to the publication for its true and correct contents. Defendants deny that Plaintiff's selective description of information or statements contained in Mylan's "Global Social Responsibility at Mylan 2016 Overview" publication, dated May 22, 2017, is complete or presented with full context, and deny Plaintiff's characterization of the information. Defendants otherwise deny each and every allegation in paragraph 284.

285.    Defendants state that the Court's May 18, 2023 Opinion and Order held that Mylan's statements alleged in paragraphs 283, 284, and 285 describing its quality standards as "stringent" and its investments in "quality" are non-actionable puffery and cannot serve as the basis for Plaintiff's Rule 10b-5 claim. *See* Dkt. No. 88 at 19-21. Thus, no response is required with respect to the allegations of paragraph 285 of the Complaint. Moreover, the allegations in paragraph 285 contain legal conclusions as to which no response is required. To the extent that a response is deemed necessary, Defendants deny each and every allegation in paragraph 285.

286.    Defendants state that the Court's May 18, 2023 Opinion and Order held that Mylan's statement alleged in paragraph 286 is not actionable because it disclosed the exact information that Plaintiff alleges was concealed to the market and cannot serve as the basis for Plaintiff's Rule 10b-5 claim. *See* Dkt. No. 88 at 29-30 n.6. Thus, no response is required with respect to the allegations of paragraph 286 of the Complaint. To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 286 purport to quote and/or characterize information or statements contained in or made during Mylan's Q2 2017 earnings call on August 9, 2017, the earnings call transcript speaks for itself, and

133

Defendants respectfully refer to the earnings call transcript for its true and correct contents. Defendants deny that Plaintiff's selective description of information or statements contained in or made during Mylan's Q2 2017 earnings call on August 9, 2017 is complete or presented with full context, and deny Plaintiff's characterization of the information. Defendants are without knowledge or information sufficient to form a belief as to whether investors were "reassured" and, on that basis, deny the allegations. Defendants otherwise deny each and every allegation in paragraph 286.

287.    Defendants state that the Court's May 18, 2023 Opinion and Order held that Mylan's statement alleged in paragraphs 286 and 287 is not actionable because it disclosed the exact information that Plaintiff alleges was concealed to the market and cannot serve as the basis for Plaintiff's Rule 10b-5 claim. *See* Dkt. No. 88 at 29-30 n.6. Thus, no response is required with respect to the allegations of paragraph 287 of the Complaint. Moreover, the allegations in paragraph 287 contain legal conclusions as to which no response is required. To the extent that a response is deemed necessary, Defendants deny each and every allegation in paragraph 287.

288.    Defendants state that the Court's May 18, 2023 Opinion and Order held that Mylan's opinion statements about the "suitability" of its manufacturing facilities, including the statement alleged in paragraphs 267, 268, 273, 274, and 288, are not actionable and that the Complaint does not state a claim based on these opinion statements. *See* Dkt. No. 88 at 23-24. Thus, no response is required with respect to the allegations of paragraph 288 of the Complaint. To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 288 purport to quote and/or characterize information or statements contained in Mylan's FY 2017 Form 10-K, filed with the SEC on March 1, 2018, the Form 10-K speaks for itself, and Defendants respectfully refer to the 10-K for its true and correct contents. Defendants

134

deny that Plaintiff's selective description of information or statements contained in Mylan's FY 2017 Form 10-K is complete or presented with full context, and deny Plaintiff's characterization of the information. Defendants otherwise deny each and every allegation in paragraph 288.

289. Defendants state that the Court's May 18, 2023 Opinion and Order held that Mylan's statements about regulatory compliance, including the statement alleged in paragraphs 269, 270, 275, 276, and 289, are not actionable and cannot serve as the basis for Plaintiff's Rule 10b-5 claim. *See* Dkt. No. 88 at 21-23. Thus, no response is required with respect to the allegations of paragraph 289 of the Complaint. To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 289 purport to quote and/or characterize information or statements contained in Mylan's FY 2017 Form 10-K, filed with the SEC on March 1, 2018, the Form 10-K speaks for itself, and Defendants respectfully refer to the 10-K for its true and correct contents. Defendants deny that Plaintiff's selective description of information or statements contained in Mylan's FY 2017 Form 10-K is complete or presented with full context, and deny Plaintiff's characterization of the information. Defendants otherwise deny each and every allegation in paragraph 289.

290. Defendants state that the Court's May 18, 2023 Opinion and Order held that Mylan's statements about "right sizing" the Morgantown facility, including the statement alleged in paragraph 290, were not misleading, cannot be actionable omissions, and cannot serve as the basis for Plaintiff's Rule 10b-5 claim. *See* Dkt. No. 88 at 27-29. Thus, no response is required with respect to the allegations of paragraph 290 of the Complaint. To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 290 purport to quote and/or characterize information or statements contained in an April 20, 2018 *MetroNews* article titled "15 percent of Mylan workforce laid off at Morgantown plant," authored by

MetroNews Staff, the article speaks for itself, and Defendants respectfully refer to the article for its true and correct contents. Defendants deny that Plaintiff's selective description of information or statements contained in the April 20, 2018 *MetroNews* article is complete or presented with full context, and deny Plaintiff's characterization of the information. Defendants otherwise deny each and every allegation in paragraph 290.

291.    Defendants state that the Court's May 18, 2023 Opinion and Order held that Mylan's statements about "right sizing" the Morgantown facility, including the statement alleged in paragraphs 290 and 291, were not misleading, cannot be actionable omissions, and cannot serve as the basis for Plaintiff's Rule 10b-5 claim. *See* Dkt. No. 88 at 27-29. Thus, no response is required with respect to the allegations of paragraph 291 of the Complaint. Moreover, the allegations in paragraph 291 contain legal conclusions as to which no response is required. To the extent that a response is deemed necessary, Defendants deny each and every allegation in paragraph 291.

292.    Defendants state that the Court's May 18, 2023 Opinion and Order held that Mylan's statement describing its investments in "quality" alleged in paragraph 292 is non-actionable puffery and cannot serve as the basis for Plaintiff's Rule 10b-5 claim. *See* Dkt. No. 88 at 19-21. Thus, no response is required with respect to the allegations of paragraph 292 of the Complaint. To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 292 purport to quote and/or characterize information or statements contained in Mylan's "2017 Progress Report on Global Social Responsibility" publication, dated May 5, 2018, the publication speaks for itself, and Defendants respectfully refer to the publication for its true and correct contents. Defendants deny that Plaintiff's selective description of information or statements contained in Mylan's "2017 Progress Report

on Global Social Responsibility" publication, dated May 5, 2018, is complete or presented with full context, and deny Plaintiff's characterization of the information. Defendants otherwise deny each and every allegation in paragraph 292.

293. Defendants state that the Court's May 18, 2023 Opinion and Order held that Mylan's statement describing its investments in "quality" alleged in paragraph 293 is non-actionable puffery and cannot serve as the basis for Plaintiff's Rule 10b-5 claim. *See* Dkt. No. 88 at 19-21. Thus, no response is required with respect to the allegations of paragraph 293 of the Complaint. To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 293 purport to quote and/or characterize information or statements contained in Mylan's "2017 Progress Report on Global Social Responsibility" publication, dated May 5, 2018, the publication speaks for itself, and Defendants respectfully refer to the publication for its true and correct contents. Defendants deny that Plaintiff's selective description of information or statements contained in Mylan's "2017 Progress Report on Global Social Responsibility" publication, dated May 5, 2018, is complete or presented with full context, and deny Plaintiff's characterization of the information. Defendants otherwise deny each and every allegation in paragraph 293.

294. Defendants state that the Court's May 18, 2023 Opinion and Order held that Mylan's statements describing its investments in "quality" alleged in paragraphs 292, 293, and 294 are non-actionable puffery and cannot serve as the basis for Plaintiff's Rule 10b-5 claim. *See* Dkt. No. 88 at 19-21. Thus, no response is required with respect to the allegations of paragraph 294 of the Complaint. Moreover, the allegations in paragraph 294 contain legal conclusions as to which no response is required. To the extent that a response is deemed necessary, Defendants deny each and every allegation in paragraph 294.

295.    Defendants state that the Court's May 18, 2023 Opinion and Order held that Mylan's statement alleged in paragraph 295 is not actionable because it disclosed the exact information that Plaintiff alleges was concealed to the market and cannot serve as the basis for Plaintiff's Rule 10b-5 claim. *See* Dkt. No. 88 at 29-30 n.6. Thus, no response is required with respect to the allegations of paragraph 295 of the Complaint. To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 295 purport to quote and/or characterize information or statements contained in Mylan's Q1 2018 Form 10-Q, filed with the SEC on May 10, 2018, the Form 10-Q speaks for itself, and Defendants respectfully refer to the 10-Q for its true and correct contents. Defendants deny that Plaintiff's selective description of information or statements contained in Mylan's Q1 2018 Form 10-Q, filed with the SEC on May 10, 2018, is complete or presented with full context, and deny Plaintiff's characterization of the information. Defendants otherwise deny each and every allegation in paragraph 295.

296.    Defendants state that the Court's May 18, 2023 Opinion and Order held that Mylan's statement alleged in paragraphs 295 and 296 is not actionable because it disclosed the exact information that Plaintiff alleges was concealed to the market and cannot serve as the basis for Plaintiff's Rule 10b-5 claim. *See* Dkt. No. 88 at 29-30 n.6. Further, Defendants state that the Court's May 18, 2023 Opinion and Order held that Mylan's statements about regulatory compliance, including the statement alleged in paragraphs 269, 270, 276, 289, and 296 are not actionable and cannot serve as the basis for Plaintiff's Rule 10b-5 claim. *See* Dkt. No. 88 at 21-23. Thus, no response is required with respect to the allegations of paragraph 296 of the Complaint. Moreover, the allegations in paragraph 296 contain legal conclusions as to which no

response is required. To the extent that a response is deemed necessary, Defendants deny each and every allegation in paragraph 296.

297. Defendants state that the Court's May 18, 2023 Opinion and Order held that Mylan's statement about its "commitment" to "maintaining the highest quality manufacturing standards at its facilities around the world" alleged in paragraph 297 is non-actionable puffery and cannot serve as the basis for Plaintiff's Rule 10b-5 claim. *See* Dkt. No. 88 at 19-21. Thus, no response is required with respect to the allegations of paragraph 297 of the Complaint. To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 297 purport to quote and/or characterize information or statements contained in a June 27, 2018 *Bloomberg* article titled "FDA Made 13 Observations After Inspecting Mylan Plant in W.Va.," authored by Katherine Tam, and/or a June 28, 2018 statement issued by Mylan regarding "Morgantown Operations," the *Bloomberg* article and Mylan's statement speak for themselves, and Defendants respectfully refer to those documents for their true and correct contents. Defendants deny that Plaintiff's selective description of information or statements contained in the June 27, 2018 *Bloomberg* article and/or Mylan's June 28, 2018 statement is complete or presented with full context, and deny Plaintiff's characterization of the information. Defendants otherwise deny each and every allegation in paragraph 297.

298. Defendants state that the Court's May 18, 2023 Opinion and Order held that Mylan's statement about its "commitment" to "maintaining the highest quality manufacturing standards at its facilities around the world" alleged in paragraphs 297 and 298 is non-actionable puffery and cannot serve as the basis for Plaintiff's Rule 10b-5 claim. *See* Dkt. No. 88 at 19-21. Thus, no response is required with respect to the allegations of paragraph 298 of the Complaint. Moreover, the allegations in paragraph 298 contain legal conclusions as to which no response is

139

required. To the extent that a response is deemed necessary, Defendants deny each and every allegation in paragraph 298.

299. Defendants state that the Court's May 18, 2023 Opinion and Order held that only a portion of the statement alleged in paragraph 299 survived the motion to dismiss. The first two sentences of paragraph 299 were not held to be actionable, and thus no response is required with respect to the allegations in those two sentences. As to the third sentence in paragraph 299, to the extent that the allegations purport to quote and/or characterize information or statements contained in a January 31, 2019 *Bloomberg Law* article titled "Culture of 'Bending Rules' in India Challenges U.S. Drug Agency," authored by Ari Altstedter and Anna Edney, the article speaks for itself, and Defendants respectfully refer to the article for its contents. Defendants deny that Plaintiff's selective description of information or statements contained in the January 31, 2019 *Bloomberg Law* article is complete or presented with full context, and deny Plaintiff's characterization of the information. Defendants otherwise deny each and every allegation in paragraph 299.

300. Defendants state that the Court's May 18, 2023 Opinion and Order dismissed all claims and allegations regarding all challenged statements other than a portion of the statement referenced in paragraph 299 of the Complaint. As paragraph 300 refers to the portion of paragraph 299 that was dismissed, no response is required with respect to the allegations of paragraph 300 of the Complaint. Moreover, the allegations in paragraph 300 contain legal conclusions as to which no response is required. To the extent that a response is deemed necessary, Defendants deny each and every allegation in paragraph 300.

301. Defendants state that the Court's May 18, 2023 Opinion and Order dismissed all claims and allegations regarding all challenged statements other than a portion of the statement

140

referenced in paragraph 299 of the Complaint, and thus no response is required with respect to the allegations of paragraph 301 of the Complaint that are not related to the one remaining challenged statement. Moreover, the allegations in paragraph 301 contain legal conclusions as to which no response is required. These objections also apply to the Answer paragraphs below, to which paragraph 301 of the Complaint references. To the extent that a response is deemed necessary, Defendants deny each and every allegation in paragraph 301.

302.     Defendants state that the Court's May 18, 2023 Opinion and Order held that Mylan's statements of opinion alleged in paragraph 302 are not actionable and cannot serve as the basis for Plaintiff's Rule 10b-5 claim. *See* Dkt. No. 88 at 24-27. Thus, no response is required with respect to the allegations of paragraph 302 of the Complaint. To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 302 purport to quote and/or characterize information or statements contained in or made during a session of the Bank of America Merrill Lynch 19th Annual Health Care Conference on May 10, 2016, the conference transcript speaks for itself, and Defendants respectfully refer to the transcript for its true and correct contents. Defendants deny that Plaintiff's selective description of information or statements contained in or made during a session of the Bank of America Merrill Lynch 19th Annual Health Care Conference on May 10, 2016 is complete or presented with full context, and deny Plaintiff's characterization of the information. Defendants otherwise deny each and every allegation in paragraph 302.

303.     Defendants state that the Court's May 18, 2023 Opinion and Order held that Mylan's statements of opinion alleged in paragraph 303 are not actionable and Mylan's statement describing its business strategy as "win-win" alleged in paragraph 303 is non-actionable puffery, and they cannot serve as the basis for Plaintiff's Rule 10b-5 claim. *See* Dkt.

141

No. 88 at 19-21, 24-27.  Thus, no response is required with respect to the allegations of paragraph 303 of the Complaint.  To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 303 purport to quote and/or characterize information or statements contained in or made during a session of the Goldman Sachs 37th Annual Global Healthcare Conference on June 7, 2016, the conference transcript speaks for itself, and Defendants respectfully refer to the transcript for its true and correct contents. Defendants deny that Plaintiff's selective description of information or statements contained in or made during a session of the Goldman Sachs 37th Annual Global Healthcare Conference on June 7, 2016 is complete or presented with full context, and deny Plaintiff's characterization of the information.  Defendants otherwise deny each and every allegation in paragraph 303.

304.    Defendants state that the Court's May 18, 2023 Opinion and Order held that Mylan's statement describing its manufacturing operations as "extensive" alleged in paragraph 304 is non-actionable puffery and cannot serve as the basis for Plaintiff's Rule 10b-5 claim. *See* Dkt. No. 88 at 19-21.  Thus, no response is required with respect to the allegations of paragraph 304 of the Complaint.  To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 304 purport to quote and/or characterize information or statements contained in or made during Mylan's Q2 2016 earnings call on August 9, 2016, the earnings call transcript speaks for itself, and Defendants respectfully refer to the earnings call transcript for its true and correct contents.  Defendants deny that Plaintiff's selective description of information or statements contained in or made during Mylan's Q2 2016 earnings call on August 9, 2016 is complete or presented with full context, and deny Plaintiff's characterization of the information.  Defendants otherwise deny each and every allegation in paragraph 304.

305.    Defendants state that the Court's May 18, 2023 Opinion and Order held that Mylan's statements of opinion alleged in paragraph 305 are not actionable and Mylan's statement describing its supply chain as "reliable" and "second to none" alleged in paragraph 305 is non-actionable puffery, and they cannot serve as the basis for Plaintiff's Rule 10b-5 claim. *See* Dkt. No. 88 at 19-21, 24-27. Thus, no response is required with respect to the allegations of paragraph 305 of the Complaint. To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 305 purport to quote and/or characterize information or statements contained in or made during Mylan's Q2 2016 earnings call on August 9, 2016, the earnings call transcript speaks for itself, and Defendants respectfully refer to the earnings call transcript for its true and correct contents. Defendants deny that Plaintiff's selective description of information or statements contained in or made during Mylan's Q2 2016 earnings call on August 9, 2016 is complete or presented with full context, and deny Plaintiff's characterization of the information. Defendants otherwise deny each and every allegation in paragraph 305.

306.    Defendants state that the Court's May 18, 2023 Opinion and Order held that Mylan's statement describing its supply chain alleged in paragraph 306 is non-actionable puffery and cannot serve as the basis for Plaintiff's Rule 10b-5 claim. *See* Dkt. No. 88 at 19-21. Thus, no response is required with respect to the allegations of paragraph 306 of the Complaint. To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 306 purport to quote and/or characterize information or statements contained in or made during Mylan's Q3 2016 earnings call on November 9, 2016, the earnings call transcript speaks for itself, and Defendants respectfully refer to the earnings call transcript for its true and correct contents. Defendants deny that Plaintiff's selective description of information or

statements contained in or made during Mylan's Q3 2016 earnings call on November 9, 2016 is complete or presented with full context, and deny Plaintiff's characterization of the information. Defendants otherwise deny each and every allegation in paragraph 306.

307.    Defendants state that the Court's May 18, 2023 Opinion and Order held that Mylan's statements of opinion alleged in paragraph 307 are not actionable and Mylan's statement describing its supply chain alleged in paragraph 307 is non-actionable puffery, and they cannot serve as the basis for Plaintiff's Rule 10b-5 claim.  *See* Dkt. No. 88 at 19-21, 24-27. Thus, no response is required with respect to the allegations of paragraph 307 of the Complaint. To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 307 purport to quote and/or characterize information or statements contained in or made during a session of the 35th Annual J.P. Morgan Healthcare Conference on January 11, 2017, the conference transcript speaks for itself, and Defendants respectfully refer to the transcript for its true and correct contents.  Defendants deny that Plaintiff's selective description of information or statements contained in or made during a session of the 35th Annual J.P. Morgan Healthcare Conference on January 11, 2017 is complete or presented with full context, and deny Plaintiff's characterization of the information.  Defendants otherwise deny each and every allegation in paragraph 307.

308.    Defendants state that the Court's May 18, 2023 Opinion and Order held that Mylan's statements of opinion alleged in paragraph 308 are not actionable and cannot serve as the basis for Plaintiff's Rule 10b-5 claim.  *See* Dkt. No. 88 at 24-27.  Thus, no response is required with respect to the allegations of paragraph 308 of the Complaint.  To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 308 purport to quote and/or characterize information or statements contained in or made during a

session of the UBS Global Healthcare Conference on May 22, 2017, the conference transcript speaks for itself, and Defendants respectfully refer to the transcript for its true and correct contents. Defendants deny that Plaintiff's selective description of information or statements contained in or made during a session of the UBS Global Healthcare Conference on May 22, 2017 is complete or presented with full context, and deny Plaintiff's characterization of the information. Defendants otherwise deny each and every allegation in paragraph 308.

309. Defendants state that the Court's May 18, 2023 Opinion and Order held that Mylan's statements of opinion alleged in paragraph 309 are not actionable and cannot serve as the basis for Plaintiff's Rule 10b-5 claim. *See* Dkt. No. 88 at 24-27. Thus, no response is required with respect to the allegations of paragraph 309 of the Complaint. To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 309 purport to quote and/or characterize information or statements contained in or made during a session of the UBS Global Healthcare Conference on May 22, 2017, the conference transcript speaks for itself, and Defendants respectfully refer to the transcript for its true and correct contents. Defendants deny that Plaintiff's selective description of information or statements contained in or made during a session of the UBS Global Healthcare Conference on May 22, 2017 is complete or presented with full context, and deny Plaintiff's characterization of the information. Defendants otherwise deny each and every allegation in paragraph 309.

310. Defendants state that the Court's May 18, 2023 Opinion and Order held that Mylan's statement about being "best positioned to take [its] entire product portfolio across the globe" alleged in paragraph 310 is non-actionable puffery and cannot serve as the basis for Plaintiff's Rule 10b-5 claim. *See* Dkt. No. 88 at 19-21. Thus, no response is required with respect to the allegations of paragraph 310 of the Complaint. To the extent that a response is

145

deemed necessary and to the extent that the allegations contained in paragraph 310 purport to quote and/or characterize information or statements contained in or made during Mylan's Q2 2017 earnings call on August 9, 2017, the earnings call transcript speaks for itself, and Defendants respectfully refer to the earnings call transcript for its true and correct contents. Defendants deny that Plaintiff's selective description of information or statements contained in or made during Mylan's Q2 2017 earnings call on August 9, 2017 is complete or presented with full context, and deny Plaintiff's characterization of the information.  Defendants otherwise deny each and every allegation in paragraph 310.

311.    Defendants state that the Court's May 18, 2023 Opinion and Order held that Mylan's statement about its ability to "leverage" its platform alleged in paragraph 311 is non-actionable puffery and cannot serve as the basis for Plaintiff's Rule 10b-5 claim.  *See* Dkt. No. 88 at 19-21.  Thus, no response is required with respect to the allegations of paragraph 311 of the Complaint.  To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 311 purport to quote and/or characterize information or statements contained in or made during Mylan's Q3 2017 earnings call on November 6, 2017, the earnings call transcript speaks for itself, and Defendants respectfully refer to the earnings call transcript for its true and correct contents.  Defendants deny that Plaintiff's selective description of information or statements contained in or made during Mylan's Q3 2017 earnings call on November 6, 2017 is complete or presented with full context, and deny Plaintiff's characterization of the information.  Defendants otherwise deny each and every allegation in paragraph 311.

312.    Defendants state that the Court's May 18, 2023 Opinion and Order held that Mylan's statements of opinion alleged in paragraph 312 are not actionable and Mylan's

146

statement about its ability to "leverage" its platform and portfolio alleged in paragraph 312 is non-actionable puffery, and they cannot serve as the basis for Plaintiff's Rule 10b-5 claim. *See* Dkt. No. 88 at 19-21, 24-27. Thus, no response is required with respect to the allegations of paragraph 312 of the Complaint. To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 312 purport to quote and/or characterize information or statements contained in or made during a session of the 36th Annual J.P. Morgan Healthcare Conference on January 9, 2018, the conference transcript speaks for itself, and Defendants respectfully refer to the transcript for its true and correct contents. Defendants deny that Plaintiff's selective description of information or statements contained in or made during a session of the 36th Annual J.P. Morgan Healthcare Conference on January 9, 2018 is complete or presented with full context, and deny Plaintiff's characterization of the information. Defendants otherwise deny each and every allegation in paragraph 312.

313.     Defendants state that the Court's May 18, 2023 Opinion and Order held that Mylan's statements of opinion alleged in paragraph 313 are not actionable and cannot serve as the basis for Plaintiff's Rule 10b-5 claim. *See* Dkt. No. 88 at 24-27. Thus, no response is required with respect to the allegations of paragraph 313 of the Complaint. To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 313 purport to quote and/or characterize information or statements contained in or made during a session of the 36th Annual J.P. Morgan Healthcare Conference on January 9, 2018, the conference transcript speaks for itself, and Defendants respectfully refer to the transcript for its true and correct contents. Defendants deny that Plaintiff's selective description of information or statements contained in or made during a session of the 36th Annual J.P. Morgan Healthcare Conference on January 9, 2018 is complete or presented with full context, and deny Plaintiff's

147

characterization of the information.  Defendants otherwise deny each and every allegation in paragraph 313.

314.    Defendants state that the Court's May 18, 2023 Opinion and Order held that Mylan's statements of opinion alleged in paragraph 314 are not actionable and cannot serve as the basis for Plaintiff's Rule 10b-5 claim.  *See* Dkt. No. 88 at 24-27.  Thus, no response is required with respect to the allegations of paragraph 314 of the Complaint.  To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 314 purport to quote and/or characterize information or statements contained in or made during a session of the 36th Annual J.P. Morgan Healthcare Conference on January 9, 2018, the conference transcript speaks for itself, and Defendants respectfully refer to the transcript for its true and correct contents.  Defendants deny that Plaintiff's selective description of information or statements contained in or made during a session of the 36th Annual J.P. Morgan Healthcare Conference on January 9, 2018 is complete or presented with full context, and deny Plaintiff's characterization of the information.  Defendants otherwise deny each and every allegation in paragraph 314.

315.    Defendants state that the Court's May 18, 2023 Opinion and Order held that Mylan's statements of opinion alleged in paragraph 315 are not actionable and cannot serve as the basis for Plaintiff's Rule 10b-5 claim.  *See* Dkt. No. 88 at 24-27.  Thus, no response is required with respect to the allegations of paragraph 315 of the Complaint.  To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 315 purport to quote and/or characterize information or statements contained in or made during a session of the 36th Annual J.P. Morgan Healthcare Conference on January 9, 2018, the conference transcript speaks for itself, and Defendants respectfully refer to the transcript for its

true and correct contents.  Defendants deny that Plaintiff's selective description of information or statements contained in or made during a session of the 36th Annual J.P. Morgan Healthcare Conference on January 9, 2018 is complete or presented with full context, and deny Plaintiff's characterization of the information.  Defendants otherwise deny each and every allegation in paragraph 315.

316.    Defendants state that the Court's May 18, 2023 Opinion and Order held that Mylan's statements of opinion alleged in paragraph 316 are not actionable and cannot serve as the basis for Plaintiff's Rule 10b-5 claim.  *See* Dkt. No. 88 at 24-27.  Thus, no response is required with respect to the allegations of paragraph 316 of the Complaint.  To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 316 purport to quote and/or characterize information or statements contained in or made during a session of the Raymond James 39th Annual Institutional Investors Conference on March 5, 2018, the conference transcript speaks for itself, and Defendants respectfully refer to the transcript for its true and correct contents.  Defendants deny that Plaintiff's selective description of information or statements contained in or made during a session of the Raymond James 39th Annual Institutional Investors Conference on March 5, 2018 is complete or presented with full context, and deny Plaintiff's characterization of the information.  Defendants otherwise deny each and every allegation in paragraph 316.

317.    Defendants state that the Court's May 18, 2023 Opinion and Order held that Mylan's statement "celebrating" or expressing "excitement" about "the credibility of [Mylan's] science, our portfolio, our ability, our operational excellence, the ability to manufacture high-quality, high-volume products around the globe" alleged in paragraph 317 is non-actionable puffery and cannot serve as the basis for Plaintiff's Rule 10b-5 claim.  *See* Dkt. No. 88 at 19-21.

Thus, no response is required with respect to the allegations of paragraph 317 of the Complaint. To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 317 purport to quote and/or characterize information or statements contained in or made during a session of the Barclays Global Healthcare Conference on March 14, 2018, the conference transcript speaks for itself, and Defendants respectfully refer to the transcript for its true and correct contents. Defendants deny that Plaintiff's selective description of information or statements contained in or made during a session of the Barclays Global Healthcare Conference on March 14, 2018 is complete or presented with full context, and deny Plaintiff's characterization of the information. Defendants otherwise deny each and every allegation in paragraph 317.

318. Defendants state that the Court's May 18, 2023 Opinion and Order held that Mylan's statements of opinion and puffery statements alleged in paragraphs 302 to 318 are not actionable and cannot serve as the basis for Plaintiff's Rule 10b-5 claim. *See* Dkt. No. 88 at 19-21, 24-27. Thus, no response is required with respect to the allegations of paragraph 318 of the Complaint. Moreover, the allegations in paragraph 318 contain legal conclusions as to which no response is required. To the extent that a response is deemed necessary, Defendants deny each and every allegation in paragraph 318.

319. Defendants state that the Court's May 18, 2023 Opinion and Order held that Mylan's statement expressing "excitement" about its portfolio alleged in paragraph 319 is non-actionable puffery and cannot serve as the basis for Plaintiff's Rule 10b-5 claim. *See* Dkt. No. 88 at 19-21. Thus, no response is required with respect to the allegations of paragraph 319 of the Complaint. To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 319 purport to quote and/or characterize information or

statements contained in or made during a session of the Goldman Sachs 39th Annual Global Healthcare Conference on June 13, 2018, the conference transcript speaks for itself, and Defendants respectfully refer to the transcript for its true and correct contents.  Defendants deny that Plaintiff's selective description of information or statements contained in or made during a session of the Goldman Sachs 39th Annual Global Healthcare Conference on June 13, 2018 is complete or presented with full context, and deny Plaintiff's characterization of the information. Defendants otherwise deny each and every allegation in paragraph 319.

320.    Defendants state that the Court's May 18, 2023 Opinion and Order held that Mylan's statement expressing "excitement" about its portfolio alleged in paragraphs 319 and 320 is non-actionable puffery and cannot serve as the basis for Plaintiff's Rule 10b-5 claim.  *See* Dkt. No. 88 at 19-21.  Thus, no response is required with respect to the allegations of paragraph 320 of the Complaint.  Moreover, the allegations in paragraph 320 contain legal conclusions as to which no response is required.  To the extent that a response is deemed necessary, Defendants deny each and every allegation in paragraph 320.

321.    Defendants state that the Court's May 18, 2023 Opinion and Order held that Mylan's statements about "right sizing" the Morgantown facility, including the statement alleged in paragraph 321, were not misleading, cannot be actionable omissions, and cannot serve as the basis for Plaintiff's Rule 10b-5 claim.  *See* Dkt. No. 88 at 27-29.  Thus, no response is required with respect to the allegations of paragraph 321 of the Complaint.  To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 321 purport to quote and/or characterize information or statements contained in or made during Mylan's Q2 2018 earnings call on August 8, 2018 and/or Mylan's Form 8-K attaching its press release announcing Mylan's financial results for Q2 2018, filed with the SEC on August 8, 2018, the

earnings call transcript and Form 8-K speak for themselves, and Defendants respectfully refer to those documents for their true and correct contents.  Defendants deny that Plaintiff's selective description of information or statements contained in or made during Mylan's Q2 2018 earnings call on August 8, 2018 and/or Mylan's Form 8-K attaching its press release announcing Mylan's financial results for Q2 2018, filed with the SEC on August 8, 2018, is complete or presented with full context, and deny Plaintiff's characterization of the information.  Defendants otherwise deny each and every allegation in paragraph 321.

322.    Defendants state that the Court's May 18, 2023 Opinion and Order held that Mylan's statements about "right sizing" the Morgantown facility, including the statement alleged in paragraph 322, were not misleading, cannot be actionable omissions, and cannot serve as the basis for Plaintiff's Rule 10b-5 claim.  *See* Dkt. No. 88 at 27-29.  Thus, no response is required with respect to the allegations of paragraph 322 of the Complaint.  To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 322 purport to quote and/or characterize information or statements contained in or made during Mylan's Q2 2018 earnings call on August 8, 2018 and/or Mylan's Form 8-K attaching its press release announcing Mylan's financial results for Q2 2018, filed with the SEC on August 8, 2018, the earnings call transcript and Form 8-K speak for themselves, and Defendants respectfully refer to those documents for their true and correct contents.  Defendants deny that Plaintiff's selective description of information or statements contained in or made during Mylan's Q2 2018 earnings call on August 8, 2018 and/or Mylan's Form 8-K attaching its press release announcing Mylan's financial results for Q2 2018, filed with the SEC on August 8, 2018, is complete or presented with full context, and deny Plaintiff's characterization of the information.  Defendants otherwise deny each and every allegation in paragraph 322.

323.    Defendants state that the Court's May 18, 2023 Opinion and Order held that Mylan's statements about "right sizing" the Morgantown facility, including the statement alleged in paragraph 323, were not misleading, cannot be actionable omissions, and cannot serve as the basis for Plaintiff's Rule 10b-5 claim.  *See* Dkt. No. 88 at 27-29.  Thus, no response is required with respect to the allegations of paragraph 323 of the Complaint.  To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 323 purport to quote and/or characterize information or statements contained in or made during Mylan's Q2 2018 earnings call on August 8, 2018 and/or Mylan's Form 8-K attaching its press release announcing Mylan's financial results for Q2 2018, filed with the SEC on August 8, 2018, the earnings call transcript and Form 8-K speak for themselves, and Defendants respectfully refer to those documents for their true and correct contents.  Defendants deny that Plaintiff's selective description of information or statements contained in or made during Mylan's Q2 2018 earnings call on August 8, 2018 and/or Mylan's Form 8-K attaching its press release announcing Mylan's financial results for Q2 2018, filed with the SEC on August 8, 2018, is complete or presented with full context, and deny Plaintiff's characterization of the information.  Defendants otherwise deny each and every allegation in paragraph 323.

324.    Defendants state that the Court's May 18, 2023 Opinion and Order held that Mylan's statements about "right sizing" the Morgantown facility, including the statements alleged in paragraphs 321 to 324, were not misleading, cannot be actionable omissions, and cannot serve as the basis for Plaintiff's Rule 10b-5 claim.  *See* Dkt. No. 88 at 27-29.  Thus, no response is required with respect to the allegations of paragraph 324 of the Complaint.  Moreover, the allegations in paragraph 324 contain legal conclusions as to which no response is

153

required.  To the extent that a response is deemed necessary, Defendants deny each and every allegation in paragraph 324.

325.    Defendants state that the Court's May 18, 2023 Opinion and Order held that Mylan's statements about "right sizing" the Morgantown facility, including the statement alleged in paragraph 325, were not misleading, cannot be actionable omissions, and cannot serve as the basis for Plaintiff's Rule 10b-5 claim.  *See* Dkt. No. 88 at 27-29.  Thus, no response is required with respect to the allegations of paragraph 325 of the Complaint.  To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 325 purport to quote and/or characterize information or statements contained in or made during Mylan's Q3 2018 earnings call on November 5, 2018 and/or Mylan's Form 8-K attaching its press release announcing Mylan's financial results for Q3 2018, filed with the SEC on November 5, 2018, the earnings call transcript and Form 8-K speak for themselves, and Defendants respectfully refer to those documents for their true and correct contents.  Defendants deny that Plaintiff's selective description of information or statements contained in Mylan's Q3 2018 earnings call on November 5, 2018 and/or Mylan's Form 8-K attaching its press release announcing Mylan's financial results for Q3 2018, filed with the SEC on November 5, 2018, is complete or presented with full context, and deny Plaintiff's characterization of the information.  Defendants otherwise deny each and every allegation in paragraph 325.

326.    Defendants state that the Court's May 18, 2023 Opinion and Order held that Mylan's statements about "right sizing" the Morgantown facility, including the statement alleged in paragraphs 325 and 326, were not misleading, cannot be actionable omissions, and cannot serve as the basis for Plaintiff's Rule 10b-5 claim.  *See* Dkt. No. 88 at 27-29.  Thus, no response is required with respect to the allegations of paragraph 326 of the Complaint.  Moreover, the

154

allegations in paragraph 326 contain legal conclusions as to which no response is required.  To the extent that a response is deemed necessary, Defendants deny each and every allegation in paragraph 326.

327.    Defendants state that the Court's May 18, 2023 Opinion and Order dismissed all claims and allegations regarding all challenged statements other than a portion of the statement referenced in paragraph 299 of the Complaint, and thus no response is required with respect to the allegations of paragraph 327 of the Complaint that are not related to the one remaining challenged statement.  Moreover, the allegations in paragraph 327 contain legal conclusions as to which no response is required.  To the extent that a response is deemed necessary, Defendants deny each and every allegation in paragraph 327.

328.    Defendants state that the Court's May 18, 2023 Opinion and Order dismissed all claims and allegations regarding all challenged statements other than a portion of the statement referenced in paragraph 299 of the Complaint, and thus no response is required with respect to the allegations of paragraph 328 of the Complaint that are not related to the one remaining challenged statement.  Moreover, the allegations in paragraph 328 contain legal conclusions as to which no response is required.  To the extent that a response is deemed necessary, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the conduct of "Lead Plaintiff and other Class members" and, on that basis, deny the allegations.  Defendants admit that Plaintiff purports to describe a legal and/or economic theory which, if relevant to the claims in this case, may be the subject of future expert analysis and testimony.  Defendants otherwise deny each and every allegation in paragraph 328.

329.    Defendants state that the Court's May 18, 2023 Opinion and Order dismissed all claims and allegations regarding all challenged statements other than a portion of the statement

155

referenced in paragraph 299 of the Complaint, and thus no response is required with respect to the allegations of paragraph 329 of the Complaint that are not related to the one remaining challenged statement. Moreover, the allegations in paragraph 329 contain legal conclusions as to which no response is required. To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 329 purport to quote and/or characterize information or statements contained in or made during (i) a June 28, 2018 statement issued by Mylan regarding "Morgantown Operations," (ii) Mylan's Q2 2018 earnings call on August 8, 2018, (iii) Mylan's Form 8-K attaching its press release announcing Mylan's financial results for Q2 2018, filed with the SEC on August 8, 2018, (iv) Mylan's Form 8-K attaching its press release announcing Mylan's financial results for Q4 2018 and FY 2018, filed with the SEC on February 26, 2019, (v) Mylan's Q4 2018 and FY 2018 earnings call on February 26, 2019, and/or (vi) Mylan's Form 8-K attaching its press release announcing Mylan's financial results for Q1 2019, filed with the SEC on May 7, 2019, Mylan's statement, Form 8-Ks, and earnings call transcripts speak for themselves, and Defendants respectfully refer to those documents for their true and correct contents. Defendants deny that Plaintiff's selective description of information or statements contained in (i) Mylan's June 28, 2018 statement (ii) Mylan's Q2 2018 earnings call on August 8, 2018, (iii) Mylan's Form 8-K attaching its press release announcing Mylan's financial results for Q2 2018, filed with the SEC on August 8, 2018 (iv) Mylan's Form 8-K attaching its press release announcing Mylan's financial results for Q4 2018 and FY 2018, filed with the SEC on February 26, 2019, (v) Mylan's Q4 2018 and FY 2018 earnings call on February 26, 2019, and/or (vi) Mylan's Form 8-K attaching its press release announcing Mylan's financial results for Q1 2019, filed with the SEC on May 7, 2019, is complete or presented with full context, and deny Plaintiff's characterization of the information. To the extent that

156

paragraph 329 contains allegations concerning Mylan's stock price, Defendants refer to public records of such stock prices. Defendants admit that Plaintiff purports to describe a legal and/or economic theory which, if relevant to the claims in this case, may be the subject of future expert analysis and testimony. Defendants otherwise deny each and every allegation in paragraph 329.

330.    Defendants state that the Court's May 18, 2023 Opinion and Order dismissed all claims and allegations regarding all challenged statements other than a portion of the statement referenced in paragraph 299 of the Complaint, and thus no response is required with respect to the allegations of paragraph 330 of the Complaint that are not related to the one remaining challenged statement. Moreover, the allegations in paragraph 330 contain legal conclusions as to which no response is required. To the extent that a response is deemed necessary, Defendants admit that Mylan's stock price was $43.15 per share at the close of February 16, 2016 and was $21.53 per share at the close of May 7, 2019. Defendants otherwise deny each and every allegation in paragraph 330.

331.    Defendants state that the Court's May 18, 2023 Opinion and Order dismissed all claims and allegations regarding all challenged statements other than a portion of the statement referenced in paragraph 299 of the Complaint, and thus no response is required with respect to the allegations of paragraph 331 of the Complaint, and the chart incorporated therein, that are not related to the one remaining challenged statement. Moreover, the allegations in paragraph 331 contain legal conclusions as to which no response is required. To the extent that a response is deemed necessary and to the extent that the allegations contained in paragraph 331 purport to quote and/or characterize information or statements contained in or made during (i) a June 27, 2018 *Bloomberg* article titled "FDA Made 13 Observations After Inspecting Mylan Plant in W.Va.," authored by Katherine Tam (ii) Mylan's Q2 2018 earnings call on August 8, 2018, (iii)

157

Mylan's Form 8-K attaching its press release announcing Mylan's financial results for Q2 2018, filed with the SEC on August 8, 2018, (iv) Mylan's Form 8-K attaching its press release announcing Mylan's financial results for Q4 2018 and FY 2018, filed with the SEC on February 26, 2019, (v) Mylan's Q4 2018 and FY 2018 earnings call on February 26, 2019, and/or (vi) Mylan's Form 8-K attaching its press release announcing Mylan's financial results for Q1 2019, filed with the SEC on May 7, 2019, the *Bloomberg* article, Form 8-Ks, and earnings call transcripts speak for themselves, and Defendants respectfully refer to those documents for their true and correct contents.  Defendants deny that Plaintiff's selective description of information or statements contained in (i) a June 27, 2018 *Bloomberg* article, (ii) Mylan's Q2 2018 earnings call on August 8, 2018, (iii) Mylan's Form 8-K attaching its press release announcing Mylan's financial results for Q2 2018, filed with the SEC on August 8, 2018 (iv) Mylan's Form 8-K attaching its press release announcing Mylan's financial results for Q4 2018 and FY 2018, filed with the SEC on February 26, 2019, (v) Mylan's Q4 2018 and FY 2018 earnings call on February 26, 2019, and/or (vi) Mylan's Form 8-K attaching its press release announcing Mylan's financial results for Q1 2019, filed with the SEC on May 7, 2019, is complete or presented with full context, and deny Plaintiff's characterization of the information.  Defendants admit that Mylan's stock was $37.45 per share at the close of June 27, 2018, $39.23 per share at the close of August 8, 2018, $30.62 per share at the close of February 26, 2019, and $21.53 per share at the close of May 7, 2019.  Defendants otherwise deny each and every allegation in paragraph 331.

332.    Defendants state that the Court's May 18, 2023 Opinion and Order dismissed all claims and allegations regarding all challenged statements other than a portion of the statement referenced in paragraph 299 of the Complaint, and thus no response is required with respect to

the allegations of paragraph 332 of the Complaint, and the chart incorporated therein, that are not related to the one remaining challenged statement. Moreover, the allegations in paragraph 332 contain legal conclusions as to which no response is required. To the extent that a response is deemed necessary, Defendants admit that Plaintiff purports to describe a legal and/or economic theory which, if relevant to the claims in this case, may be the subject of future expert analysis and testimony. Defendants otherwise deny each and every allegation in paragraph 332.

333.    Defendants state that the Court's May 18, 2023 Opinion and Order dismissed all claims and allegations regarding all challenged statements other than a portion of the statement referenced in paragraph 299 of the Complaint, and thus no response is required with respect to the allegations of paragraph 333 of the Complaint that are not related to the one remaining challenged statement. Moreover, the allegations in paragraph 333 contain legal conclusions as to which no response is required. To the extent that a response is deemed necessary, Defendants admit that Plaintiff purports to bring this action "as a class action" "on behalf of all persons and entities who purchased or otherwise acquired the publicly traded common stock of Mylan between February 16, 2016 and May 7, 2019, inclusive," pursuant to the rule cited therein, and purports to exclude from the Class "Defendants and their families, directors, and officers of Mylan and their families and affiliates." Defendants deny that class certification is appropriate. Defendants otherwise deny each and every allegation in paragraph 333.

334.    The allegations in paragraph 334 contain legal conclusions as to which no response is required. To the extent that a response is deemed necessary and to the extent that paragraph 334 contains allegations concerning Mylan's outstanding shares of stock, Defendants refer to public records of such shares outstanding. Defendants otherwise deny each and every allegation in paragraph 334.

159

335.    The allegations in paragraph 335 contain legal conclusions as to which no response is required.  To the extent that a response is deemed necessary, Defendants deny each and every allegation in paragraph 335.

336.    The allegations in paragraph 336 contain legal conclusions as to which no response is required.  To the extent that a response is deemed necessary, Defendants deny each and every allegation in paragraph 336.

337.    The allegations in paragraph 337 contain legal conclusions as to which no response is required.  To the extent that a response is deemed necessary, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the purported adequacy of Plaintiff and, on that basis, deny the allegations.  Defendants otherwise deny each and every allegation in paragraph 337.

338.    The allegations in paragraph 338 contain legal conclusions as to which no response is required.  To the extent that a response is deemed necessary, Defendants deny each and every allegation in paragraph 338.

339.    The allegations in paragraph 339 contain legal conclusions as to which no response is required.  To the extent that a response is deemed necessary, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning unnamed "securities analysts" and, on that basis, deny the allegations.  Defendants admit that during the alleged Class Period, Mylan stock was listed on the NASDAQ.  Defendants further admit that, during the alleged Class Period, Mylan filed various reports with the SEC and made various disclosures to the public.  Defendants admit that Plaintiff purports to describe a legal and/or economic theory which, if relevant to the claims in this case, may be the subject of future

160

expert analysis and testimony.  Defendants otherwise deny each and every allegation in paragraph 339.

340.   The allegations in paragraph 340 contain legal conclusions as to which no response is required.  To the extent that a response is deemed necessary, Defendants admit that Plaintiff purports to describe a legal and/or economic theory which, if relevant to the claims in this case, may be the subject of future expert analysis and testimony.  Defendants otherwise deny each and every allegation in paragraph 340.

341.   The allegations in paragraph 341 contain legal conclusions as to which no response is required.  To the extent that a response is deemed necessary, Defendants deny each and every allegation in paragraph 341.

342.   The allegations in paragraph 342 contain legal conclusions as to which no response is required.  To the extent that a response is deemed necessary, Defendants deny each and every allegation in paragraph 342.

343.   Defendants state that the Court's May 18, 2023 Opinion and Order dismissed all claims and allegations regarding all challenged statements other than a portion of the statement referenced in paragraph 299 of the Complaint, and thus no response is required with respect to the allegations of paragraph 343 of the Complaint that are not related to the one remaining challenged statement.  Moreover, the allegations in paragraph 343 contain legal conclusions as to which no response is required.  To the extent that a response is deemed necessary, Defendants deny each and every allegation in paragraph 343.

344.   Defendants repeat each and every response contained above as if fully set forth in this Answer.

345.    Defendants state that the Court's May 18, 2023 Opinion and Order dismissed all claims and allegations against the Individual Defendants under Section 10(b) of the Exchange Act and SEC Rule 10b-5 thereunder, and thus no response is required with respect to the allegations of paragraph 345 of the Complaint concerning the Individual Defendants. Defendants also state that, as to Mylan (as well as the Individual Defendants) the Court's May 18, 2023 Opinion and Order dismissed all claims and allegations regarding all challenged statements other than a portion of the statement referenced in paragraph 299 of the Complaint, and thus no response is required with respect to the allegations of paragraph 345 of the Complaint that are not related to the one remaining challenged statement. Moreover, the allegations in paragraph 345 contain legal conclusions as to which no response is required. To the extent that a response is deemed necessary, Defendants deny each and every allegation in paragraph 345.

346.    Defendants state that the Court's May 18, 2023 Opinion and Order dismissed all claims and allegations against the Individual Defendants under Section 10(b) of the Exchange Act and SEC Rule 10b-5 thereunder, and thus no response is required with respect to the allegations of paragraph 346 of the Complaint concerning the Individual Defendants. Defendants also state that, as to Mylan (as well as the Individual Defendants) the Court's May 18, 2023 Opinion and Order dismissed all claims and allegations regarding all challenged statements other than a portion of the statement referenced in paragraph 299 of the Complaint, and thus no response is required with respect to the allegations of paragraph 346 of the Complaint that are not related to the one remaining challenged statement. Moreover, the allegations in paragraph 346 contain legal conclusions as to which no response is required. To

162

the extent that a response is deemed necessary, Defendants deny each and every allegation in paragraph 346.

347.    Defendants state that the Court's May 18, 2023 Opinion and Order dismissed all claims and allegations against the Individual Defendants under Section 10(b) of the Exchange Act and SEC Rule 10b-5 thereunder, and thus no response is required with respect to the allegations of paragraph 347 of the Complaint concerning the Individual Defendants. Defendants also state that, as to Mylan (as well as the Individual Defendants) the Court's May 18, 2023 Opinion and Order dismissed all claims and allegations regarding all challenged statements other than a portion of the statement referenced in paragraph 299 of the Complaint, and thus no response is required with respect to the allegations of paragraph 347 of the Complaint that are not related to the one remaining challenged statement.  Moreover, the allegations in paragraph 347 contain legal conclusions as to which no response is required.  To the extent that a response is deemed necessary, Defendants deny each and every allegation in paragraph 347.

348.    Defendants state that the Court's May 18, 2023 Opinion and Order dismissed all claims and allegations against the Individual Defendants under Section 10(b) of the Exchange Act and SEC Rule 10b-5 thereunder, and thus no response is required with respect to the allegations of paragraph 348 of the Complaint concerning the Individual Defendants. Defendants also state that, as to Mylan (as well as the Individual Defendants) the Court's May 18, 2023 Opinion and Order dismissed all claims and allegations regarding all challenged statements other than a portion of the statement referenced in paragraph 299 of the Complaint, and thus no response is required with respect to the allegations of paragraph 348 of the Complaint that are not related to the one remaining challenged statement.  Moreover, the

163

allegations in paragraph 348 contain legal conclusions as to which no response is required. To the extent that a response is deemed necessary, Defendants deny each and every allegation in paragraph 348.

349. Defendants state that the Court's May 18, 2023 Opinion and Order dismissed all claims and allegations against the Individual Defendants under Section 10(b) of the Exchange Act and SEC Rule 10b-5 thereunder, and thus no response is required with respect to the allegations of paragraph 349 of the Complaint concerning the Individual Defendants. Defendants also state that, as to Mylan (as well as the Individual Defendants) the Court's May 18, 2023 Opinion and Order dismissed all claims and allegations regarding all challenged statements other than a portion of the statement referenced in paragraph 299 of the Complaint, and thus no response is required with respect to the allegations of paragraph 349 of the Complaint that are not related to the one remaining challenged statement. Moreover, the allegations in paragraph 349 contain legal conclusions as to which no response is required. To the extent that a response is deemed necessary, Defendants deny each and every allegation in paragraph 349.

350. The allegations in paragraph 350 contain legal conclusions as to which no response is required. To the extent that a response is deemed necessary, Defendants admit that Plaintiff purports to describe a legal and/or economic theory which, if relevant to the claims in this case, may be the subject of future expert analysis and testimony. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning what "Plaintiff and the Class" would have done and, on that basis, deny the allegations. Defendants otherwise deny each and every allegation in paragraph 350.

351.    The allegations in paragraph 351 contain legal conclusions as to which no response is required.  To the extent that a response is deemed necessary, Defendants deny each and every allegation in paragraph 351.

352.    Defendants state that the Court's May 18, 2023 Opinion and Order dismissed all claims and allegations against the Individual Defendants under Section 10(b) of the Exchange Act and SEC Rule 10b-5 thereunder, and thus no response is required with respect to the allegations of paragraph 352 of the Complaint concerning the Individual Defendants. Defendants also state that, as to Mylan (as well as the Individual Defendants) the Court's May 18, 2023 Opinion and Order dismissed all claims and allegations regarding all challenged statements other than a portion of the statement referenced in paragraph 299 of the Complaint, and thus no response is required with respect to the allegations of paragraph 352 of the Complaint that are not related to the one remaining challenged statement.  Moreover, the allegations in paragraph 352 contain legal conclusions as to which no response is required.  To the extent that a response is deemed necessary, Defendants deny each and every allegation in paragraph 352.

353.    Defendants repeat each and every response contained above as if fully set forth in this Answer.

354.    The allegations in paragraph 354 contain legal conclusions as to which no response is required.  To the extent that a response is deemed necessary, Defendants deny each and every allegation in paragraph 354.

**ANSWER TO PRAYER FOR RELIEF**

Plaintiff's prayer for relief contains statements as to which no responsive pleading is required.  Defendants deny that Plaintiff is entitled to relief, and respectfully request that the Court

dismiss all claims with prejudice and order such further relief for the Defendants as the Court deems just and proper. Defendants further deny that this action is appropriate for class action treatment.

## ANSWER TO JURY DEMAND

Defendants deny the allegation of Plaintiff's demand for a jury trial, but admit that Plaintiff purports to demand a jury trial. Defendants further reserve the right to challenge this demand.

## AFFIRMATIVE AND OTHER DEFENSES

As separate and distinct affirmative defenses, Defendants allege as follows:

Except where expressly noted, each defense is asserted by each Defendant against each of Plaintiff's claims. By alleging the matters set forth below, Defendants do not thereby allege or admit that they have the burden of proof or the burden of persuasion with respect to any of these matters. Defendants expressly reserve the right to supplement, amend, or delete any or all of the following defenses, as warranted by discovery or other investigation, or as justice might require. Defendants reserve all separate or affirmative defenses or rights that they may have against the putative class and its members. It is not necessary at this time for Defendants to delineate such defenses because no class has been certified and the putative class members are not parties to the litigation.

## FIRST DEFENSE

This action is barred, in whole or in part, because the Complaint, and each and every claim stated therein, fails to allege facts sufficient to state a claim against Defendants upon which relief may be granted.

166

### SECOND DEFENSE

The Complaint fails to plead fraud with particularity as required by Federal Rule of Civil Procedure 9(b) and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(b)(1), and otherwise fails properly to identify the alleged false or misleading statements of which Plaintiff complains.

### THIRD DEFENSE

Defendants are not liable because Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations and/or repose, and/or the doctrines of estoppel, laches, and waiver.

### FOURTH DEFENSE

Defendants are not liable to Plaintiff because they had no duty to disclose any facts allegedly not disclosed.

### FIFTH DEFENSE

This action is barred, in whole or in part, because Defendants did not make any false or misleading statements or omissions of material fact, and Defendants are not otherwise responsible for any alleged false or misleading statements or omissions of material fact made by any non-party to this action.

### SIXTH DEFENSE

This action is barred, in whole or in part, because the information that Plaintiff alleges to have been omitted or misrepresented was in fact publicly disclosed, available, and/or widely known to the market and to the investing community.

**SEVENTH DEFENSE**

This action is barred, in whole or in part, because Defendants are immune from liability for certain statements complained of in the Complaint under the bespeaks caution doctrine and/or the safe harbor set forth in the Private Securities Litigation Reform Act.

**EIGHTH DEFENSE**

This action is barred, in whole or in part, because Defendants are immune from liability for certain statements complained of in the Complaint that are non-actionable statements of opinion and/or puffery.

**NINTH DEFENSE**

This action is barred, in whole or in part, because the Court's Opinion and Order, entered on the docket on May 18, 2023 (Dkt. Nos. 88, 89), dismissed all allegations regarding any challenged statement other than a portion of paragraph 299 of the Complaint.

**TENTH DEFENSE**

This action is barred, in whole or in part, because the Court's Opinion and Order, entered on the docket on May 18, 2023 (Dkt. Nos. 88, 89), found all claims under Section 10(b) of the Exchange Act and SEC Rule 10b-5 thereunder against the Individual Defendants to be insufficiently pled.

**ELEVENTH DEFENSE**

This action is barred, in whole or in part, because Defendants relied in good faith on the advice and professional judgment of experts and professional advisors as to matters which they reasonably believed to be within such persons' professional or expert competence.

## TWELFTH DEFENSE

This action is barred, in whole or in part, because Plaintiff would have purchased Mylan securities during the alleged Class Period even with full knowledge of the facts that it now alleges were misrepresented or omitted.

## THIRTEENTH DEFENSE

This action is barred, in whole or in part, because the allegedly false or misleading statements or omissions of fact at issue in this action were not material to the investment decisions of a reasonable investor.

## FOURTEENTH DEFENSE

Defendants cannot be liable for any false or misleading statements or omissions of material fact directed at persons other than Mylan investors because that conduct did not occur in the securities markets.

## FIFTEENTH DEFENSE

This action is barred, in whole or in part, because Defendants did not act with the requisite mental state or scienter.

## SIXTEENTH DEFENSE

This action is barred, in whole or in part, because Plaintiff has not suffered any injury or damage.

## SEVENTEENTH DEFENSE

Defendants are not liable because Plaintiff's claims are barred, in whole or in part, because the alleged misstatements or omissions of material fact did not affect the market price of Mylan securities.

**EIGHTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because of the lack of loss causation. Any damages or injuries allegedly suffered by Plaintiff were not caused by any alleged actions or inactions of Defendants or the alleged misstatements or omissions of material fact. Any decline in the market price and/or value of Mylan securities resulted from factors other than the alleged misstatements or omissions of material fact.

**NINETEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because any alleged wrongdoing did not occur in connection with the purchase or sale of Mylan securities.

**TWENTIETH DEFENSE**

If any false or misleading statement was made, or if any material fact required to be stated or necessary to make any statement not misleading was omitted, which Defendants deny, then Plaintiff's claims based on alleged violations of the Exchange Act are barred, in whole or in part, because Plaintiff was aware of the misstatement or omission and/or did not reasonably or actually rely upon any misstatement or omission in purchasing Mylan securities and, thus, no presumption of reliance is available in this action.

**TWENTY-FIRST DEFENSE**

Plaintiff cannot recover against Defendants, in whole or in part, because the "fraud on the market" theory of reliance is unavailable, and it will be otherwise unable to establish that it relied upon the alleged misstatements and omissions of material fact.

**TWENTY-SECOND DEFENSE**

This action is not maintainable as a class action because the requirements of Rule 23 of the Federal Rules of Civil Procedure are not met.

## TWENTY-THIRD DEFENSE

This action is barred, in whole or in part, by Plaintiff's own actions, omissions, and/or negligence.

## TWENTY-FOURTH DEFENSE

Defendants are not liable because Plaintiff's claims are barred, in whole or in part, because Plaintiff purchased Mylan securities with actual or constructive knowledge of the risks involved in an investment in Mylan securities and, thus, voluntarily assumed the risk of the losses alleged in the Complaint.

## TWENTY-FIFTH DEFENSE

This action is barred, in whole or in part, because of the contribution, and/or the comparative fault, of Plaintiff and/or other entities or persons.

## TWENTY-SIXTH DEFENSE

This action is barred, in whole or in part, because the alleged damages and/or other injuries were caused solely by the acts or omissions of Plaintiff and/or others over which Defendants had no control.

## TWENTY-SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because each and/or every Individual Defendant alleged to be a control person under Section 20(a) of the Exchange Act acted in good faith and did not directly or indirectly control and/or induce the act or acts constituting the alleged violations and causes of action.

## TWENTY- EIGHTH DEFENSE

This action is barred, in whole or in part, to the extent Plaintiff seeks damages that exceed those permitted under the federal securities laws and/or other applicable law.

171

## TWENTY- NINTH DEFENSE

Plaintiff cannot recover against Defendants, in whole or in part, because Defendants are entitled to offsets for any settlements Plaintiff enters into, or any amounts Plaintiff receives from any source, in connection with Plaintiff's alleged losses.

## THIRTIETH DEFENSE

Plaintiff failed to comply with its duty to take reasonable action to minimize, mitigate, and/or avoid any damages, if any, allegedly sustained as a result of the facts alleged in the Complaint, and is therefore barred from recovering any damages which might reasonably have been avoided.

## THIRTY-FIRST DEFENSE

In the event that a final judgment is rendered against any Defendant, any damage, loss, or liability sustained by Plaintiff must be reduced, diminished, and/or barred to the extent Plaintiff seeks an overlapping or duplicative recovery pursuant to the various claims against Defendants or others.

## THIRTY-SECOND DEFENSE

Plaintiff is not entitled to recover attorneys' fees, experts' fees, or other costs, expenses, or disbursements and, to the extent Plaintiff seeks injunctive relief, any such claim is barred because Plaintiff has an adequate remedy at law.

## THIRTY-THIRD DEFENSE

Defendants are not liable for the conduct of any of Mylan's current or former employees and/or agents to the extent that any or all of those current or former employees acted outside the scope of their authority.

* * *

172

Defendants reserve the right to raise any counterclaims and third-party claims, not asserted herein of which they may become aware through discovery or other investigation, as may be appropriate at a later time.

**WHEREFORE,** Defendants respectfully request that the Complaint be dismissed with prejudice and that the Court award Defendants any other relief deemed just and proper.

Dated: July 14, 2023

Respectfully submitted,

s/ *Nina F. Locker*
Nina F. Locker (*pro hac vice*)
Evan L. Seite (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI, P.C.
650 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 493-9300
Facsimile: (866) 974-7329
nlocker@wsgr.com
eseite@wsgr.com

Michael S. Sommer (*pro hac vice*)
Sheryl Shapiro Bassin (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI, P.C.
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (866) 974-7329
msommer@wsgr.com
sbassin@wsgr.com

William Pietragallo, II (PA I.D. # 16413)
Eric G. Soller (PA I.D. # 65560)
PIETRAGALLO GORDON ALFANO
BOSICK & RASPANTI, LLP
One Oxford Centre, 38th Floor
Pittsburgh, Pennsylvania 15219
Telephone: (412) 263-1818
Facsimile: (412) 263-4200
wp@pietragallo.com
egs@pietragallo.com

*Counsel for Defendants Mylan N.V., Heather Bresch, Rajiv Malik, and Kenneth Parks*

173

## CERTIFICATE OF SERVICE

I, Nina F. Locker, attorney for Defendants, hereby certify that on this 14th day of July, 2023, I served a true and correct copy of Defendants' Answer to Consolidated Class Action Complaint on all parties and/or their counsel via the Court's ECF electronic filing system.

Dated: July 14, 2023

Respectfully submitted,

s/ *Nina F. Locker*
Nina F. Locker (*pro hac vice*)
Evan L. Seite (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI, P.C.
650 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 493-9300
Facsimile: (866) 974-7329
nlocker@wsgr.com
eseite@wsgr.com

Michael S. Sommer (*pro hac vice*)
Sheryl Shapiro Bassin (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI, P.C.
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (866) 974-7329
msommer@wsgr.com
sbassin@wsgr.com

William Pietragallo, II (PA I.D. # 16413)
Eric G. Soller (PA I.D. # 65560)
PIETRAGALLO GORDON ALFANO
BOSICK & RASPANTI, LLP
One Oxford Centre, 38th Floor
Pittsburgh, Pennsylvania 15219
Telephone: (412) 263-1818
Facsimile: (412) 263-4200
wp@pietragallo.com
egs@pietragallo.com

*Counsel for Defendants Mylan N.V., Heather Bresch, Rajiv Malik, and Kenneth Parks*

174