**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE MYLAN N.V.<br>SECURITIES LITIGATION | Master File No. 2:20-cv-00955-NR |

**STIPULATED PROTECTIVE ORDER**

This Stipulated Protective Order ("Order") is meant to govern the use of, and protect from public disclosure, any non-public and confidential, proprietary, and/or private information used or disclosed in this litigation.

**1.     PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, Lead Plaintiff Mississippi Public Employees' Retirement System ("Lead Plaintiff") and Defendants Mylan N.V. ("Mylan"), Heather Bresch, Rajiv Malik, and Kenneth Parks (collectively, "Defendants," and together with Lead Plaintiff, the "Parties"), hereby stipulate to and petition the court to enter the following Order.  The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The Parties further acknowledge, as set forth in Section 9, below, that this Order does not entitle them to file confidential information under seal.

## 2.    **DEFINITIONS**

2.1      Action:  this litigation, *In re Mylan N.V. Securities Litigation*, No. 2:20-cv-00955-NR (W.D. Pa.).

2.2      Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.3      "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained), testimony, or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.4      Counsel (without qualifier):  Outside Counsel and In-House Counsel.

2.5      Designating Party:  a Party or Non-Party that designates information or items that it or another Party or Non-Party produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2.6      Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7      Expert and/or Consultant:  a person with specialized knowledge or experience in a matter pertinent to the Action, along with his or her employees and support personnel, who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in the Action, and who is not a current employee of a Party.

2.8      "HIGHLY CONFIDENTIAL" Information or Items:  information (regardless of how it was generated), testimony, or tangible things that contains competitive or highly sensitive information, the disclosure of which is likely to cause significant harm to the Designating Party,

and which the Designating Party reasonably and in good faith believes is (a) "CONFIDENTIAL" as set forth under Paragraph 2.3 above; and either (b) contains information concerning (i) product plans or development, or (ii) pricing (including, but not limited to credits, discounts, returns, allowances, rebates and charge backs), or (iii) material or information in possession of a Party or person concerning which said Party or person has an independent obligation of confidentiality to a Party, Non-Party, or person; or (c) was previously produced in a related matter only with an OUTSIDE COUNSEL EYES ONLY designation.  The Parties intend that the HIGHLY CONFIDENTIAL designation will be used only under these limited circumstances.

2.9    In-House Counsel: attorneys and other personnel employed by or on behalf of a Party to perform legal functions, as well as their regular and temporary support staffs, including but not limited to attorneys, paralegals, secretaries, law clerks and investigators.  The term "In-House Counsel" includes attorneys and other personnel who are employed by the Office of the Attorney General of the State of Mississippi.

2.10    Non-Party: any entity that is not a named party to the Action.

2.11    Outside Counsel: attorneys, as well as their regular and temporary support staffs, including but not limited to attorneys, paralegals, secretaries, law clerks and investigators, who are not employees of a Party but who are retained to represent or advise a Party in the Action.

2.12    Party: any party in this litigation, including all of its officers, directors, principals, employees, Consultants, Experts and Outside Counsel, as defined below.

2.13    Producing Party: a Party or Non-Party that produces Discovery Material.

2.14    Professional Vendors: persons or entities that provide litigation support services (e.g., copying, organizing, filing, coding, converting, storing, retrieving data in any form or media or designing programs for handling data connected with the Action, including the

3

performance of such duties in relation to a computerized litigation support system, etc.) who have been retained by a Party or its Counsel to provide litigation support services in the Action, and who are not current employees of a Party, and their employees and subcontractors.

2.15    Protected Material: any Discovery Material that is designated as CONFIDENTIAL or as "HIGHLY CONFIDENTIAL."

2.16    Receiving Party: a Party that receives Discovery Material from a Producing Party.

3.    **SCOPE**

3.1    This Order shall apply to all Discovery Material.  Nothing herein shall impose any restriction on the use or disclosure by a Party of its own documents or information.

3.2    The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

4

**4.     DESIGNATING PROTECTED MATERIAL**

4.1     Designating Documentary Discovery Material.  Any Party or any Non-Party may designate Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under the procedures and standards set forth in this Order, and such Discovery Material shall be treated in accordance with the provisions of this Order.  To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must notify all other parties that it is withdrawing the mistaken designation.

4.2     Manner and Timing of Designations.  Except as otherwise provided in this Order, or as otherwise stipulated or ordered, disclosure of Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.  Designation in conformity with this Order requires:

a.     For information in documentary or digital image format form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to each page that contains protected material.  To the extent it is practicable to do so, if only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

b.     For Discovery Material made available for inspection, a Party or Non-

5

Party need not designate the inspected Discovery Material for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL," unless otherwise designated in advance.  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

   c.  <u>For testimony given in deposition or in other pretrial or trial proceedings</u>, Parties and deponents may, within 30 days after receiving a final transcript of a deposition, designate the transcript (and exhibits thereto) as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to the extent the Party or deponent believes the transcript contains Protected Material.  Information within the deposition transcript may be designated by providing to all Parties and to the court reporter a copy of the transcript with the parts designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" highlighted in yellow.  Until the expiration of the 30-day period during which such designations may be made, the entire deposition will be treated as subject to protection as "HIGHLY CONFIDENTIAL" under this Order.  If a designation is made, the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" portions and exhibits, if filed with the Court, shall be subject to the filing requirements set forth in Section 9 below.

If any depositions are videotaped or digitally recorded, those portions of the videotape or recording corresponding to portions of the deposition transcript designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be afforded the same status.

d.    For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

e.    For information requiring production in native or non-documentary electronic form (*e.g.*, a database): by its nature, certain electronic information is impracticable to designate for confidentiality on a document or item by item basis.  In such instances, the Producing Party shall therefore affix in a prominent place on the exterior of the container or containers within which the electronic information is stored or transmitted (*e.g.*, a physical flash drive, CD-ROM or hard disk drive) the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  The Receiving Party shall mark any documents it prints from such designated files "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and treat them as such, in accordance with the provisions of this Order.

4.3    Inadvertent Failures to Designate.  The inadvertent failure to designate particular Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" at the time of production shall not operate to waive a Party's or person's right to later designate such Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  Any correction and notice of the correction shall be made in writing and accompanied by substitute copies of

7

each item of Discovery Material properly marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in accordance with Paragraph 4.2 of this Order. A Receiving Party may challenge the correction and the fact of a late designation in accordance with Paragraph 7.1 of this Order, and until that challenge is resolved by the Parties or the Court, the disputed Discovery Material shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in accordance with the corrected designation. If no challenge is made, then within 30 calendar days of receipt of substitute copies of the Discovery Material, the Receiving Party shall destroy or return to counsel for the Producing Party all copies of such misdesignated Discovery Material. No Party shall be deemed to have violated this Order if, prior to notification of any later designation, such Discovery Material has been disclosed or used in a manner inconsistent with the later designation. If the Discovery Material that was inadvertently not designated is, by the time of the later designation, filed with a court on the public record, the Party or Non-Party that failed to make the designation shall move for appropriate relief.

4.4     Increasing the Designation of Discovery Material Produced by Other Parties or Non-Parties. Subject to the standards of Paragraphs 2.3 and 2.8, a Party may increase the designation (*i.e.*, change any Discovery Material produced without a designation to a designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," change any Discovery Material produced as "CONFIDENTIAL" to a designation of "HIGHLY CONFIDENTIAL") of any Discovery Material produced by any other Party or Non-Party, *provided* that said Discovery Material contains the Designating Party's own "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Information. Such designation shall be limited to the Designating Party's own "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Information.

a.      Increasing a designation shall be accomplished by providing written notice

to all Parties, and the Producing Party if the Producing Party is a Non-Party, identifying (by Bates Number or other individually identifiable information) the Discovery Material whose designation is to be increased. Promptly after providing such notice, the Designating Party shall provide relabeled copies of the Discovery Material to each Receiving Party reflecting the change in designation. The Receiving Party will replace the incorrectly designated material with the newly designated materials and will destroy the incorrectly designated materials. Any Party may object to the increased designation of Discovery Material pursuant to the procedures set forth in Paragraph 7.1 regarding challenging designations. If a challenge is made, the Designating Party shall bear the burden of establishing the basis for the increased designation, and until the challenge is resolved by the Parties or the Court, the disputed Discovery Material shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in accordance with the corrected designation.

b.      No Party shall be held in breach of this Order if, prior to notification of such later re-designation, the Protected Material was disclosed or used in a manner inconsistent with such later re-designation.

## 5.    DISCLOSURE AND USE OF DESIGNATED DISCOVERY MATERIAL

5.1     Absent an agreement of the Producing Party or an Order to the contrary by this Court or other court of competent jurisdiction, each Party and all other persons bound by the terms of this Order shall use any Discovery Material produced or otherwise provided by a Party or Non-Party other than itself solely for purposes of litigating or attempting to settle any part of the Action.  In no event shall such Discovery Material be used for any business, competitive, personal, private, public purpose or for any purpose or proceeding other than as stated in this Paragraph.  The attorneys of record for the Parties shall exercise reasonable care to ensure that

9

the information and documents governed by this Order are (a) used only for the purpose specified herein and (b) disclosed only to authorized persons.

5.2    Discovery Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.  For purposes of this Order, a secure website, or other internet-based document depository with adequate security and access limited to persons authorized under this Order, shall be deemed a secure location.

5.3    "CONFIDENTIAL" Discovery Material may be disclosed, summarized, described, revealed or otherwise made available in whole or in part only in accordance with the terms of this Order and only to the following persons:

a.    any officer, director or employee of a Party, who is required in good faith to provide material assistance in the conduct of the Action;

b.    Parties' In-House Counsel;

c.    Outside Counsel for the Parties;

d.    this Court, or any other court exercising jurisdiction with respect to the Action, any appellate court(s), court personnel and qualified persons (including necessary clerical personnel) recording, taking or transcribing testimony or argument at any deposition, hearing, trial or appeal in the Action;

e.    any person designated by the Court upon such terms as the Court may deem proper;

f.    any special master, mediator or arbitrator engaged by the Parties or authorized by the Court for purposes of mediation, arbitration or other dispute resolution regarding issues arising in the Action;

10

g. Experts and Consultants retained by the Parties to provide services in the Action. This Paragraph shall not relieve, change or otherwise affect any obligations or limitations imposed on any person by contract or law regarding the disclosure or use of trade secrets or other confidential or proprietary information;

h. Professional Vendors retained by the Parties to provide services in the Action;

i. during their depositions, witnesses in the Action to whom disclosure is reasonably necessary;

j. the author, addressees or recipients of the document, or any current employee or Federal Rule of Civil Procedure 30(b)(6) witness of the Producing or Designating Party;

k. (i) the person, or a current officer, director or employee of an entity that produced or originally created the Protected Material; (ii) any person who was an officer or employee of the Producing Party at the time the Protected Material was originally created, provided that the Party disclosing the Protected Material has a good faith belief that the matters memorialized in the Protected Material were within the scope of employment of, or otherwise were known to, such person; (iii) any person who was an author, addressee or recipient of the Protected Material sought to be disclosed to that person; or (iv) any person expressly mentioned, discussed or referred to by actual name in the Protected Material as indicated on its face, *provided* that the Party disclosing the Protected Material has a good faith belief that the matters memorialized in the Protected Material were within the scope of employment of, or otherwise were known to, such person; and

l. others as to whom the Designating Party has agreed (or in the case of

11

CONFIDENTIAL Discovery Material for which there are multiple Designating Parties, all Designating Parties have agreed) in writing or on the record.

5.4     "HIGHLY CONFIDENTIAL" Discovery Material may be disclosed only to those persons described in Paragraphs 5.3 (c), (d), (e), (f), (g), (h), (i), (j), (k) and (l).  HIGHLY CONFIDENTIAL Discovery Material or information contained therein also may be disclosed to one officer, director or employee of a Party AND one In-House Counsel, provided that (1) the designated individuals for Lead Plaintiff have no involvement in any matter in which the Office of the Attorney General of the State of Mississippi is adverse to Mylan and/or Viatris Inc. regarding alleged antitrust violations involving the pricing of generic drugs; (2) the designated individuals agree to be bound by the terms of this Protective Order by signing the attached Acknowledgement and Agreement to be Bound by Protective Order ("Agreement") attached hereto as Exhibit A; (3) the Receiving Party provides advance notice to the Producing Party of the identity of the designated individuals (including name and title); (4) the designated individuals are actively assisting in the Action; and (5) the designated individuals agree not to disclose at any time the HIGHLY CONFIDENTIAL Discovery Material or information therein to any officer, director, employee or person affiliated with a Party, unless that person is otherwise permitted to possess such HIGHLY CONFIDENTIAL Discovery Material under the terms of this Order.  HIGHLY CONFIDENTIAL Discovery Material or information contained therein also may be disclosed to a fact witness, at the witness's deposition, who appears on the face of the document, or is shown through testimony or other evidentiary proof by the Party wishing to make the disclosure, to have prepared, received, or reviewed the information.

5.5     This Order shall not restrict any attorney who is a qualified recipient under the terms of Paragraphs 5.3(b) or 5.3(c), and 5.4 from rendering advice to his or her client that is a

12

Party with respect to this Action, and in the course thereof, from generally relying upon his or her examination of Protected Material.  In rendering such advice or in otherwise communicating with the client, the attorney shall not disclose directly or indirectly the specific content of any Protected Material of another Party or Non-Party where such disclosure would not otherwise be permitted under the terms of this Order.

**6.      PROCEDURES FOR DISCLOSURE OF DESIGNATED INFORMATION**

6.1      Every person to whom Protected Material or information contained therein is to be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part, first shall be advised that the Protected Material or information is being disclosed pursuant and subject to the terms of this Order.

6.2      Before disclosure of any Protected Material is made under Paragraphs 5.3 and 5.4, the person to whom disclosure is to be made shall execute a copy of the Agreement attached hereto as Exhibit A; *provided* that: (a) persons in Paragraphs 5.3(c), (d), (e) and (h) shall not be required to execute Exhibit A.

6.3      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person not authorized under this Order, the Receiving Party must immediately (a) use its best efforts to retrieve all copies or obtain a certification of destruction of the Protected Material; (b) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; (c) request such person or persons to execute the Agreement attached as Exhibit A; and (d) inform each Designating Party of the unauthorized disclosure.

**7.      CHALLENGING DESIGNATIONS**

7.1      Any Party challenging another Party's or person's designation of Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" (the "Challenging Party") may make, in the manner prescribed by the Federal Rules of Civil Procedure and the Local

13

Rules, a motion or other appropriate application to the Court to strike the designation at any time.

7.2    The Challenging Party shall provide written notice to the Designating Party, identifying the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Discovery Material whose designation it challenges and setting forth the basis for the challenge.  Within 14 business days of its receipt of written notice of the challenge to its designation, the Designating Party shall meet and confer with the Challenging Party and these parties shall make a good faith effort to resolve any dispute concerning the designation by agreement or stipulation.  Failing such agreement or stipulation, the Challenging Party shall contact the Court under Paragraph II(f) of the Court's Practices and Procedures.  Should the Court require written submissions or briefing on the issue, the motion or application regarding the challenged material shall be filed under seal and shall identify with specificity the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Discovery Material that is the subject of the motion.  If such a challenge is made, all Discovery Material so designated shall maintain its as-designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" status pending a determination by the Court as to its appropriate status.

7.3    Nothing in this Section 7 shall limit the right of any Party to petition the Court for an in-camera review of any Discovery Material.

## 8.    EXAMINATION OF WITNESSES

The use of Protected Material at any deposition is subject to the limitations on disclosure provided in Paragraphs 5.3 and 5.4.

8.1    During a deposition, if a witness is examined concerning Protected Material, the Designating Party shall have the right to exclude from the portion of the examination concerning such information any person not authorized in accordance with Paragraphs 5.3 and 5.4 above to have access to such material.

**9.      FILING CONFIDENTIAL DISCOVERY MATERIAL**

If either Party desires to file anything with the Court that previously has been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," that Party must move to file under seal, unless the Designating Party provides written consent in advance that filing the Protected Material under seal is unnecessary.  Any such motion to file under seal shall be made in accordance with the rules of this Court.  If the motion is granted, and to the extent not inconsistent with the rules of this Court, such documents and materials shall be appropriately labeled and shall also bear the legend "FILED UNDER SEAL" on the cover page of the document.  Only those portions of such documents and materials containing or reflecting Protected Material shall be considered "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" for the purposes of this Order.  Regardless of any provision in this Order to the contrary, a Party is not required to file a document under seal if the Protected Material contained or reflected in the document was so designated solely by that Party.

**10.     OTHER PROCEEDINGS**

If, at any time, any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Discovery Material in the possession, custody or control of any Party or person other than the Designating Party is subpoenaed or requested by any court, administrative agency, legislative body or other person or entity, before producing any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Discovery Materials, the Party or person to whom the subpoena or request is directed shall provide prompt written notice to the original Designating Party.  Should the Designating Party oppose the request for production of such documents or materials, the Party or person to whom the subpoena or request is directed shall not take any position concerning the propriety of such request or subpoena or the discoverability of the information sought that is adverse to the

Designating Party unless otherwise ordered by a court of competent jurisdiction. Other than the obligation to comply with these requirements, this Order is not intended to affect a Party's obligation to respond to such a subpoena or request.

## 11.    CONCLUSION OF LITIGATION

11.1    The provisions of this Order shall continue to be binding after final termination of the Action. Within 90 days after final conclusion of all aspects of the Action, including any appeals, any Party and all persons who received (or tendered to any other person) Discovery Material designated for "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" treatment (or any copy thereof) must, at the election of the Receiving Party, either: (a) return such Protected Material to the Producing Party; or (b) certify in writing to counsel for the Producing Party that the Receiving Party or such person(s) to whom Protected Material had been tendered has destroyed those documents and materials and the portions of all other material containing or reflecting Protected Material.

11.2    The costs of return of Discovery Material to the Producing Party shall be borne by the Receiving Party. The costs of destruction of the documents and materials shall be borne by the Receiving Party. The costs associated with providing the aforementioned certification shall be borne by the certifying person(s).

11.3    Counsel for the Parties shall be permitted to retain copies of court filings, papers served in connection with the Action, transcripts (including deposition transcripts), exhibits, correspondence and work product containing or reflecting "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Discovery Material. The Receiving Party's reasonable efforts shall not require the return or destruction of materials that (i) are stored on backup storage media made in accordance with regular data backup procedures for disaster recovery purposes; (ii) are subject to

litigation hold obligations; or (iii) are otherwise required by law to be retained.  Backup storage media need not be restored for purpose of returning or certifying destruction of materials, but any such materials retained in backup storage media shall continue to be treated in accordance with this Order.

**12.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

If Discovery Material or other information subject to a claim of attorney-client privilege, work-product protection, or any other applicable claim of privilege is inadvertently produced or otherwise disclosed to any Party or Non-Party, such production or disclosure shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or immunity for such Discovery Material or other information.  Discovery Material or other information subject to a claim of privilege must be returned or sequestered as soon as it is discovered.  After it is discovered, the Receiving Party shall notify the Producing Party of the Discovery Material and, within 14 days of being notified, the Producing Party shall either provide the information required under Rule 26(b)(5)(A) to establish the privilege or confirm that the privilege does not apply.  The obligations of the Receiving Party are otherwise those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

Upon request by the Producing Party pursuant to this Section, the Receiving Party shall immediately return or sequester all copies of such document(s) or thing(s). Within 14 days of any such request, the Producing Party shall provide the Receiving Party with the information required under Rule 26(b)(5)(A) to establish the privilege.  The Receiving Party may then move the court for an order compelling production of such information, but the motion shall not assert as a ground for production the fact or circumstances of the inadvertent production.  The obligations of the Receiving Party are those set forth in Federal Rule of Civil Procedure

17

26(b)(5)(B).

## 13.    MISCELLANEOUS

13.1    Non-waiver:  Entering into, agreeing to and/or producing or receiving Protected Material or otherwise complying with the terms of this Stipulated Protective Order shall not:

a.    Operate as an admission by any Party that any Protected Material contains or reflects trade secrets or any other type of confidential or proprietary information entitled to protection under applicable law;

b.    Prejudice in any way the rights of any Party to object to the production of documents it considers not subject to discovery, or operate as an admission by any Party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any Party to be Protected Material;

c.    Prejudice in any way the rights of any Party to object to the use, authenticity or admissibility into evidence of any document, testimony or the evidence subject to this Stipulated Protective Order;

d.    Prejudice in any way the rights of any Party to seek a determination by the Court whether any Discovery Material or Protected Material should be subject to the terms of this Stipulated Protective Order;

e.    Prejudice in any way the rights of any Party to petition the Court for a further protective order relating to any purportedly Protected Material; or

f.    Prevent any Party from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material.

13.2    Additional Parties:  The terms of this Order shall be binding upon all current and future Parties to the Action, and to any other cases that may be established by the Court as part of

18

the Action in the future, and their counsel.  Following entry of this Order: within 10 days of the entry of an appearance by a new defendant or third-party defendant in the Action, counsel for Defendants shall serve a copy of this Order on counsel for any new defendant or third-party defendant.

13.3    Protection for Discovery Material Produced by Non-Parties:  Any Non-Party producing Discovery Material or giving deposition testimony in the Action shall adhere to this Order, unless they object, in writing to counsel for a Party and/or to the Court, to its terms within 10 days of service upon them of this Order.  All counsel in the Action shall have the obligation to inform any Non-Party who produces Discovery Material or gives deposition testimony in the Action of the existence of this Order and, if requested, to provide a copy of this Order to such person.

13.4    Modification:  Stipulations may be made, between counsel for the respective Parties, as to the application of this Order to specific situations, provided that such stipulations are recorded in writing or contained in the record of any oral proceeding.  Nothing contained herein shall preclude any Party from seeking an Order of the Court modifying or supplementing this Order.

13.5    Duration:  Even after the termination of the Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court Order otherwise directs.

13.6    Jurisdiction:  Any disputes relating to or arising under the terms of this agreement shall be brought in the United States District Court for the Western District of Pennsylvania.

19

Pursuant to Stipulation, **IT IS SO ORDERED.**


Dated:  September 17, 2025                    s/ J. Nicholas Ranjan
                                             The Honorable Nicholas Ranjan
                                             United States District Judge

20

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| IN RE MYLAN N.V.<br>SECURITIES LITIGATION | Master File No. 2:20-cv-00955-NR |

**ACKNOWLEDGEMENT AND AGREEMENT**
**TO BE BOUND BY PROTECTIVE ORDER**

I, _____ [*print or type full name*], _____

_____ [*print or type position of*

*employment, firm name and full address*], declare under penalty of perjury under the laws of the

United States of America that I have read in its entirety and understand the Protective Order

issued by the United States District Court for the Western District of Pennsylvania on

_____, 2025 (ECF ___) in the action *In re Mylan N.V. Securities Litigation*, Master

File No. 2:20-cv-00955-NR.

I agree to comply with and to be bound by all the terms of the Order.  I understand that

Discovery Material designated as "CONFIDENTIAL," and/or "HIGHLY CONFIDENTIAL"

under the Order is being provided to me pursuant to the terms of the Order.  I understand and

acknowledge that failure to so comply could expose me to sanctions and punishment in the

nature of contempt.  I promise that I will not disclose in any manner any information or item that

is subject to the Order to any person or entity except in strict compliance with the provisions of

the Order.

2

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Pennsylvania for the purpose of enforcing the terms of the Order, even if such enforcement proceedings occur after termination of this Action.

Printed Name: _____

Dated: _____

City and State (or Country) where sworn and signed: _____

Signature: _____

2